UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: PRADAXA (DABIGATRAN ETEXILATE) PRODUCTS LIABILITY LITIGATION  ) ) ) ) ) ) | 3:12-md-02385-DRH-SCW<br><br>MDL No. 2385 |

**This Document Relates to:**

**ALL CASES**

CASE MANAGEMENT ORDER NUMBER 1
Initial Conference Order and Procedural Matters

**HERNDON, Chief Judge:**

It appearing that the cases assigned to MDL No. 2385, *In Re: Pradaxa (Dabigatran Etexilate) Products Liability Litigation*, merit special attention as complex litigation, the Court **ORDERS AS FOLLOWS**:

1. **Applicability of Order**. The provisions of this Order (and of future orders applicable to "All Cases") shall govern the practice and procedure in those actions that were transferred to this Court by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to its order of August 8, 2012 (*In Re: Pradaxa (Dabigatran Etexilate Products Liability Litigation* 3:12-md-2385-DRH-SCW Doc. 1). This Order also applies to all related cases filed in the Southern District of Illinois and will also apply to any "tag-along actions" later filed in, removed to, or transferred to this Court.

2. **Consolidation**. The civil actions assigned to MDL No. 2385 are consolidated for pretrial purposes. Any "tag-along actions" later filed in, removed to or transferred to this Court, or any related actions directly filed in the Southern District of Illinois, prior to the establishment of MDL 2385 or after, will automatically be consolidated with this action without the necessity of future motions or orders. This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

3. **Master Docket.** The Clerk of this Court will maintain a master docket case file under the style "*In Re: Pradaxa (Dabigatran Etexilate) Products Liability Litigation*" and the identification "MDL No. 2385." As is discussed in more detail below, the Master Docket will only include documents relating to "All Cases."

4. **Filing Procedures.** Any pleading or document which is to be filed in any of these actions shall be filed with the Clerk of this Court and not in the transferor court. Plaintiffs shall file no more than one plaintiff per complaint. All documents filed in this Court, subsequent to those initiating a new case, must be filed electronically pursuant to this Court's E-Filing Rules and the CM/ECF User's Manual. Attorneys may register for electronic filing at http://www.ilsd.uscourts.gov/ecf/ecfAttyRegistration.aspx.

  **a.** **Master Docket Filings.** When a pleading is intended to be applicable to all actions, this shall be indicated by the words: "This Document Relates to All Cases."  Documents relating to All Cases shall be filed in the Master Case file only.  For example, this Order relates to All Cases and will be filed in the Master Case File only.

  **b.** **Case-Specific Documents.** When a pleading is intended to apply to less than all cases, this Court's docket number for each individual case to which the pleading relates shall appear immediately after the words "This Document Relates to."  Case-specific documents shall be filed in the relevant member action only and not in the Master Case file.  For example, a motion to remand a member action to state court should be filed in the relevant member action only and not in the Master Case file.

  **5.** **Notice of Electronic Filing.** With regard to case-specific filings, all attorneys of record in the relevant member action will receive a Notice of Electronic Filing ("NEF") from the Court.  With Regard to documents filed in the Master Docket, only those attorneys identified in the Master Docket as being Counsel of Record will receive an NEF from the Court.  When the Court appoints lead and liaison counsel, such counsel will be the only Counsel of Record in the Master Docket.  Once lead and liaison counsel have been appointed, such counsel will be responsible for service upon all other attorneys and parties.

6. **Interim Counsel of Record, Master Docket**. Presently, those persons who are electronically registered in this District and who are identified as Involved Counsel in connection with the JPML's August 8, 2012 Transfer Order shall serve as Interim Counsel of Record for the Master Docket. Until such time as the Court appoints lead and liaison counsel, these persons shall be identified as Counsel of Record in the Master Docket and will receive NEFs for documents filed in the Master Docket (including this Order). These persons are asked to forward a copy of this Order and of additional orders issued prior to the appointment of lead and liaison counsel to other involved attorneys.

