UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: PRADAXA (DABIGATRAN ETEXILATE) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) | 3:12-md-02385-DRH-SCW<br><br>MDL No. 2385 |

**This Document Relates to:**

**ALL CASES**

<u>CASE MANAGEMENT ORDER NUMBER 4</u>
Appointing Plaintiffs' Leadership Positions

**HERNDON, Chief Judge:**

    **I.**    **Plaintiffs' Leadership Counsel Appointments**

The Court having considered all of the applications submitted, together with the experience of each applicant, having consulted with other MDL judges who have worked with those applicants with MDL experience, having taken into account his own experience with those applicants who have appeared before him in an MDL context or in other complex cases, as well as conducting personal interviews with selected applicants (with the consent of defense counsel), appoints the following plaintiffs' counsel to leadership positions, as indicated:

**Plaintiffs' Leadership Counsel**[1]

1. **Executive Committee**

    1. Roger Denton, Co-Lead Counsel.

    2. Tor Hoerman, Co-Lead Counsel.

    3. Seth Katz, Co-Lead Counsel.

    4. Michael London, Co-Lead Counsel.

    5. Mikal C. Watts, Co-Lead Counsel.

    6. Clayton Clark.

    7. Pete Flowers.

    8. Michael Gallagher.

    9. David Matthews.

    10. Ned McWilliams.

    11. Neil Overholtz

    12. Michelle A. Parfitt

2. **Liaison Counsel**

    1. Mark Niemeyer

    2. Steven Davis

3. **Steering Committee**

    1. Erin Copeland

    2. Chris Cueto

---

[1] As used herein, the term "Plaintiffs' Leadership Counsel" shall include the Executive Committee, Liaison Counsel, and the Steering Committee.

3. A.J. De Bartolomeo

4. Sarah Shoemake Doles

5. James Dugan

6. Brenda Fulmer

7. Michael Goetz

8. Ronald E. Johnson, Jr.

9. Ramon Lopez

10. Michael Lynch

11. John Restaino

12. Eric Weinberg

13. Michael Weinkowitz

The Court has serious concerns about the large size of this leadership group. It is significantly in keeping with the size requested by the majority of plaintiffs' lawyers who petitioned the Court, even though the Court did not appoint the exact slate requested by the caucus which sought a "slate." Because of the Court's concerns with the size, the appointments above are for the period to expire October 31, 2013. The Court will accept new applications no later than October 1, 2013. The Court recognizes that stability of leadership is a vital concept to litigation of this nature. However, if a leader is not contributing to the cause of the advancement of the litigation as a whole then he or she need not be in a leadership position. It is clearly the objective of this Court that the leadership team established be one that contributes substantially to the progress of this

overall litigation, during the course of fulfilling his or her ethical duties to their clients. To the extent that each leader is doing that, it is the hope and desire of this Court that each such leader reapply for the leadership team. To that end, at the close of the application period designated above, the Court will be interested in what role each applicant has undertaken in the consolidated pretrial proceedings of this MDL, exactly what work each such applicant has performed (an exact accounting of the hours is helpful though not necessary), whether the applicant has been engaged on behalf of the MDL or another member of his or her law office or a combination and the ratio of how the work has been divided (however, see Paragraph E below) and all information that the applicant can provide the Court to assist the Court in understanding that it is an appropriate decision to continue the particular applicant in leadership at his or her current position.

## II.     Responsibilities

**A.     Procedural Matters**

1.     As noted in Case Management Order Number 1 (Doc. 4), the clerk of this Court will maintain a master docket case file under the style "*In Re: Pradaxa (Dabigatran Etexilate) Products Liability Litigation*" and the identification "MDL No. 2385." The Master Docket will only include documents relating to "All Cases."

2.     Only Co-Lead Counsel and Co-Liaison Counsel shall be included on the Master Docket as being Counsel of Record. Accordingly, Co-Lead Counsel and Co-Liaison Counsel will be (a) the only attorneys permitted to file in the Master

Docket and (2) the only attorneys receiving Notices of Electronic Filing for pleadings and orders filed in the Master Docket.  After this Order has been docketed, the Clerk of the Court shall revise the Master Docket accordingly.

    3.    With regard to the Master Docket only, Plaintiffs' Liaison Counsel shall:

    a. Serve as the recipient for all Court orders filed on behalf of all of the plaintiffs;

    b. Coordinate service and filings for all plaintiffs whether presently included or subsequently added;

    c. Maintain and distribute to co-counsel and to Defendants' Counsel an up-to-date service list;

    d. Maintain responsibility for service upon all other attorneys and parties.  Specifically, liaison Counsel shall receive and distribute pleadings, orders, and motions by overnight courier service and/or telecopier within two days after receipt, unless such service has been waived, in writing, by a receiving counsel (until some program for electronic service has been established).

    4.    Liaison Counsel is only responsible for service with regard to filings in the Master Case.  With regard to case-specific filings, all attorneys of record in the relevant member action will receive a Notice of Electronic Filing from the Court.

