UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

_____

| | | |
|---|---|---|
| IN RE PRADAXA | ) | MDL No. 2385 |
| (DABIGATRAN ETEXILATE) | ) | 3:12-md-02385-DRH-SCW |
| PRODUCTS LIABILITY | ) | Judge David R. Herndon |
| LITIGATION | ) | |

_____

This Document Relates to:

ALL CASES

CASE MANAGEMENT ORDER NUMBER 7
REGARDING DIRECT FILING AND WAIVER OF SERVICE OF PROCESS FOR
DIRECT FILED CASES

**Herndon, Chief Judge:**

I.  **Direct Filing of Cases in MDL 2385**

A.  In order to eliminate delays associated with transfer to this Court of cases filed in or removed to other federal district courts and to promote judicial efficiency, any plaintiff whose case would be subject to transfer to MDL 2385 (the "MDL Proceedings") may file his or her case directly in the MDL Proceedings in the Southern District of Illinois. No action filed directly in the MDL Proceedings shall name Boehringer Ingelheim Corporation, Boehringer Ingelheim USA Corporation, and/or Boehringer Ingelheim Vetmedica, Inc. (the "Uninvolved Defendants"). No cases naming more than a single plaintiff, which may also include consortium plaintiff(s) as permitted by law and, in the event of a wrongful death action, the appropriate representative(s) of the estate, may be filed directly into the MDL Proceedings pursuant to this Order.

B.   Each case filed directly in the MDL Proceedings by a plaintiff who resides in a federal district other than the Southern District of Illinois may be filed in the MDL Proceedings for purposes of pretrial proceedings, consistent with the Judicial Panel on Multidistrict Litigation's August 8, 2012, Transfer Order. Any complaint filed directly in the MDL proceedings shall identify (i) the residence of plaintiff at the time of filing and (ii) the residence of plaintiff at the time he/she was allegedly injured by the use of Pradaxa®.

C.   Solely for purposes of pre-trial proceedings, Defendants will not challenge the venue of any action filed directly in the MDL Proceedings in the Southern District of Illinois. The direct filing of actions in MDL No. 2385 in the Southern District of Illinois is solely for purposes of consolidated discovery and related pretrial proceedings as provided by 28 U.S.C. § 1407. Upon the completion of all pretrial proceedings applicable to a case directly filed in the MDL Proceedings, and subject to any agreement that may be reached concerning a waiver of the requirements for transfer pursuant to *Lexecon v. Milbert Weiss et al.*, 523 U.S. 26 (1998), this Court, pursuant to the Rules of the Judicial Panel on Multidistrict Litigation and 28 U.S.C. §1404(a), will transfer that case to a federal district court of proper venue as defined by 28 U.S.C. § 1391, based on the district where the plaintiff resided at the time of alleged injury by use of Pradaxa®, where the plaintiff resided at the time of prescription and ingestion, the recommendations of the parties to that case, or on its own determination after briefing from the parties if they cannot agree. Utilization of the procedure set

forth in this Order for directly filing a case in the MDL Proceedings shall not result in this Court being deemed the "transferor court" for any such directly filed case.

  D. Sections I(B) and I(C) of this Order do not preclude the parties from agreeing, at a future date, to try in this District cases filed pursuant to this Order.

  E. The inclusion of any action in *In Re: Pradaxa (Dabigatran Etexilate) Products Liability Litigation*, MDL 2385, whether such action was or will be filed originally or directly in the Southern District of Illinois, shall not constitute a determination by this Court that jurisdiction or venue is proper in this District.

  F. The fact that a case was filed directly in the MDL Proceedings pursuant to this Order will have no impact on choice of law, including the statute of limitations that otherwise would apply to an individual case had it been filed in another district court and transferred to this Court pursuant to 28 U.S.C § 1407.

