# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

_____
| | | |
|---|---|---|
| IN RE PRADAXA | ) | MDL No. 2385 |
| (DABIGATRAN ETEXILATE) | ) | 3:12-md-02385-DRH-SCW |
| PRODUCTS LIABILITY | ) | Judge David R. Herndon |
| LITIGATION | ) | |

_____

**This Document Relates to:**

**ALL CASES**

### CASE MANAGEMENT ORDER No. 22
### Confidentiality of Certain Databases
### Striking and Replacing Minute Order No. 86

**Herndon, Chief Judge:**

This matter is before the Court for case management. Information produced from the VISTA, Oracle Clinical, BRAIN, Cerberus, ARISg, and SAS databases shall be deemed to have been designated confidential pursuant to Case Management Order Number 2 (12-md-02385 Doc. 5).[1]

Defendants claim that certain documents within certain databases, central sources and custodial files of BIPI and BII employees, including but not limited to BRAIN, Cerberus and the G-drive, contain highly confidential and sensitive scientific information. The materials already produced in the BRAIN

---

[1] Initially the entire TEMPO database was designated as confidential pursuant to Case Management Order Number 2 (12-md-02385 Doc. 86). The material produced from the TEMPO database, however, has been designated as confidential on a document by document basis. Accordingly, the parties have informed the Court that a blanket confidentiality designation pursuant to Case Management Order Number 2 is no longer necessary for the TEMPO database.

and Cerberus databases are deemed "Attorney Eyes Only" through February 28, 2013 to allow the parties an opportunity to negotiate an agreement to provide additional protections from production, use in this litigation, and/or inadvertent disclosure. Defendants have withheld or redacted certain documents from the production of the G-drive and the German custodians because they claim that these documents contain highly sensitive scientific information. Defendants shall identify the type of information and/or subject that they claim warrants heightened protection to allow the parties to evaluate the propriety of protection for the information and/or subject matter identified by the defendants. If the parties are unable to reach an agreement by February 28, 2013 regarding the scope of protection sought for such alleged highly confidential and sensitive scientific information, the parties shall contact the Court for further direction.

**IT IS SO ORDERED.**

Digitally signed by
David R. Herndon
Date: 2013.02.20
15:16:22 -06'00'

**Chief Judge**  **Date: February 20, 2013**
**United States District Court**