UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

_____

| | | |
|---|---|---|
| IN RE PRADAXA | ) | MDL No. 2385 |
| (DABIGATRAN ETEXILATE) | ) | 3:12-md-0235- |
| PRODUCTS LIABILITY | ) | DRH-SCW |
| LITIGATION | ) | |

_____

**This Document Relates to:**

    ALL CASES

### CASE MANAGEMENT ORDER No. 23
### CONCERNING CLAIMS OF PRIVILEGE BY
### PLAINTIFFS, BOEHRINGER INGELHEIM PHARMACEUTICALS, INC. AND BOEHRINGER INGELHEIM INTERNATIONAL GMBH

**Herndon, Chief Judge:**

This Order corresponds with and supplements, but does not replace, Case Management Orders ("CMO") No. 2 and 3A. To the extent any provision of this CMO is or can be interpreted to be inconsistent with the terms of CMO No. 2 or 3A, the terms of this CMO shall govern. This Order is entered to set forth guidelines and protocols that shall govern (1) the grounds upon which a party may assert either the attorney-client privilege or the work product doctrine and withhold and/or redact information on those bases, (2) the protocol that shall be followed regarding the preparation of privilege logs pursuant to Fed. R. Civ. P. 26(b)(5)(A)(i)-(ii), and (3) the method for resolving privilege disputes by and among Plaintiffs and Defendant Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI") and Boehringer Ingelheim International GmbH ("BII").

I. **GOVERNING LAW**

    A. **Attorney-Client Privilege: Choice of Law**

Federal district courts sitting in diversity apply state law in deciding issues related to privilege. The law of the state with the most significant relationship to a communication generally governs the existence and scope of the attorney-client privilege. The parties have also agreed that for purposes of convenience and other considerations, Connecticut law will govern the documents produced by BII. The parties have agreed that the majority of documents that will be produced by BIPI in this case will have the most significant relationship to the State of Connecticut. Accordingly, pursuant to the agreement of the Parties and in order to provide efficiencies in this MDL, Connecticut law shall govern the existence and scope of the attorney-client privilege.

    B. **The Work Product Doctrine: Choice of Law**

Federal law governs the existence and scope of the work product doctrine, even where the basis of jurisdiction is diversity. The Parties agree that federal law shall control and govern the parties' assertion of and claim to protection under the work product doctrine.

II. **PROTOCOLS GOVERNING ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT DOCTRINE**

The parties have agreed to the following protocol governing the assertion of attorney-client privilege and work product doctrine in connection with their production of documents responsive to discovery propounded in this matter.

A. **Redactions Relating to Attorney-Client Privilege and Work Product Doctrine**

Defendants shall redact only those portions of a document that are within the scope permitted by the work product doctrine and attorney-client privilege, and not the entire document or page unless the entire document or page is within such scope.

When a document is redacted on the basis of privilege, an identifier will be provided, stating the basis for redaction, *e.g.*, "attorney-client privilege." Where a redaction is subsequently lifted by order of the Court or by agreement of the parties (*e.g.*, subject to a privilege challenge), the party claiming privilege shall provide a replacement document with the redaction removed bearing the same Bates number as the original document, with an associated load file that will execute replacing the image.

B. **Privilege Log**

Every responsive document withheld from production based on a claim of privilege shall be reflected on a privilege log that complies with Fed. R. Civ. P. 26(b)(5)(A)(i)-(ii). The parties shall produce privilege logs in Excel format or a similar electronic format that allows text searching, sorting and organization of data. Consistent with Rule 26(b)(5)(A) and the Advisory Committee Comments thereto, a privilege log shall contain the following:

1. The document date;
2. The source of the document;
3. The identity of the person(s) who prepared the document;

    4.  The identity of any person(s) to whom the document was disseminated;

    5.  Whether the document was disseminated to any person outside the company based on information or indicia set forth in the custodial documents reviewed for production in this litigation, and if so, the name and the employer of each such third party;

    6.  The subject/title and document type;

    7.  The specific privilege or protection allegedly applicable to the document;

    8.  Information pertinent to the applicability of the privilege or protection sufficient to enable the other party to evaluate the applicability of the claimed privilege or protection; and,

    9.  The number of pages in any document withheld for privilege.

BIPI will produce an updated privilege log within 30 days of each production. BII will produce an updated privilege log within 45 days of each production.

Plaintiffs shall produce an updated and complete privilege log within 30 days of each production.

The parties shall have the right to request an expedited privilege log, but not sooner than 15 days, for certain custodians or document sources for purposes of deposition preparation. In addition, the parties shall have the right to request an extension of the privilege log deadline, not to exceed 45 days, for document productions involving a large volume of privileged documents. If the producing party objects to the expedited or extension request, the parties will meet and confer in good faith in an attempt to resolve the disagreement without

court intervention. If the parties cannot reach an agreement, the requesting party may seek court relief.

Privilege logs shall be supplemented under Fed. R. Civ. P. 26 (e)(1) as to any document that becomes producible thereafter.

**C.  Challenges to Claims of Privilege and/or Work Product Doctrine**

1. A Receiving Party may challenge a redaction or claim of privilege at any time after the document or a privilege log identifying the document subject to such redaction or claim is produced. A Receiving Party does not waive its right to challenge a redaction or claim of privilege by electing not to challenge promptly after the subject document or privilege log identifying it is produced.

2. A Receiving Party may challenge a Producing Party's redaction or designation of privilege from production by notifying the Producing Party, in writing (a letter to lead and liaison counsel delivered by email shall be sufficient), of its good faith belief that the redaction or designation was not proper, including a brief explanation of the basis of the dispute with regard to each redaction or claim of privilege at issue.

Thereafter the Producing Party shall have seven (7) days to review the redacted or designated material, to consider the circumstances, and to meet and confer with the Receiving Party. If no resolution can be reached after those seven (7) days, the Receiving Party may notify the Producing Party that a dispute remains unresolved, including in such notice the basis for or explanation of why the dispute still exists regarding the claim of privilege.

After notification, the Producing Party shall, within fourteen (14) calendar days of receiving such notice, file and serve a motion that identifies the challenged redaction or claim of privilege and sets forth the legal basis for the redaction of claim of privilege. The burden of proof in connection with any such motion shall be on the Producing Party. Thereafter, the Receiving Party may file a response to any such motion within seven (7) days, and the Court shall rule on said motion.

3. To assist in the prompt resolution of disputed claims, the Producing Party shall submit to the Court at the time it files a motion un-redacted copies of all documents for *in camera* review for which there is a disputed claim regarding redaction or privilege. The Producing Party claiming the privilege shall be permitted to submit the document(s) in question, and any supporting affidavits or other materials justifying the claim of privilege, to the Court on an *ex parte* basis as part of and in connection with the *in camera* review.

4. For good cause shown, any party may request from any other party that the times and deadlines set forth in **Section II.C.2** above may be shortened or lengthened for the sake of judicial economy.

5. The party who produces a privileged document through mistake, inadvertence or otherwise may claw back such privileged document by following the procedure set out in CMO #2 and CMO #3 or consistent with agreement of the parties or further order of the Court.

**IT IS SO ORDERED.**

Digitally signed by
David R. Herndon
Date: 2013.02.20
15:18:37 -06'00'

**Chief Judge**  
**United States District Court**

Date: **February 20, 2013**

2.