UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

_____

| IN RE PRADAXA | ) | MDL No. 2385 |
| (DABIGATRAN ETEXILATE) | ) | 3:12-md-02385-DRH-SCW |
| PRODUCTS LIABILITY | ) | Judge David R. Herndon |
| LITIGATION | ) | |

_____

This Document Relates to:

ALL CASES

CASE MANAGEMENT ORDER NO. 31
Regarding Discovery of Documents Reviewed by Deponents

**Herndon, Chief Judge:**

I.  INTRODUCTION

In the numerous company witness depositions set to commence shortly, the plaintiffs have requested that the defendants Boehringer Ingelhim Pharmaceuticals, In. ("BIPI") and Boehringer Ingelheim International GmbH ("BII") (collectively, "the defendants") provide a list of all documents reviewed by witnesses. Notably, the plaintiffs' counsel did not and are not asking for the identification of documents selected by the deponents' counsel. In response to this discovery request, the defendants filed a motion for a protective order asking the Court to rule that the parties are not required to identify the documents reviewed by a witness in preparation for a deposition. In their motion, the defendants voluntarily disclosed that all of the documents reviewed by the company witnesses will have been selected by counsel. Accordingly, the defendants contend, a list of

1

documents reviewed by a witness will inevitably reveal counsel's document selection choices, thereby violating the work-product privilege.

As is explained more fully below, the Court agrees that an attorney's compilation of documents in preparation for a deposition is subject to work-product protection. For this reason, in a previous order in a different multidistrict litigation case, the Court concluded that plaintiffs' counsel was entitled to know what documents a witness reviewed in preparation for his or her deposition so long as plaintiffs' counsel did not inquire into which of the reviewed documents were selected by opposing counsel. This case, however, presents an issue not previously considered by the Court. Namely, whether counsel can manufacture a zone of privacy by gratuitously disclosing that the requested documents have been or will be selected by counsel.

Considering the parties arguments and relevant persuasive authority, the Court concludes that the defendants' voluntary disclosure negates any work-product protection that attaches to the selection of documents by counsel. Accordingly, and for the reasons discussed below, the Court DENIES the motion for a protective order pertaining to the list of documents reviewed by a deponent in preparation for his or her deposition. The Court therefore ORDERS the defendants to comply with the plaintiffs' disputed discovery request.

## II. ANALYSIS

### A. Persuasive Authority Relied on by Counsel[1]

#### 1. *Sporck v. Peil,* 759 F.2d 312 (3rd Cir. 1985)

In their motion and during oral argument, the defendants rely heavily on the Third Circuit's opinion in *Sporck v. Peil,* 759 F.2d 312 (3rd Cir. 1985). The disputed issue in *Sporck* arose during the defendant's (Mr. Sporck) deposition. *Id.* at 313-314. At the inception of the deposition, the plaintiff's counsel asked the defendant: "Mr. Sporck, in preparation for this deposition did you have occasion to examine any documents?" *Id.* at 314. Mr. Sporck answered in the affirmative. The plaintiff's attorney, first orally and then by written motion, requested identification and production of "all documents examined, reviewed or referred to by Charles E. Sporck in preparation for the session of his deposition.." *Id.* Mr. Sporck's counsel responded arguing that all of the documents had previously been produced. In addition, Mr. Sporck's counsel volunteered that all of the documents reviewed were selected by counsel and subject to work-product protection.

The threshold issue on appeal to the Third Circuit was "whether the selection process of defense counsel in grouping certain documents together out of the thousands produced in this litigation is work product entitled to protection under Federal Rule of Civil Procedure 26(b)(3) and the principles of *Hickman v.*

---

[1] The Seventh Circuit has not yet addressed this specific issue and has not had occasion to review the Third Circuit's decision in *Sporck*.

*Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). *Id.* at 315. The appellate court concluded disclosure of an attorney's selecting and ordering of certain documents out of thousands could not help but reveal important aspects of the attorneys understanding of the case. *Id.* 316. Accordingly, the appellate court found, such compilations are subject to work-product protection. *Id.* at 316-319.[2] The Court went on to conclude that the trial court "committed clear error of law in ordering the identification of the documents selected by counsel." *Id.* at 319.

The appellate court did not expressly consider the significance it attached, if any, to the fact that defense counsel voluntarily disclosed the work-product information. One can only infer that the appellate court was not concerned with this fact. The dissenting opinion, however, briefly addresses this issue. In his dissent, Circuit Court Judge Collins J. Seitz stated as follows:

> The respondents' request did not require the identification of the person who selected the documents. The only disclosed connection to the petitioner's attorney in our situation is that the petitioner gratuitously volunteered the fact that his attorney selected the documents. To permit this volunteered information to provide a necessary link to attorney's thought processes, as the majority has done, is to permit the petitioner to cloak the non-work product aspects of the information sought with work product protection. Certainly an attorney cannot cloak a document under the mantle of work product by simply reviewing it. It is difficult to see how an attorney or his witness may insulate the discoverable fact that the witness reviewed a particular document by volunteering that the attorney selected the document for deposition preparation purposes.

