UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: PRADAXA (DABIGATRAN ETEXILATE) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) | 3:12-md-02385-DRH-SCW<br><br>MDL No. 2385 |

**This Document Relates to:**
**ALL CASES**

### CASE MANAGEMENT ORDER 40
(Defendants' Master Short Form Answers)

The Court hereby issues the following Case Management Order relating to the obligations of Defendants Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI") and Boehringer Ingelheim International GmBH ("BII") (collectively, "Defendants") to file their respective Answers pursuant to responsive pleading obligations in MDL 2385.

**I.     Scope of Order**

This Order applies to all actions transferred to *In Re: Pradaxa (Dabigatran Etexilate) Products Liability Litigation* ("MDL 2385") by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to its Order of August 8, 2012; all related actions originally filed in this Court; and any "tag-along" actions transferred to this Court by the JPML pursuant to Rules 6.2 and 7.1 of the Rules of Procedure of the Panel, subsequent to the filing of the final transfer order by the Clerk of this Court (collectively, "Member Actions").

II. **Master Short Form Answers and Affirmative Defenses**

    A. Attached as Exhibits A and B to this Order are Master Short Form Answers and Affirmative Defenses for BIPI and BII, respectively. Following the entry of this Order, each Defendant desiring to submit an Answer as its responsive pleading in any member action in MDL 2385 may file a statement incorporating by reference the provisions of the respective Exhibits A and B attached hereto. Such statement shall be docketed in the individual member action as an Answer and shall be filed pursuant to the previously established timelines and requirements of the Federal Rules of Civil Procedure and Case Management Orders in MDL 2385. Nothing in this CMO alters the previously established deadlines for filing and serving Answers.

    B. To the extent Defendants desire to respond to any particular individual complaint for the purpose of motion practice, or for the purpose of pleading counterclaims, cross-claims and/or third-party complaints, Defendants shall file motions or other responsive pleadings within the deadlines previously established in CMO-7 (direct-filed actions), or CMO-24 (transferred actions), or, if neither CMO applies, within 45 days after the filing in, or transfer of, the member action to MDL 2385, whichever is latest. Should Defendants seek to avail themselves of motion practice, or for the purpose of pleading counterclaims, cross-claims and/or third-party complaints, then Defendants shall not be permitted to serve a Short Form Answer.

C. Plaintiffs shall be permitted to move to strike any Affirmative Defenses asserted in either a regular Answer or in a Short Form Answer as they may deem appropriate, subject to any pre-motion requirements the Court may mandate.

D. It is the intent of this Order that all non-waivable affirmative defenses shall be asserted in the Master Answer and, by reference, the Short Form Answers. In the event a Complaint is permitted to be amended, the Defendants shall be permitted to file an Amended Answer and affirmative defenses without leave of Court.

E. In any member action that is remanded to a Transferor Court pursuant to JPML Rules 10.1-10.2, is selected as a Discovery Plaintiff (as defined in CMO 28), or upon further Order of this Court, Defendant(s) shall file an Answer that includes a paragraph by paragraph response to the allegations in the complaint in such action. Absent leave of Court, any such Answer shall not contain affirmative defenses that were not asserted in the Short Form Answer filed and served in this MDL other than those affirmative defenses that are "non-waivable" under applicable law.

    a. For remanded Member Actions, the Amended Answer shall be filed within 30 days of transfer to the Transferor Court.[1]

    b. For Member Actions selected as Discovery Plaintiffs, the Amended Answer shall be filed within 28 days of such designation.

---

[1] "Transfer" is defined as the date on which the member case is opened by the Clerk of the transferor court.

F. These procedures apply irrespective of any stay or other Order previously entered by a Transferor Court. The parties may request an extension of these deadlines by means of a stipulated order submitted to the Court. In no event may Plaintiffs file a request for default against any Defendant named in any member action without first contacting counsel for such Defendant and allowing 21 days for remedy.

G. In recognition that the service of answers by BIPI triggers a deadline for the Plaintiffs to serve a Plaintiff Fact Sheet ("PFS") in the member action where an Answer is filed, the following schedule applies to the service of a PFS in member actions where greater than ten (10) Short Form Answers are filed and served in member actions handled by the same primary law firm in a given week:[2]

| Number of Short Form Answers Filed in Same Week in Member Actions Handled by Same Primary Law Firm | PFS Due Date Following Filing and service of Short Form Answer by BIPI |
|---|---|
| First 10 Short Form Answers | 45 Days (existing deadline) |
| Next 11-15 Short Form Answers | 60 Days |
| Next 16-25 Short Form Answers | 75 Days |
| Next 26-35 Short Form Answers | 90 Days |

---

[2] For example, if BIPI filed 38 Short Form Answers in a week in member actions handled by the same primary law firm, then the PFS for the member actions in which the first 10 Short Form Answers were filed and served would be due within 45 days, the PFS for the member actions in which Short Form Answers 11-15 were filed and served would be due within 60 days, the PFS for the member actions in which Short Form Answers 16-25 were filed and served would be due within 75 days, the PFS for the member actions in which Short Form Answers 26-35 were filed and served would be due within 90 days, and the remaining PFS would be due in 105 days.

| | |
|---|---|
| Next 36-45 Short Form Answers | 105 Days |
| 46+ Short Form Answers | 120 Days |

The foregoing schedule may be modified by written agreement between counsel for Defendants and any particular Plaintiff's counsel.

    **SO ORDERED:**

David R. Herndon
2013.07.15
14:15:09 -05'00'

**Chief Judge**                                                                                                Date:  July 15, 2013
**United States District Court**