7. **Admission of Counsel.** Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this Court. Moreover, attorneys admitted to practice and in good standing in any United States District Court are automatically admitted *pro hac vice* in this litigation and need not file a motion to be admitted *pro hac vice*. Association of local co-counsel is not required.

8. **Local Rules and Procedures.** Counsel are expected to familiarize themselves with this Court's local rules and procedures including the following:

   **(a) the Electronic Case Filing Rules**

   - http://www.ilsd.uscourts.gov/documents/ECFRules.pdf

   **(b) the CM/ECF User's Manual**

- http://www.ilsd.uscourts.gov/ECF/ecfManual.aspx

**(c) the procedure for submission of proposed documents**[1]

- http://www.ilsd.uscourts.gov/Ecf.aspx

**(d) Chief Judge Herndon's Case Management Procedures**

- http://www.ilsd.uscourts.gov/documents/Herndon.pdf

Counsel should also note that the Court has established a webpage dedicated specifically to this litigation.  *See*  http://www.ilsd.uscourts.gov/mdl/mdl2385.aspx

The Court will post Case Management Orders Applicable to "All Cases" on this website as well as select orders from individual member actions and other relevant information.

**9.    Initial Conference**.    All necessary counsel shall appear for a conference with the undersigned on October 3, 2012, at 1:30 P.M., in Courtroom 7, in the United States Courthouse for the Southern District of Illinois ("October 3, 2012 Status Conference").

**(a)    Attendance**.   To minimize costs and facilitate a manageable conference, parties are not required to attend the conference, and parties with similar interests are expected to agree to the extent practicable on a

---

[1]  The Court's local rules require that documents *submitted* to the Court be in a format compatible with WordPerfect.  In this MDL, however, the Court will allow the parties to submit documents in a format that is compatible with Word.

single attorney to act on their joint behalf at the conference. A party will not, by designating an attorney to represent its interests at the conference, be precluded from other representation during the litigation; and attendance at the conference will not waive objections to jurisdiction, venue, or service.

(b) **Other Participants**. Persons who are not named as parties in this litigation, but may later be joined as parties or are parties in related litigation pending in other federal and state courts, are invited to attend in person or by counsel.

10. **Preparations for Conference.**

(a) **Procedures for Complex Litigation**. Counsel are expected to familiarize themselves with the *Manual for Complex Litigation, Fourth* ("MCL 4th") and be prepared at the conference to suggest procedures that will facilitate the just, speedy, and inexpensive resolution of this litigation.

(b) **Rule 7.1 Disclosures**. To assist the Court in identifying any problems of recusal or disqualification, counsel shall *file* disclosures that comply with Federal Rule of Civil Procedure 7.1 in the Master Docket by September 14, 2012.

(c) **List of Related Cases**. Counsel shall *file* a statement listing all known related cases pending in state or federal court in the Master Docket on or before the October 3, 2012 Status Conference.

**(d) Meeting of Counsel.** Counsel for the parties shall meet to discuss the following:

**(i)** issues relating to timetables for dispositive motions;

**(ii)** issues relating to preservation of discoverable information;

**(iii)** issues relating to privileges that could arise, including ex parte contact between defendants and medical providers for plaintiffs, defendants' claims of trade secrets, and any others that are likely to arise;

**(iv)** issues relating to limits on discovery, such as limits on interrogatory numbers, limits on duration and number of depositions;

**(v)** time frame for discovery - completion of document production, interrogatory exchange, depositions;

**(vi)** time frame for expert witness designation and deposing;

**(vii)** other Fed. R. Civ. P. 16 and 26(f) topics not addressed above.

**(e) Court Expectations.** The Court anticipates a unified case management plan to result from the meeting of counsel, agreed upon by all counsel. The resulting unified case management plan must be *submitted* to

the Court prior to the October 3, 2012 Status Conference via the Court's proposed documents email address (DRHpd@ilsd.uscourts.gov). To the extent that there is any disagreement, the details of the disagreement outlining each position of those who disagree must be set out in the joint case management plan for the Court to examine in order to make an informed decision about how best to proceed.