5.  New counsel for tag along cases or cases filed originally in the Southern District of Illinois filed hereafter shall be responsible for checking the Master Case for all orders previously filed that may have relevance to such new cases filed.

B.  **Responsibilities Specific to Liaison Counsel**

In addition to the responsibilities identified in § II.A.3., above, Plaintiffs' Liaison Counsel shall:

1.  Coordinate the establishment of a document depository, real or virtual, to be available to all participating plaintiffs' counsel;

2.  Maintain and make available to all participating plaintiffs' counsel of record at reasonable hours a complete file of all documents served by or upon each party (except such documents as may be available at a document depository);

3.  Prepare agendas for court conferences and periodically report regarding the status of the case; and

4.  Carry out such other duties as the Court may order.

C.  **Responsibilities Applicable to Plaintiffs' Leadership Counsel**

Plaintiffs' Leadership Counsel shall have the following responsibilities:

1.  **Discovery**

    a. Initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions which are consolidated with this multi district litigation.

    b. Develop and propose to the Court schedules for the commencement, execution and completion of all discovery on behalf of all plaintiffs.

    c. Cause to be issued in the name of all plaintiffs the necessary discovery requests, motions and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial of relevant issues found in the pleadings of this litigation.  Similar requests notices, and subpoenas may be caused to be issued by Plaintiffs' Leadership Counsel upon written request by the individual attorney in order to assist him/her in the preparation of the pretrial stages of his/her client's particular claims.

    d. Conduct all discovery in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs.

2. **Hearings and Meetings**

    a. Call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court. Initiate proposals, suggestions, schedules or joint briefs, and any other appropriate matters pertaining to pretrial proceedings.

    b. Examine witnesses and introduce evidence on behalf of plaintiffs at hearings.

    c. Act as spokesperson for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject of course to the right

of any plaintiff's counsel to present non-repetitive individual or different positions

3. **Miscellaneous**

   a. Submit and argue all verbal or written motions presented to the Court or Magistrate on behalf of Plaintiffs' Leadership Counsel as well as oppose when necessary any motions submitted by defendants or other parties which involve matters within the sphere of the responsibilities of Plaintiffs' Leadership Counsel.

   b. Negotiate and enter into stipulations with defendants regarding this litigation. All stipulations entered into by Plaintiffs' Leadership Counsel, except for strictly administrative details such as scheduling, must be submitted for Court approval and will not be binding until ratified by the Court. Any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection within 5 days after he/she knows or should have reasonably become aware of the stipulation. Failure to object within the term allowed shall be deemed a waiver and the stipulation will automatically be binding on that party.

   c. Explore, develop and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation.

   d. Maintain adequate files of all pretrial matters, including establishing and maintaining a document or exhibit depository, in either real or

      virtual format, and having those documents available, under reasonable terms and conditions for examinations by all MDL plaintiffs or their attorneys. Perform any task necessary and proper for Plaintiffs' Leadership Counsel to accomplish its responsibilities as defined by the Court's Orders, including organizing subcommittees comprised of plaintiffs' lawyers not on Plaintiffs' Leadership Counsel and assigning them tasks consistent with the duties of Plaintiffs' Leadership Counsel. Membership on the subcommittees shall be subject to the approval of the Court. Compensation for work performed by the subcommittees and the approved cost will be paid by the common benefit funds.

e. Work with Liaison Counsel to coordinate the responsibilities of Plaintiffs' Leadership Counsel, schedule Plaintiffs' Leadership Counsel meetings, keep minutes or transcripts of these meetings, appear at periodic Court noticed status conferences, perform other necessary administrative or logistic functions of Plaintiffs' Leadership Counsel, and carry out any duty as ordered by the Court.

f. Perform other such functions that may be expressly authorized by further Court Orders.

## D.   Reimbursement for Costs Expended

Plaintiffs' Leadership Counsel shall be entitled to seek reimbursement for costs expended at the time and in a manner approved by the Court.

E.  **Personal Nature of Appointment**

The appointment to Plaintiffs' Leadership Counsel is of a personal nature. Accordingly, the above appointees cannot be substituted by other attorneys, including attorneys of the appointee's law firm, to perform the exclusive functions of Plaintiffs' Leadership Counsel, such as committee meetings and court appearances, except without prior Court approval.

F.  **Lastly, The Court DIRECTS the Clerk of the Court to:**

1. Revise the Master Docket to identify Plaintiffs' Co-Lead and Plaintiffs' Co-Liaison Counsel as the only counsel of record for the MDL 2385 Master Docket.

2. Ensure that Plaintiffs' Co-Lead and Plaintiffs' Co-Liaison Counsel are identified as Counsel of Record in current and later filed individual member actions.

SO ORDERED

Digitally signed by David R. Herndon
Date: 2012.09.27 15:54:07 -05'00'

**Chief Judge**  
**United States District Court**

Date:  September 27, 2012