  G. The caption for any complaint that is directly filed in MDL 2385 before this Court shall bear the following caption:

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: PRADAXA (DABIGATRAN ETEXILATE) PRODUCTS LIABILITY LITIGATION | 3:12-md-02385-DRH-SCW  **MDL No. 2385**  Judge David R. Herndon |
| _____,  Plaintiff,  vs.  Boehringer Ingelheim Pharmaceuticals, Inc.,  Defendant. | COMPLAINT AND JURY DEMAND  Civil Action No: _____ |

H. Any attorney admitted to practice and in good standing in any United States District Court is admitted pro hac vice in this litigation and association of co-counsel for purposes of filing and/or litigation, including direct filing, is not required.

I. Prior to any plaintiff's lawyer filing a complaint directly in the United States District Court for the Southern District of Illinois, that attorney must register for and have an Illinois CM/ECF login name and password. When filing a complaint in the Southern District of Illinois, an attorney must first request a case number by sending an email to: newcases_eaststlouis@ilsd.uscourts.gov. See CM/ECF Rule 4.0. Cases can only be opened during normal business hours,

Monday through Friday. All counsel shall allow the Clerk at least 4 hours to open the file and are not to contact the Clerk's Office with inquiries about a pending case number unless special circumstances exist or if counsel has not received a case number within 24 hours.

J. The attorney who has electronically signed the complaint will receive an email notifying his/her office of the assigned case number. After plaintiff's counsel receives the case number by email, the complaint can be filed. The system will ask whether there are any exhibits to the document; check "YES" and attach the civil cover sheet as an exhibit.

K. When electronically filing the pleadings, the signature block shall follow the below format:

> RESPECTFULLY SUBMITTED,
>
> _____/s/ Jane Doe_____
> Jane Doe
> NAME OF LAW FIRM
> ADDRESS
> TELEPHONE
> FAX
> EMAIL@EMAIL.com
> Attorney for Plaintiff

L. Filing Fees: Internet credit card payments shall be required for all complaints and are made online through Pay.gov. Plaintiff's counsel will be prompted to pay the required filing fee at the time the complaint is filed. The Clerk's Office will be electronically notified when the complaint is filed and will review it for errors or omissions. After the complaint is filed, plaintiff's counsel shall draft the summonses and send them to the Court by email to

newcases_eaststlouis@ilsd.uscourts.gov. In the email, plaintiff's counsel shall provide his or her name, the case number, and his or her mailing address. The Clerk will file and send originals via mail to the office of plaintiff's counsel so that plaintiff's counsel can effectuate service of process.

  M. Plaintiffs' Leadership Counsel shall make reasonable efforts to ensure that the Court does not receive an excessive number of directly filed actions on any given day. To this end, the Court asks that Plaintiffs' Leadership Counsel make reasonable efforts to limit direct filings to approximately 40 cases per day.

## II. Tolling as to Certain Defendants

  A. The Uninvolved Defendants have represented to the Court that they have no involvement with the design, testing, manufacture, marketing, sale, labeling, promotion or any other aspect of Pradaxa.

  B. Based on these representations, plaintiffs are instructed not to name the Uninvolved Defendants as Defendants in future complaints filed directly into the MDL Proceedings pursuant to this Order. If any plaintiff requires an exemption from this prohibition, said plaintiff shall file a motion requesting an exemption from the prohibition contained in this Order and obtain a ruling from this Court that the Uninvolved Defendants may be added to the plaintiff's complaint.

  C. The Uninvolved Defendants agree, and this Court hereby orders, that the statute of limitations applicable to any plaintiff's claims against the Uninvolved

Defendants that are filed or otherwise transferred to the MDL Proceedings will not expire until the later of (i) the expiration of the then existing statute of limitations, (ii) on October 3, 2013, or (iii) as extended by agreement of the Parties in writing.

D. The Uninvolved Defendants expressly reserve all jurisdictional defenses previously raised by motion in this Court in member actions 3:12-cv-50001 through 3:12-cv-50008. The tolling of the statute of limitations is without waiver of the jurisdictional defenses raised by the Uninvolved Defendants, and each plaintiff who files an action in the MDL Proceedings expressly agrees that the tolling of such limitations period shall not be raised in an effort to assert jurisdiction over the Uninvolved Defendants in state or federal court in Illinois or elsewhere.