---

[2] The court also assessed and discussed application of Rule 612 and its relationship to work-product protection. Application of Rule 612 is not an issue that is presently before the Court and is not discussed here.

4

*Id.* at 319-320 (dissent) (citations omitted). Judge Seitz also expressed concern about the implications of the majority ruling, predicting that it would result in an "impermissible expansion of the [attorney] work product doctrine at the expense of legitimate discovery ..." *Sporck*, *Id.* at 319 (dissent) (citation omitted).

**B. In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.,** *No. 2:09-md-02100,* **2011 WL 2590764 (S.D. Ill. June 29, 2011) (Herndon, C.J.)**

The parties also rely on the undersigned's previous ruling in *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, No. 2:09-md-02100, 2011 WL 2590764 (S.D. Ill. June 29, 2011) (Herndon, C.J.) ("Yasmin decision"*)*. The matters at issue in this case are similar but distinguishable from the matters at issue in the Yasmin decision. In the Yasmin decision, a dispute arose regarding deposition questioning designed to elicit the identity of documents compiled by defense counsel and reviewed by the deponent in preparation for his or her deposition. The defendant argued that questioning directed at identifying the documents compiled by counsel in preparation for a witness's deposition improperly sought a record of the thought processes of defense counsel. In assessing this issue, the undersigned found a portion of the *Sporck* decision to be persuasive. Specifically, the undersigned judge agreed that "[i]n selecting and ordering a few documents out of thousands counsel could not help but reveal important aspects of his understanding of the case." *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, No. 2:09-md-

5

02100, 2011 WL 2590764, *3 (S.D. Ill. June 29, 2011) (Herndon, C.J.) *citing Sporck,* 759 F.2d at 316. Accordingly, the undersigned judge concluded that plaintiffs' counsel was not entitled to discover nor inquire of the witness which of the documents and materials he or she reviewed was specifically designated by defense counsel.

The Court further concluded that identification of the documents or materials that a witness reviewed prior to his or her deposition – without designating which, if any, of the documents were selected by counsel, did not implicate the same work-product concerns. Accordingly, the undersigned judge allowed the plaintiffs to obtain a complete list of documents and materials the witness reviewed prior to and in preparation for the deposition.

Notably, the Court did not address that portion of the *Sporck* decision that directly or indirectly spoke to the issue of voluntary disclosure. Voluntary disclosure was not in issue in the Yasmin decision. Thus, the only assertion adopted by the Court in the Yasmin decision was the Third Circuit's conclusion that an attorney's compilation of documents in preparation for a deposition is entitled to work-product protection.

**C. Application to the Instant Case**

The Court continues to agree with the Third Circuit's conclusion regarding application of the work-product doctrine to protect an attorney's selection and compilation of records in preparation for a deposition. Disclosure of such

6

material could reveal an attorneys' thought processes and therefore should be afforded work-product protection. Opposing counsel, therefore, should not be permitted to inquire as to which, if any, of the documents a witness reviewed were selected by his or her counsel. The Court, however, parts ways with the Third Circuit to the extent that the *Sporck* decision suggests an attorney can manufacture a zone of privacy by voluntarily offering information regarding who selected the documents reviewed by a witness. That is exactly what defense counsel did in this case.

The plaintiffs did not ask which documents were selected by counsel – defense counsel voluntarily disclosed that information. If defense counsel had not gratuitously revealed this information, the documents reviewed by the witnesses in preparation for their depositions could have been disclosed (as they were in the Yasmin decision) without any risk of revealing attorney-work product.

Additionally, the defendants claim that because of the early stage and fast pace of this litigation, all documents reviewed by employee witnesses will necessarily have to be documents selected by counsel. The Court is not persuaded by this argument and to some extent finds it disingenuous. Particularly in light of counsel's admission during oral argument that some witnesses may independently select and review documents in preparation for their depositions.

In the instant case, millions of documents have already been produced. Either party should be allowed to know what documents a witness reviewed prior

to a deposition for purposes of efficacy. Neither side will be permitted to ask which, if any, of the documents reviewed were selected by counsel. To the extent that the defendants' voluntary disclosure regarding the selection of documents reveals attorney-client work product – they brought such a consequence on themselves.

### III. CONCLUSION

The defendants' motion for a protective order (Doc. 156) is DENIED. Accordingly, the subject deponents shall produce, no later than 5 days before the deposition, a list of all documents reviewed in preparation of the deposition, identified either by bates numbers or other identifier. Neither party, at any time, shall inquire as to which documents, if any, were selected by counsel.

**IT IS SO ORDERED.**

David R. Herndon
2013.04.25
13:42:08 -05'00'

**Chief Judge**  **Date: April 25, 2013**
**United States District Court**