The primary objective for the initial conference will center on the philosophy of the Court that this litigation must move expeditiously. Therefore, applicants for the leadership positions and clients on both sides of this litigation must be prepared, throughout the pendency of this litigation, for the Court to exercise its discretion to require that this litigation move rapidly. Anyone who cannot commit the time to accomplish this goal should not attempt to gain a leadership role. Of course, any action by the Court is subject to a showing by either side as to why the Court should not proceed as suggested.

The Court's initial finding that this litigation shall move expeditiously is grounded from the Court's reading of the record as it now stands. It is clear that whether the number of plaintiffs remain static or increase, the allegations that have been made are quite serious. The plaintiffs and potential plaintiffs will benefit from an expeditious resolution to the factual allegations made in this case, whether the plaintiffs' allegations are proven or disproven. The defendant clearly intends to vigorously defend against

the allegations made and, likewise, will benefit from an expeditious resolution of this litigation.  Lastly, the medical community, and in particular doctors making daily prescription decisions, as well as the public as a whole, will benefit from an expeditious resolution of this litigation.  As a consequence, should this litigation survive all dispositive motions, the goal of this Court is to try the first case in approximately eighteen to twenty-four months from the time the scheduling order is set.  Counsel on both sides of this case are expected to vigorously represent their respective clients and client groups they lead.  However, that goal and ethical obligation can clearly be achieved while at the same time stipulating to, conceding and agreeing to procedures, disclosures, and producing, within this litigation that which will expedite this litigation because counsel know that eventually there are certain such requirements that will be imposed by the Court anyway and the delay in opposing is simply not worth it, such issues are not appeal worthy and the cost benefit analysis for one's client(s) do not pay off in perspective.  The practice of law, particularly in the mass tort arena, necessitates knowing which fight is the right one.

Once again, assuming survival of all dispositive motions, the Court will consider scheduling bellwether trials if there are reasonable assurances that such trials will present a reasonable representation of a means to determine the value of a run of the mill case.  As a consequence, the Court will entertain proposals for restrictions on the bellwether trials to assure

that representation.  Furthermore, after the expert reports are exchanged and depositions of experts are taken, if any, as well as any good faith Rule 702 motions are ruled upon, the parties shall meet with a Special Master for purposes of mediation and said master shall convene focus groups in order to attempt to arrive at settlement values.  Both parties shall engage in good faith mediation with the Special Master who shall be given full authority to use every means at his disposal to engage the parties in an effort to settle the litigation before the first bellwether trial begins.  The parties shall share the fees and expenses of the Special Master at a fee to be determined later.

**11.  Interim Measures.  Until otherwise ordered by the Court:**

  **(a)**   **Pleadings**.  Each defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set at the conference.

  **(b)**   **Case Management Orders and Pending/New Discovery**.  The orders currently in effect in certain cases originally filed in the Southern District of Illinois shall remain in full force and effect and are now applicable to "All Cases" until such time as they are amended or superseded by case management orders of MDL 2385.  By "orders currently in effect in cases originally filed in the Southern District of Illinois," the Court is referring to the following:

**(i)** Any and all orders issued by the Court at the July 13, 2012 Status Conference.[2] Any and all orders issued by the Court at this Status Conference are now applicable to "All Cases."

**(ii)** The Confidentiality Order adopted by the Court on July 20, 2012 in member actions 3:12-cv-50001 through 3:12-cv-50008 (identical orders were entered in each of these cases). This Order is being docketed in the Master Docket simultaneously herewith, is now applicable to "All Cases," and shall be known as "Case Management Order Number 2, Confidentiality Order."