E. The purpose of this tolling Order is to allow plaintiffs additional time to assess and determine the legitimacy and viability of potential claims against the Uninvolved Defendants without the necessity of initiating and/or continuing to pursue claims against the Uninvolved Defendants.

F. Should a plaintiff initiate and/or reinstate his or her claims against one or more of the Uninvolved Defendants, then counsel for those Defendants agrees, and is hereby ordered, to execute a waiver of service as provided in Rule 4(d) of the Federal Rules of Civil Procedure as a means of eliminating the requirement for formal service of process through the Uninvolved Defendants' registered agents.

**III.   Service of Process**

A.    Boehringer Ingelheim Pharmaceuticals, Inc., admits that it distributes and markets Pradaxa® (dabigatran etexilate mesylate) in the United States.  Boehringer Ingelheim Pharmaceuticals, Inc. will not claim that any United States headquartered Boehringer Ingelheim entity is an indispensable party to claims filed in the MDL Proceedings.

B.    Boehringer Ingelheim Pharmaceuticals, Inc. agrees, without waiver of any defenses, to accept service of process solely on its own behalf in all Pradaxa® cases filed directly in this MDL, in accordance with the direct filing procedures set forth in this Order, subject to the provisions of Fed. R. Civ. P. 4(d) (as modified herein).  The process for the acceptance of service in this Order relates solely to Boehringer Ingelheim Pharmaceuticals, Inc. and no other defendant(s), and nothing herein is intended to modify the requirements of the Federal Rules of Civil Procedure with regard to effecting service on any other defendant(s).

C.    For cases filed directly into the MDL Proceedings pursuant to this Order, the Complaint and notice required under Rule 4(d) shall be provided to counsel for Boehringer Ingelheim Pharmaceuticals, Inc. by e-mailing the documents to MDLPradaxa@butlersnow.com or by mailing them with an email address for return confirmation to:

> Keishunna Randall
> Butler, Snow, O'Mara, Stevens & Cannada, PLLC
> Post Office Box 6010
> Ridgeland, MS 39158-6010

Boehringer Ingelheim Pharmaceuticals, Inc. is not required to return the waiver forms contemplated by Rule 4(d), but shall instead send a confirmation of first receipt of a complaint to plaintiff's counsel by email or otherwise and shall respond to the complaints as set forth herein. A plaintiff who files his/her complaint directly into the MDL Proceedings pursuant to the terms of this Order and effects service pursuant to this paragraph III(C) is not required to file a return of service with the Court.

  D. Service will be effective only if effected and confirmed as set forth above by confirmation email from Butler Snow. General mailing to Boehringer Ingelheim Pharmaceuticals, Inc. or use of other methods of transmission (e.g., Federal Express or DHL) will not be sufficient to effect service. This Order does not prevent any plaintiff from effecting service pursuant to any other method authorized under the Federal Rules of Civil Procedure.

  E. For complaints filed directly in this MDL, Boehringer Ingelheim Pharmaceuticals, Inc. shall have sixty (60) days from the date of confirmation of receipt of the complaint to answer or otherwise plead. Plaintiff's counsel will meet and confer with counsel for Boehringer Ingelheim Pharmaceuticals, Inc. prior to initiating any default proceedings and will provide twenty-one (21) business days to cure any alleged default.

  F. For cases in which plaintiffs have served Boehringer Ingelheim Pharmaceuticals, Inc., any applicable time limitations in Federal Rule of Civil Procedure 4(m) are extended such that plaintiffs need not serve any other

Uninvolved Defendants until the earlier of (i) October 3, 2013, (ii) further order of this Court, or (iii) by written agreement of the parties. Neither Boehringer Ingelheim Pharmaceuticals, Inc., nor any other Boehringer entities shall move to dismiss a complaint as to an un-served Uninvolved Defendants entity prior to October 3, 2013 or as otherwise ordered by the Court.

**So Ordered**

Digitally signed by David R. Herndon
Date: 2012.10.03 14:11:44 -05'00'

**Chief Judge**  **Date: October 3, 2012**
**United States District Court**