**(iii)** The Order Governing Format of Production adopted by the Court on July 24, 2012 and docketed in member actions 3:12-cv-50001 through 3:12-cv-50008 (identical orders were entered in each of these cases). This Order is being docketed in the Master Docket simultaneously herewith, is now applicable to "All Cases," and shall be known as "Case Management Order Number 3, Order Governing Format of Production."

The Court's order granting voluntary dismissal of certain defendants, dated July 20, 2012 and docketed in member actions 3:12-cv-50001

---

[2] A transcript of the July 13, 2012 Status Conference will not be made remotely electronically available to the public for 90 days from August 1, 2012. Parties interested in purchasing a copy of the July 13, 2012 Status Conference prior to that time may contact the Court Reporter, Laura Blatz, at the following email address: (Laura_Blatz@ilsd.uscourts.gov).

through 3:12-cv-50008, is <u>not</u> yet applicable to "All Cases." After leadership and liaison counsel have been appointed, the Court will consider adopting an agreed order dismissing certain defendants that will be applicable to "All Cases."

As for all other cases, pending the conference, all outstanding disclosure and discovery proceedings are stayed and no new discovery shall be initiated which is inconsistent with the orders previously entered by this Court. This Order does not (1) preclude voluntary informal discovery regarding the identification and location of relevant documents and witnesses; (2) preclude parties from stipulating to the conduct of a deposition that has already been scheduled; (3) prevent a party from voluntarily making disclosures, responding to an outstanding discovery request under Federal Rule of Civil Procedure 33, 34, or 36; or (4) authorize a party to suspend its efforts in gathering information needed to respond to a request under Rule 33, 34, or 36. Relief from this stay may be granted for good cause shown, such as the ill health of a proposed deponent.

**(c)** **Motions**. No motion shall be filed under Rule 11 or 56 without leave of Court and unless it includes a certificate that the movant has conferred with opposing counsel in a good-faith effort to resolve the matter without Court action.

> **(d)   Orders of Transferor Courts**.  All orders by transferor courts imposing dates for pleading or discovery are vacated.
>
> **(e)   Communications with the Court**.  Unless otherwise ordered by this Court, all substantive communications with the Court shall be in writing, with copies to opposing counsel.  Requests for specific dates and times for hearings should not be made without prior consultation with opposing counsel seeking agreement.  Nevertheless, the Court recognizes that cooperation by and among plaintiffs' counsel and by and among defendants' counsel is essential for the orderly and expeditious resolution of this litigation.  The communication of information among and between plaintiffs' counsel and among and between defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney's work product, and cooperative efforts contemplated above shall in no way be used against any plaintiff by any defendant or against any defendant by any plaintiff.  Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

**12.   Applications for Lead and Liaison counsel Appointments**.  The Court intends to appoint plaintiffs' lead counsel and/or a plaintiffs' steering committee, as well as plaintiffs' liaison counsel.  Applications for these positions must be *submitted* to the Court on or before September 21, 2012 via the Court's proposed documents email address (DRHpd@ilsd.uscourts.gov).  The Court will

only consider attorneys who have filed a civil action in this litigation. The main criteria for these appointments are (1) willingness and ability to commit to a time-consuming process; (2) ability to work cooperatively with others; (3) professional experience in this type of litigation; and (4) access to sufficient resources to advance the litigation in a timely manner. Counsel applying for any of these positions should be available for a short interview should the Court determine that interviews are necessary. In addition to the above, agreement among plaintiffs' counsel may be considered by the Court.

The Court will also appoint liaison and lead counsel on the defense side, however, since there is only one principal defendant, counsel for the defendant should advise the Court who it prefers to serve in these positions.

**IT IS SO ORDERED.**

Digitally signed by David R. Herndon
Date: 2012.08.17 14:02:10 -05'00'

**Chief Judge**
**United States District Court**

Date: August 17, 2012