# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| ) | |
| ) | |
| **IN RE: PRADAXA (DABIGATRAN** ) | **3:12-md-02385-DRH-SCW** |
| **ETEXILATE) PRODUCTS** ) | **MDL No. 2385** |
| **LIABILITY LITIGATION** ) | |
| ) | |

**This Document Relates to:**
**ALL CASES**

---

### DEFENDANT BOEHRINGER INGELHEIM PHARAMACEUTICALS, INC.'s MASTER SHORT FORM ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINTS FILED IN OR TRANSFERRED TO *IN RE: PRADAXA (DABIGATRAN ETEXILATE) PRODUCTS LIABILITY LITIGATION* ("MDL 2385")

Defendant Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI"), by its undersigned counsel, hereby files this Master Short Form Answer and Affirmative Defenses ("Master Short Form Answer"), pursuant to Case Management Order 39.

## GENERAL DENIALS AND ADMISSIONS

**General Denials.** BIPI denies each and every allegation contained in Plaintiffs' Complaints that relate to or are directed to BIPI or any of its purported agents or employees. BIPI denies that Plaintiff(s) and/or their Decedent(s) have been damaged to any extent or amount, and BIPI denies that any Plaintiff is entitled to any relief in any form whatsoever from BIPI.[1] BIPI denies that there is any theory in law or fact or any legal relationship under which any Plaintiff is entitled to damages in any amount or form from BIPI.

**Limited Admissions.** BIPI admits that BIPI is a Delaware corporation with its principal place of business at 900 Ridgebury Road, Ridgefield, Connecticut 06877.  BIPI is amenable to

---

[1] The Master Short Form Answer heretofore uses the singular term "Plaintiff" in referring to both single-Plaintiff and multi-Plaintiff actions.

service of process as set forth in the Federal Rules of Civil Procedure and as specifically set forth in Case Management Orders in MDL 2385.

BIPI further admits that it is the United States distributor of Pradaxa, which was approved on October 19, 2010, by the United States Food and Drug Administration ("FDA") in 75mg and 150mg dosages as a safe and efficacious prescription medicine indicated to reduce the risk of stroke and systemic embolism in patients with non-valvular atrial fibrillation. BIPI admits that following its FDA approval, BIPI appropriately marketed, labeled and distributed Pradaxa in the United States in accordance with all applicable laws and regulations, for its approved indications, and with FDA-approved warnings.

## AFFIRMATIVE DEFENSES

Without assuming any burden of pleading or proof that would otherwise rest on Plaintiff, BIPI states as follows:

## I. GENERAL DEFENSES

### FIRST DEFENSE

Venue is improper under 28 U.S.C. § 1391 and/or this case should be transferred to an appropriate court under the doctrine of *forum non conveniens*.

### SECOND DEFENSE

The Complaint fails to state, in whole or in part, a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations, statutes of repose, the doctrine of laches and/or as a result of failure to allege and/or comply with conditions precedent to applicable periods of limitations and repose.

## FOURTH DEFENSE

Plaintiff has failed to join necessary and indispensable parties; as a result, complete relief cannot be afforded to the current parties in this action and will result in prejudice to BIPI.

## FIFTH DEFENSE

Any product for which BIPI was responsible at the time of the occurrence or injuries alleged by Plaintiff was not defective and unreasonably dangerous in its design, manufacture, or marketing, and was at all times reasonably safe and reasonably fit for its intended use. The warnings and instructions accompanying the product or products at issue at the time of the occurrence or injuries alleged by Plaintiff were legally adequate warnings and instructions.

## SIXTH DEFENSE

The occurrence and injuries alleged by Plaintiff were caused or contributed to, in whole or in part, by the negligence, breaches of warranty, or defective products of Plaintiff and/or third parties over whom BIPI had no control and for whom BIPI is not responsible. If judgment is rendered in Plaintiff's favor, the amount of such judgment must be barred in whole or reduced under the doctrine of comparative fault.

## SEVENTH DEFENSE

Any and all damages alleged by Plaintiff were caused by misuse of the product or products at issue in this case, failure to use the product or products properly, and/or alteration or negligent use of the product or products.

## EIGHTH DEFENSE

Plaintiff's claims are barred by Plaintiff's contributory negligence and the contributory negligence of others.

## NINTH DEFENSE

Plaintiff's claims are barred by Plaintiff's express and/or implied assumption of the risks, if any, inherent in the alleged use of the product or products at issue and/or informed consent. Plaintiff knowingly and voluntarily assumed any and all risks associated with the use of the product at issue in this case, and thus the "last clear chance" and assumption of the risk doctrines bar in whole or in part of the damages Plaintiff seeks to recover herein.

## TENTH DEFENSE

BIPI at all times discharged any duty to warn through appropriate and adequate warnings in accordance with federal statutes and regulations with the then-existing states of medical and scientific knowledge.

## ELEVENTH DEFENSE

Plaintiff's alleged injuries and damages, which are denied, may have been caused in whole or in part by Plaintiff's own conduct, intentional acts, contributory negligence, assumption of risk, and want of care.

## TWELFTH DEFENSE

Plaintiff's breach of warranty claims are barred because there is no privity of contract between Plaintiff and BIPI; Plaintiff failed to give timely notice of any alleged breach of warranty to BIPI; and Plaintiff did not reasonably rely upon any alleged representation or warranty.  To the extent Plaintiff relied upon any alleged representation or warranty, such reliance was unjustified; Plaintiff failed to satisfy all conditions precedent or subsequent to the enforcement of such warranty; and the warranty was appropriately disclaimed, excluded or modified.

## THIRTEENTH DEFENSE

If Plaintiff sustained injuries or losses as alleged in the Complaint, a percentage of the tortious conduct that proximately caused Plaintiff's alleged injuries and damages is attributable to one or more persons from whom Plaintiff does not seek recovery in this action.

## FOURTEENTH DEFENSE

The occurrence and injuries alleged by Plaintiff resulted from an intervening cause or a new and independent cause which was the proximate and/or producing cause and/or the sole proximate and/or sole cause of the occurrence and injuries alleged by Plaintiff. Moreover, the occurrence and injuries were caused by separate and independent events or agencies not reasonably foreseeable. Such separate and independent events or agencies destroy the causal connection, if any, between any breach of legal duty on the part of BIPI and the occurrence and injuries alleged by Plaintiff. Such separate and independent events or agencies thereby become the immediate and/or sole cause, and/or sole proximate and/or substantial and/or sole producing cause of such occurrence and injuries, relieving BIPI of liability to Plaintiff or any other parties. Plaintiff's alleged injuries, losses, or damages attributable to the use of the product at issue in this case, if any, were not legally caused by the product at issue, but instead were legally caused by intervening and superseding causes or circumstances.

## FIFTEENTH DEFENSE

Upon information and belief, some or all of the injuries alleged in the Complaint were caused by preexisting medical conditions, subsequent medical conditions, and the natural course of those conditions of the Plaintiff, by an idiosyncratic reaction, operation of nature, or act of God, for which BIPI is not responsible.

## SIXTEENTH DEFENSE

Plaintiff cannot recover under the Complaint because the product at issue was labeled in accordance with the state of the art at the time it was manufactured and there was no practical and technically feasible alternative design or formulation that would have prevented the alleged harm without substantially impairing the usefulness of the product.

## SEVENTEENTH DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrine of *res judicata* and/or the doctrine of estoppel.

## EIGHTEENTH DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrines of payment and release, informed consent, release and waiver.

## NINETEENTH DEFENSE

The benefits of the product or products at issue outweigh the risks, if any, which may be attendant to their use.

## TWENTIETH DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrines set forth in Comment k of the Restatement (Second) of Torts § 402A as to the product or products at issue.  Liability may not attach simply because a product may be inherently dangerous if it was accompanied by an adequate warning.

## TWENTY-FIRST DEFENSE

Plaintiff's inadequate warning claims are barred because the alleged risk which Plaintiff claims is open, obvious, and/or a matter of common knowledge.

## TWENTY-SECOND DEFENSE

Any attempt to impose market share and/or enterprise liability against BIPI is barred.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred in whole or in part pursuant to Comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part pursuant to Comment j to Section 402A of the Restatement (Second) of Torts.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Product Liability.

## TWENTY-SIXTH DEFENSE

Any warnings which BIPI gave were transmitted to the prescribing physicians and/or health care providers.  BIPI's only obligation is to warn the prescribing physician and/or health care providers and said obligation was fulfilled.

## TWENTY-SEVENTH DEFENSE

To the extent Plaintiff's claims are based on alleged misrepresentations or omissions made to the FDA, and/or to the extent Plaintiff seeks to privately enforce any provision of the Food, Drug, and Cosmetic Act, such claims are barred pursuant to *Buckman Co. v. Plaintiff's Legal Committee*, 531 U.S. 341 (2001) and/or 21 U.S.C. § 337.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred because BIPI complied with all applicable state and federal statutes regarding the product in question, including the requirements and regulations promulgated by the FDA and contained in Chapter 21 of the Code of Federal

Regulations as well as the industry standards based upon the state of knowledge existing at the relevant time alleged by the Complaint. Pradaxa was reasonably fit, suitable and safe for its intended use.  In the event that Plaintiff's claims are not barred, BIPI is entitled to a presumption that the products in question are free from any defect or defective condition as the plans or design for the product were in conformity with government standards established for the prescription drug industry that were in existence at the time the plans or designs for the product or the method and techniques of manufacturing, inspecting, and testing the product were adopted.

## TWENTY-NINTH DEFENSE

Plaintiff's claims are barred and/or this Court should abstain from adjudicating these claims, in whole or in part, pursuant to the doctrine of primary jurisdiction, in that the FDA is charged under the law with regulating prescription drugs, including Pradaxa, and is specifically charged with determining the content of warnings and labeling for prescription drugs.

## THIRTIETH DEFENSE

Granting the relief requested in Plaintiff's Complaint would impermissibly infringe upon and/or conflict with applicable federal laws, including the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301, *et seq.*, regulations and policies in violation of the Supremacy Clause of the United States Constitution.  Therefore, Plaintiff's claims are preempted in whole or in part.

## THIRTY-FIRST DEFENSE

To the extent Plaintiff asserts claims based on BIPI's adherence to and compliance with applicable state laws, regulations, and rules, such claims are preempted by federal law under the

Final Rule, Requirements on content and format of Labeling for Human Prescription Drug and Biological Products, FDA Docket No. 2000N-1269 (January 24, 2006).

## THIRTY-SECOND DEFENSE

BIPI is entitled to protection under the *Noerr-Pennington* doctrine, which provides that parties who exercise their First Amendment right to communicate and/or petition the government are immune from liability premised on any such efforts.

## THIRTY-THIRD DEFENSE

BIPI's advertisements and labeling with respect to the products which are the subject of this action were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution and the Constitutions of applicable state(s) and/or United States Districts and/or Territories.

## THIRTY-FOURTH DEFENSE

The extent of any risk associated with the use of Pradaxa, the existence of which is not admitted, was, at the time of the distribution of the product by BIPI, unknown and could not have been known by the use of ordinary care by BIPI.

## THIRTY-FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part by Plaintiff's failure to assert a safer design for the product(s) at issue.

## THIRTY-SIXTH DEFENSE

With respect to each and every purported cause of action, the acts of BIPI were at all times done in good faith and without malice.

## THIRTY-SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part due to a lack of notice or lack of privity.

## THIRTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity to sue, and/or lacks standing to bring such claims.

## THIRTY-NINTH DEFENSE

To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint; such benefits are not recoverable in this action.

## FORTIETH DEFENSE

BIPI is entitled to the benefit of all defenses and presumptions contained in, or arising from, any rule of law or statute of any state whose substantive law might control the action.

## FORTY-FIRST DEFENSE

Plaintiff now has or had the ability to mitigate their alleged damages, if any, but has failed and refused to mitigate such alleged damages and, therefore, is barred from asserting against BIPI the claims which are attempted to be set forth in the Complaint.

## FORTY-SECOND DEFENSE

Plaintiff's alleged loss, damage, injury, harm, expense, diminution, or deprivation alleged, if any, was caused in whole or in part by Plaintiff's failure to exercise reasonable care.

## FORTY-THIRD DEFENSE

If Plaintiff has filed bankruptcy during the relevant time period of the events alleged in the Complaint or files for bankruptcy at some point in the future, the claims of Plaintiff may be "property of the bankruptcy estate" which should be prosecuted by the bankruptcy trustee rather

than the Plaintiff, or, if not disclosed by the Plaintiff on the schedules and/or statement of financial affairs, may be barred by the doctrine of judicial estoppel.

### FORTY-FOURTH DEFENSE

BIPI is unaware at this time of any settlement by any alleged joint tortfeasor. However, in the event any settlement is or has been made by any alleged joint tortfeasor, BIPI is entitled to a credit/offset for such settlement.

### FORTY-FIFTH DEFENSE

Plaintiff has failed to plead a cause of action for fraud as the Complaint does not set forth allegations of fraud with the requisite particularity.

### FORTY-SIXTH DEFENSE

BIPI's acts were at all times done in good faith and without malice, with respect to each and every purported cause of action in Plaintiff's Complaint.

### FORTY-SEVENTH DEFENSE

BIPI asserts the provisions of all applicable statutory caps on damages of any sort, including compensatory, punitive, non-economic or exemplary damages, under applicable regulations and/or laws.

### FORTY-EIGHTH DEFENSE

To the extent Plaintiff requests attorneys' fees, such request is improper under applicable law.

### FORTY-NINTH DEFENSE

Plaintiff requests punitive damages, such claims violate, and are therefore barred by, the Fourth, Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and corresponding portions of the Constitution of any other

State, Commonwealth or Territory of the United States whose laws might be deemed controlling in this case, on grounds including, but not limited to, the following:

a. It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b. The procedures to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringe upon the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

c. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award of punitive damages which thereby violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution;

d. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution;

e. The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and thus violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

f. The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringe upon the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

g. The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment to the United States Constitution;

h. The award of punitive damages to Plaintiff in this action would constitute a deprivation of property without due process of law; and

i. The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

**FIFTIETH DEFENSE**

BIPI specifically incorporates by reference all standards and limitations regarding the determination and enforceability of punitive damages awards, including, but not limited to, those standards of limitation which arose in *BMW of North America v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001), *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003), and *Phillip Morris USA v. Williams*, 127 S.Ct. 1057 (2007).

## II.  WRONGFUL DEATH DEFENSE

### FIFTY-FIRST DEFENSE

To the extent Plaintiff alleges that death occurred, any damages for a wrongful death claim may only be based on the destruction to the decedent's power to labor and earn money.  Absent any factual allegations indicating that Plaintiff's power to labor and earn money at the time of death had been destroyed, such request for damages is barred.

## III.  LOSS OF CONSORTIUM DEFENSES

### FIFTY-SECOND DEFENSE

Plaintiff suffered no physical injury from Pradaxa.

### FIFTY-THIRD DEFENSE

Certain parties and/or claims have been misjoined in this action.

## IV.  ALABAMA DEFENSES

### FIFTY-FOURTH DEFENSE

Plaintiff is barred from recovery pursuant to the doctrine of contributory negligence to the extent that Alabama law applies. *Tell v. Terex Corp.*, 962 So. 2d 174, 177 (Ala. 2007).

### FIFTY-FIFTH DEFENSE

BIPI affirmatively pleads all defenses available to it pursuant to the Alabama Extended Manufacturer's Liability Doctrine as set forth in *Casrell v. Altec Indus.*, 335 So.2d 128 (Ala. 1976), *Atkins v. American Motors Corp.*, 335 So.2d 134 (Ala. 1976), and their progeny.

### FIFTY-SIXTH DEFENSE

The demand for punitive damages in this matter is subject to the limitations established by the Alabama legislature and set forth in Ala. Code § 6-11-21 (1875).  BIPI adopts by reference the defense, criteria, limitations, and standards mandated by this Alabama statute.  The

Alabama Supreme Court's action in abolishing the legislatively created cap on punitive damages was unconstitutional and is without effect.  Under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through a judicial decision.  *See Honda Motor Co., Ltd. V. Oberg,* 512 U.S. 415, 114 S.Ct. 2331, 2340 n.9 (1994).

### FIFTY-SEVENTH DEFENSE

BIPI avers that the method of imposing punitive damages violates Amendment 328, Section 6.11 of the Constitution of Alabama, which prohibits the use of a procedural rule to abridge, enlarge, or modify the substantive right of any party. *See Leonard v. Terminix Int'l Co.,* 854 So.2d 529 (Ala. 2002).

### FIFTY-EIGHTH DEFENSE

The imposition of punitive damages is an act of policy making on the part of the judiciary, in violation of Article III, Section 43 of the Constitution of Alabama.

### FIFTY-NINTH DEFENSE

The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established under Ala. Code § 27-1-17 in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Constitution of the State of Alabama.

### SIXTIETH DEFENSE

BIPI pleads and claims benefit of all presumptions and defenses available pursuant to the Alabama Deceptive Trade Practices Act, Ala. Code §§ 8-18-5, *et seq.*.

## V.   ALASKA DEFENSES

### SIXTY-FIRST DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited pursuant to Alaska Stat. §§ 09.17.060, *et seq.*

### SIXTY-SECOND DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited by Alaska Stat. §§ 09.17.080, *et seq.*

### SIXTY-THIRD DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations to punitive damages awards available under Alaska Stat. § 09.17.020.

### SIXTY-FOURTH DEFENSE

BIPI pleads and claims benefit of all presumptions and defenses available pursuant to the Unfair Trade Practices and Consumer Protection Laws, Alaska Stat. §§ 45.50.471, *et seq.*

## VI.   ARIZONA DEFENSES

### SIXTY-FIFTH DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited pursuant to the Uniform Contribution Among Tortfeasors Act, Ariz. Rev. Stat. §§ 12-2501, *et seq.*

### SIXTY-SIXTH DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited by the Uniform Contribution Among Tortfeasors Act, Ariz. Rev. Stat. §§ 12-2501, *et seq.*

### SIXTY-SEVENTH DEFENSE

BIPI affirmatively pleads all defenses available to it pursuant to Ariz. Rev. Stat. §§ 12-681, *et seq.*, 12-551& 12-542.

### SIXTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Pradaxa was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301. Therefore, Ariz. Rev. Stat. § 12-701 bars punitive damages.

### SIXTY-NINTH DEFENSE

BIPI pleads and claims benefit of all presumptions and defenses available pursuant to the Arizona Consumer Fraud Act, Ariz. Rev. Stat. §§ 44-1521, *et seq.*

### SEVENTIETH DEFENSE

All activities of BIPI as alleged in the Complaint were expressly authorized and/or regulated by a government agency.  Therefore, to the extent Plaintiff makes claims pertaining to unfair or deceptive practices, such claims are barred by Ariz. Rev. Stat. §§ 44-1522 & 44-1523.

**VII.   ARKANSAS DEFENSES**

### SEVENTY-FIRST DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited to Ark. Code Ann. § 16-64-122.

### SEVENTY-SECOND DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited by Ark. Code Ann. §§ 16-55-201, 16-61-202(3) and 16-61-207(6).

### SEVENTY-THIRD DEFENSE

BIPI affirmatively pleads all defenses available to it pursuant to Ark. Code Ann. §§ 16-116-101, *et seq.*, otherwise known as the Arkansas Product Liability Act.

### SEVENTY-FOURTH DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations to punitive damages awards available under Ark. Code Ann. § 16-55-208.

### SEVENTY-FIFTH DEFENSE

BIPI affirmatively pleads all defenses available to it pursuant to the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §§ 4-88-101, *et seq.*

### SEVENTY-SIXTH DEFENSE

BIPI pleads all affirmative defenses available pursuant to The Civil Justice Reform Act of 2003, Ark. Code Ann. §§ 16-55-200, *et seq.*

## VIII.   CALIFORNIA DEFENSES

### SEVENTY-SEVENTH DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited by Cal. C.C.P. §§ 875-880 and Cal. Civ. Code. § 1431.

### SEVENTY-EIGHTH DEFENSE

BIPI affirmatively pleads all defenses available to it pursuant to Cal. Civ. Code. § 1714.45.

### SEVENTY-NINTH DEFENSE

BIPI specifically incorporates and asserts all standards and/or limitations regarding punitive damages awards set forth in Cal. Civ. Code. §§ 3294-3295, 3345-3347.

### EIGHTIETH DEFENSE

To the extent that Plaintiff seeks punitive damages for an alleged act or omission of BIPI, no act or omission was oppressive, fraudulent, or malicious, under Cal. Civ. Code § 3294, and therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under Cal. Civ. Code § 3294(b).

### EIGHTY-FIRST DEFENSE

BIPI affirmatively pleads and claims the benefit of all presumptions and defenses available to it pursuant to the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*, the California Business and Professional Code, including, but not limited to Cal. Bus. & Prof. Code §§ 17200, *et seq.,* the California Uniform Commercial Code, the California Code of Civil Procedure and/or the California Civil Code.

## IX.     COLORADO DEFENSES

### EIGHTY-SECOND DEFENSE

To the extent that Plaintiff is seeking recovery of benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Colo. Rev. Stat. § 13-21-111.6.

### EIGHTY-THIRD DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited pursuant to Colo. Rev. Stat. §§ 13-21-111, *et seq*.

### EIGHTY-FOURTH DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited by Colo. Rev. Stat. §§ 13-21-111.5 & 13-50.5-104.

19

## EIGHTY-FIFTH DEFENSE

BIPI pleads and claims benefit of all presumptions and defenses available to it pursuant to Colo. Rev. Stat. §§ 13-21-401 *et seq.*, or the Colorado Product Liability Act, including presumptions contained in Colo. Rev. Stat. § 13-21-403.

## EIGHTY-SIXTH DEFENSE

BIPI specifically incorporates and asserts all standards and/or limitations regarding punitive damages awards set forth in Colo. Rev. Stat. § 13-21-102.

## EIGHTY-SEVENTH DEFENSE

BIPI asserts all defenses available under Colorado's Deceptive Trade Practices Act and Consumer Protection Act, §§ 6-1-101, *et seq.*

## EIGHTY-EIGHTH DEFENSE

An award of treble damages pursuant to the Colorado Consumer Protection Act violates the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the Due Process Clause in Article II, Section 25 of the Colorado Constitution, and would be unlawfully inconsistent with both the limitation upon punitive damages set forth in Colo. Rev. Stat. § 13-21-102 and the standard of proof required for the imposition of punitive damages.

## EIGHTY-NINTH DEFENSE

Pursuant to Colo. Rev. Stat. § 6-1-113(3), to the extent Plaintiff alleges a claim under the Colorado Consumer Protection Act, such a claim is groundless, in bad faith, and/or for the purpose of harassment, entitling the Defendants to fees and costs incurred herein.

## NINETIETH DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations to non-economic damages awards available under Colo. Rev. Stat. § 13-21-102.

## X.    CONNECTICUT DEFENSES

### NINETY-FIRST DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited by Conn.Gen.Stat. §§ 52-572h and 52-572m, *et seq.*

### NINETY-SECOND DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited by the principles of contribution and apportionment of fault pursuant to Conn.Gen.Stat. §§ 52-572h and 52-572m, *et seq.*

### NINETY-THIRD DEFENSE

To the extent that Connecticut law applies to Plaintiff's claims, BIPI affirmatively pleads all defenses available to it pursuant to Conn.Gen.Stat. §§ 52-572, *et seq.*

### NINETY-FOURTH DEFENSE

To the extent Connecticut law applies, BIPI incorporates and asserts by reference the limitations on punitive damages awards set forth in Conn.Gen.Stat. § 52-240b.

### NINETY-FIFTH DEFENSE

To the extent Connecticut law applies, BIPI pleads and claims benefit of all presumptions and defenses available pursuant to the Unfair Trade Practices Act, Conn.Gen.Stat. § 38a-815.

## XI.   DELAWARE DEFENSES

### NINETY-SIXTH DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited pursuant Del. Code Ann. Tit. 10, §§ 8132, *et seq.*, to the extent Delaware law applies.

### NINETY-SEVENTH DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability. BIPI's liability, if any, is limited by Del. Code Ann. Tit. 10, §§ 8132, *et seq.*, and Del. Code Ann. Tit. 10, §§ 6301, *et seq.*

### NINETY-EIGHTH DEFENSE

With respect to Plaintiff's demand for punitive damages, BIPI specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards as set forth in *Presley v. Silberberg*, 1988 WL 90545, *2, 1988 Del. Super. LEXIS 300, **7 (Del. Super. Ct. Aug. 11, 1988).

### NINETY-NINTH DEFENSE

To the extent Delaware law applies, BIPI pleads and claims benefit of all presumptions and defenses available pursuant to the Deceptive Trade Practices Act, Del. Code Ann. tit. 6, §§ 2531-2536 and the Consumer Fraud Act, Del. Code Ann. Tit. 6 §§ 2511-2527.

## XII.   FLORIDA DEFENSES

### ONE HUNDREDTH DEFENSE

To the extent that Plaintiff is seeking recovery for benefits entitled to be received or actually received from any source for injuries in the Complaint, such benefits are not recoverable in this action under Fla. Stat. § 768.76.

### ONE HUNDRED FIRST DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited by Fla. Stat. § 768.81.

### ONE HUNDRED SECOND DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery, taking into account the percentage of fault attributable to all other persons, whether or not a party hereto, since any liability which would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited by the principles of contribution and apportionment of fault under Fla. Stat. §§ 768.31 and 768.81.Further, to the extent that Florida law applies, the persons or entities referred to in this paragraph that are presently unknown to BIPI will be identified in a timely manner consistent with *Nash v. Wells Fargo*, 678 So. 2d 1262 (Fla. 1996).

### ONE HUNDRED THIRD DEFENSE

With respect to Plaintiff's demand for punitive damages, BIPI specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards as set forth in *Bould v. Touchette*, 349 So.2d 1186 (Fla. 1977), and *Engle v. Liggett Group, Inc.*, 945 So.2d 1264 (Fla. 2006).

## ONE HUNDRED FOURTH DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations to punitive damages awards available under Fla. Stat. § 768.725, § 768.72, and § 768.73, including but not limited to the "one punishment rule."

## ONE HUNDRED FIFTH DEFENSE

BIPI affirmatively pleads all defenses available to it pursuant to the Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 *et seq.*

## ONE HUNDRED SIXTH DEFENSE

Pursuant to Fla. Stat. § 768.1256, a rebuttable presumption exists that the subject product is not defective or unreasonably dangerous in that the subject product complied with the applicable federal or state codes, statutes, regulations, and standards.

## ONE HUNDRED SEVENTH DEFENSE

To the extent Plaintiff attempts to state a cause of action for breach of warranty against BIPI, such claim fails as a matter of law.  The Florida Supreme Court has expressly held that the doctrine of strict liability in tort supplants all no-privity breach of warranty claims. *See Kramer v. Piper Aircraft Corp.*, 520 So.2d 37 (Fla. 1988); *see also Amoroso v. Samuel Friedland Family Enter.*, 604 So.2d 827 (Fla. 4th DCA 1992); *Intergraph Corp. v. Stearman*, 555 So.2d 1282 (Fla. 2d DCA 1990); *Westinghouse Corp. v. Ruiz*, 537 So.2d 596 (Fla. 3d DCA 1988); *Monroe v. Sarasota Cty. School Bd.*, 746 So.2d 530 (Fla. 2d DCA 1999).

## ONE HUNDRED EIGHTH DEFENSE

In the event that an award for future economic damages is returned in excess of $250,000, BIPI is entitled to seek payment as provided by Fla. Stat. § 768.78.

## ONE HUNDRED NINTH DEFENSE

Pursuant to Fla. Stat. § 90.407, any subsequent remedial measures are not admissible in this product liability action.

## XIII. GEORGIA DEFENSES

## ONE HUNDRED TENTH DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited pursuant to O.C.G.A. §§ 51-12-30, *et seq*.

## ONE HUNDRED ELEVENTH DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited by O.C.G.A. §§ 51-12-30, *et seq*.

## ONE HUNDRED TWELFTH DEFENSE

BIPI affirmatively pleads any and all defenses available to it under O.C.G.A. §§ 11-2-314 & 51-1-11.

## ONE HUNDRED THIRTEENTH DEFENSE

Plaintiff's claims are confined to those available under O.C.G.A. §§ 11-2-314 & 51-1-11.

## ONE HUNDRED FOURTEENTH DEFENSE

To the extent Plaintiff attempts to allege claims of fraud, such claims are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b) and O.C.G.A. § 9-11-9(B).

## ONE HUNDRED FIFTEENTH DEFENSE

To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate BIPI's

state and federal constitutional rights under the Due Process, Equal Protection, Double Jeopardy, Contract, and Excessive Fines Clauses of the United States Constitution, as well as other provisions therein, and the cognate provisions of the Georgia Constitution. Furthermore, O.C.G.A. § 51-12-5.1(e) impermissibly singles out and exempts products liability cases from the limits otherwise imposed on the recovery of punitive damages, leaving their assessment to the standardless discretion of the finder of fact. Further, the statute and Georgia cases decided under it do not comply with the minimum standards established by the United States Supreme Court in this evolving area of the law.

**ONE HUNDRED SIXTEENTH DEFENSE**

BIPI specifically incorporates and asserts all defenses and limitations to Plaintiff's claims for punitive damages available under O.C.G.A. § 51-12-5.1, including but not limited to the "one punishment" rule.

**ONE HUNDRED SEVENTEENTH DEFENSE**

BIPI specifically incorporates and asserts all defenses and limitations available under the Fair Business Practices Act of 1975, O.C.G.A. §§ 10-1-391, *et seq*.

**XIV.   HAWAII DEFENSES**

**ONE HUNDRED EIGHTEENTH DEFENSE**

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited pursuant to H.R.S §§ 663-31, *et seq.*

**ONE HUNDRED NINETEENTH DEFENSE**

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability. BIPI's liability, if any, is limited by Haw.Rev.Stat. §§ 663-31, *et seq.*

26

## ONE HUNDRED TWENTIETH DEFENSE

With respect to Plaintiff's demand for punitive damages, BIPI specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards as set forth in *Planned Parenthood of the Columbia / Williamette, Inc. v. American Coalition of Life Activists*, 422 F.3d 949 (9th Cir. 2005).

## ONE HUNDRED TWENTY-FIRST DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations available under Haw.Rev.Stat. §§ 480-1, *et seq.*

## ONE HUNDRED TWENTY-SECOND DEFENSE

Any award for pain and suffering may not exceed the applicable statutory limits of Haw.Rev.Stat. §§ 663-8.7, *et seq.*

## XV.    IDAHO DEFENSES

## ONE HUNDRED TWENTY-THIRD DEFENSE

To the extent that Plaintiff is seeking recovery for benefits entitled to be received or actually received from any source for injuries in the Complaint, such benefits are not recoverable in this action under Idaho Code § 6-1606.

## ONE HUNDRED TWENTY-FOURTH DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited pursuant to Idaho Code §§ 6-801, *et seq.*

## ONE HUNDRED TWENTY-FIFTH DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which

would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited by Idaho Code §§ 6-802, *et seq.*

**ONE HUNDRED TWENTY-SIXTH DEFENSE**

BIPI affirmatively pleads any and all defenses available to it under Idaho Code §§ 6-1401, *et seq.*

**ONE HUNDRED TWENTY-SEVENTH DEFENSE**

BIPI specifically incorporates and asserts all defenses and limitations to punitive damages awards available under Idaho Code § 6-1604.

**ONE HUNDRED TWENTY-EIGHTH DEFENSE**

BIPI specifically incorporates and asserts all defenses and limitations available under the Idaho Consumer Protection Act, Idaho Code §§ 48-601, *et seq.*

**ONE HUNDRED TWENTY-NINTH DEFENSE**

BIPI specifically incorporates and asserts all defenses and limitations to non-economic damages awards available under Idaho Code § 6-1603.

**XVI.  ILLINIOS DEFENSES**

**ONE HUNDRED THIRTIETH DEFENSE**

To the extent that Plaintiff is seeking recovery for benefits entitled to be received or actually received from any source for injuries in the Complaint, such benefits are not recoverable in this action under 215 ILCS 5/370a.

**ONE HUNDRED THIRTY-FIRST DEFENSE**

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited pursuant to 735 ILCS5/2-1116, *et seq.*

### ONE HUNDRED THIRTY-SECOND DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited by 735 ILCS5/2-1117 *et seq.* and 740 ILCS100/0.01 *et seq.*

### ONE HUNDRED THIRTY-THIRD DEFENSE

BIPI affirmatively pleads all defenses available to it pursuant to 735 ILCS5/2-621, *et seq.*, or the Illinois Product Liability Act.

### ONE HUNDRED THIRTY-FOURTH DEFENSE

BIPI specifically incorporates and asserts by reference all standards and/or limitations regarding punitive damages awards set forth in 735 ILCS5/2-604.1.

### ONE HUNDRED THIRTY-FIFTH DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations available under 815 ILCS505/10, *et seq.*

### XVII.  INDIANA DEFENSES

### ONE HUNDRED THIRTY-SIXTH DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited the Comparative Fault provisions of IND. CODE ANN. §§ 34-51-2-1, *et seq.*

### ONE HUNDRED THIRTY-SEVENTH DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited by IND. CODE ANN. §§ 34-51-2-1, *et seq.*

29

## ONE HUNDRED THIRTY-EIGHTH DEFENSE

BIPI affirmatively pleads any and all defenses available to it under IND. CODE ANN. §§

34-20-1-1, *et seq.*, otherwise known as the Indiana Product Liability Act.

## ONE HUNDRED THIRTY-NINTH DEFENSE

Plaintiff's claims are confined to those available under the Indiana Product Liability Act,

IND. CODE ANN. §§ 34-20-1-1, *et seq.*

## ONE HUNDRED FORTIETH DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations to punitive

damages awards available under IND. CODE ANN. §§ 34-51-3-1, *et seq.*

## ONE HUNDRED FORTY-FIRST DEFENSE

BIPI pleads and claims the benefit of all applicable defenses and presumptions contained

in the Indiana Deceptive Consumer Sales Act, IND. CODE ANN.§§ 24-5-0.5-1, *et seq.*


## XVIII. IOWA DEFENSES

## ONE HUNDRED FORTY-SECOND DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited pursuant to the

Comparative Fault Act, Iowa Code § 668.

## ONE HUNDRED FORTY-THIRD DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then

it shall only be liable for its equitable share of Plaintiff's recovery since any liability which

would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is

limited by Iowa Code§ 668.

## ONE HUNDRED FORTY-FOURTH DEFENSE

BIPI affirmatively pleads all defenses available to it pursuant to Iowa Code § 668.12.

## ONE HUNDRED FORTY-FIFTH DEFENSE

Plaintiff's claims are confined to those available under Iowa Code § 668.12.

## ONE HUNDRED FORTY-SIXTH DEFENSE

BIPI specifically incorporates by reference and asserts all limitations on punitive damages available to it under Iowa Code § 668A.

## XIX.   KANSAS DEFENSES

### ONE HUNDRED FORTY-SEVENTH DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited pursuant to Kan. Stat.Ann. §§ 60-258a, *et seq.*

### ONE HUNDRED FORTY-EIGHTH DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited by Kan. Stat.Ann. §§ 60-258a, *et seq.*

### ONE HUNDRED FORTY-NINTH DEFENSE

BIPI affirmatively pleads any and all defenses available to it under Kan. Stat.Ann. §§ 60-3302, *et seq.*, otherwise known as the Kansas Product Liability Act.

### ONE HUNDRED FIFTIETH DEFENSE

Plaintiff's claims are confined to those available under the Kansas Product Liability Act, Kan. Stat.Ann. §§ 60-3302, *et seq.*

### ONE HUNDRED FIFTY-FIRST DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations to punitive damages awards available under Kan. Stat.Ann. § 60-3701.

### ONE HUNDRED FIFTY-SECOND DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations available under the Kansas Consumer Protection Act, Kan. Stat.Ann. §§ 50-623, *et seq.*

## XX.    KENTUCKY DEFENSES

### ONE HUNDRED FIFTY-THIRD DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited pursuant to Ky. Rev. Stat. Ann. § 411.182, to the extent that Kentucky law applies.

### ONE HUNDRED FIFTY-FOURTH DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited the principles of contribution and apportionment of fault under Ky. Rev. Stat. Ann. § 411.182.

### ONE HUNDRED FIFTY-FIFTH DEFENSE

BIPI affirmatively pleads all defenses available to it pursuant to Ky. Rev. Stat. Ann. §§ 411.300, *et seq.*, otherwise known as the Kentucky Product Liability Act and  Ky. Rev. Stat. Ann. §§ 367.170, *et seq.*

### ONE HUNDRED FIFTY-SIXTH DEFENSE

Plaintiff's claims are confined to those available under the Kentucky Product Liability Act.

### ONE HUNDRED FIFTY-SEVENTH DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations to punitive damages awards available under Ky. Rev. Stat. §§ 411.184, *et seq.*

32

## ONE HUNDRED FIFTY-EIGHTH DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations available under the Consumer Protection Act, Ky. Rev. Stat. §§ 367.110-367.300.

## XXI.  LOUISIANA DEFENSES

### ONE HUNDRED FIFTY-NINTH DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited pursuant to La. Civ. Code Ann. art. §2323, *et seq.*

### ONE HUNDRED SIXTIETH DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited by La. Civ. Code Ann. art 2323, *et seq.* & 2324, *et seq.*

### ONE HUNDRED SIXTY-FIRST DEFENSE

BIPI affirmatively pleads all defenses available to it pursuant to La. Rev. Stat. Ann. §§ 9:2800.51, *et seq.* otherwise known as the Louisiana Products Liability Act.

### ONE HUNDRED SIXTY-SECOND DEFENSE

To the extent that Louisiana law applies to Plaintiff's claims, those claims are confined to those available under the Louisiana Products Liability Act.

### ONE HUNDRED SIXTY-THIRD DEFENSE

BIPI specifically incorporates and reasserts by reference all standards and/or limitations regarding punitive damages awards set forth in La. Civ. Code Ann. art 3546.

## ONE HUNDRED SIXTY-FOURTH DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations available under the Unfair Trade and Consumer Protection Law, La. Rev. Stat. §§ 51:1401, *et seq.*

## XXII.  MAINE DEFENSES

## ONE HUNDRED SIXTY-FIFTH DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited pursuant to 14 M.R.SA. §§ 156, *et seq.*

## ONE HUNDRED SIXTY-SIXTH DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited by 14 M.R.S.A. §§ 156, *et seq.*

## ONE HUNDRED SIXTY-SEVENTH DEFENSE

BIPI affirmatively pleads all defenses available to it pursuant to 14 M.R.S.A. § 221.

## ONE HUNDRED SIXTY-EIGHTH DEFENSE

With respect to Plaintiff's demand for punitive damages, BIPI specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards as set forth in *Tuttle v. Raymond*, 494 A.2d 1353 (Me. 1985).

## ONE HUNDRED SIXTY-NINTH DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations available under the Maine Unfair Trade Practices Act, 5 M.R.S.A. §§ 205-A, *et seq.*

## XXIII. MARYLAND DEFENSE

## ONE HUNDRED SEVENTIETH DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited by the doctrine of contributory negligence as set forth in *Harrison v. Montgomery County Bd. of Educ.,* 295 Md. 442, 456 A.2d 894 (1983).

## ONE HUNDRED SEVENTY-FIRST DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability. BIPI's liability, if any, is limited by the Maryland Uniform Contribution Among Joint Tortfeasors Act, MD. CODE ANN. CTS. & JUD. PROC., §§ 3-1401, *et seq.*

## ONE HUNDRED SEVENTY-SECOND DEFENSE

With respect to Plaintiff's demand for punitive damages, BIPI specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards as set forth in *Bowden v. Caldor, Inc.*, 710 A.2d 267 (Md. 1998), and *ACandS, Inc. v. Asner*, 686 A.2d 250 (Md. 1996).

## ONE HUNDRED SEVENTY-THIRD DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations available under the Maryland Consumer Protection Act, MD. CODE ANN., COM. LAW §§ 13-101, *et seq.*

## ONE HUNDRED SEVENTY-FOURTH DEFENSE

To the extent Maryland law applies, any award for non-economic damages may not exceed the applicable statutory limits of MD. CODE ANN. CTS. & JUD. PROC., §§ 11-108, *et seq.*

## XXIV. MASSACHUSETTS DEFENSES

## ONE HUNDRED SEVENTY-FIFTH DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited by Mass. Gen. Laws ch. 231 § 85, to the extent that Massachusetts law applies.

## ONE HUNDRED SEVENTY-SIXTH DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited by Mass. Gen. Laws ch. 231B §§ 1 & 3.

## ONE HUNDRED SEVENTY-SEVENTH DEFENSE

With respect to Plaintiff's demand for punitive damages, BIPI specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards as set forth in *Flesner v. Technical Communications Group*, 575 N.E.2d 1107 (Mass. 1991).

## ONE HUNDRED SEVENTY-EIGHTH DEFENSE

BIPI specifically incorporates and asserts all defenses, presumptions, and limitations available under the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch.93A §§ 1, *et seq.*

## XXV.  MICHIGAN DEFENSES

## ONE HUNDRED SEVENTY-NINTH DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited pursuant to MICH. COMP. LAWS § 600.2959.

## ONE HUNDRED EIGHTIETH DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which

would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited by MICH. COMP. LAWS §§ 600.295a(2), 600.2956 and 600.2957.

**ONE HUNDRED EIGHTY-FIRST DEFENSE**

BIPI will show upon trial of this action, and hereby gives notice pursuant to MICH. COMP. LAWS § 600.2957, that the negligence of persons or entities, currently not parties to this litigation, is the sole proximate cause, or at least a contributing cause, of the damages and/or injuries alleged by Plaintiff, and that notice as required pursuant to the applicable court rule will be given with respect to the fault of such non-parties, identifying same to the extent possible.

**ONE HUNDRED EIGHTY-SECOND DEFENSE**

BIPI affirmatively pleads all defenses available to it pursuant to MICH. COMP. LAWS §§ 600.2945, *et seq.*, commonly known as the Michigan Products Liability Statute.

**ONE HUNDRED EIGHTY-THIRD DEFENSE**

To the extent that Michigan law applies to Plaintiff's claims, those claims are confined to those available under the Michigan Product Liability Statute.

**ONE HUNDRED EIGHTY-FOURTH DEFENSE**

With respect to Plaintiff's demand for punitive damages, BIPI specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards as set forth in *McAuley v. General Motors Corp.*, 578 N.W.2d 282 (Mich. 1998), *overruled in part by Rafferty v. Markovitz*, 461 Mich. 265 (1999).

**ONE HUNDRED EIGHTY-FIFTH DEFENSE**

BIPI specifically incorporates and asserts all defenses and limitations available the Michigan Consumer Protection Act, MICH. COMP. LAWS §§ 445.901, *et seq.*

## ONE HUNDRED EIGHTY-SIXTH DEFENSE

Any award for non-economic damages may not exceed the applicable statutory limits of MICH. COMP. LAWS. § 600.2946a.

## XXVI. MINNESOTA DEFENSES

### ONE HUNDRED EIGHTY-SEVENTH DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited pursuant to Minn. Stat. Ann. § 604.01.

### ONE HUNDRED EIGHTY-EIGHTH DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited by Minn. Stat. Ann. § 604.02.

### ONE HUNDRED EIGHTY-NINTH DEFENSE

BIPI affirmatively pleads all defenses available to it pursuant to Minn. Stat. Ann. § 544.41.

### ONE HUNDRED NINETIETH DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations to punitive damages awards available under Minn. Stat. Ann. § 549.20.

### ONE HUNDRED NINETY-FIRST DEFENSE

Plaintiff's claims for punitive damages are barred by Minn. Stat. Ann. §549.191.

### ONE HUNDRED NINETY-SECOND DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations available under the Prevention of Consumer Fraud Act, Minn. Stat. Ann. § 325F.68-70; the Unlawful Trade Practices Act, Minn. Stat. Ann.§ 325D.09-16; the Uniform Deceptive Trade Practices Act, Minn.

38

Stat. Ann.§ 325D.43-48; and the False Statement in Advertising Act, Minn. Stat. Ann. § 325F.67.

## XXVII.        MISSISSIPPI DEFENSES

### ONE HUNDRED NINETY-THIRD DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited by Miss. Code Ann. § 11-7-15.

### ONE HUNDRED NINETY-FOURTH DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited by Miss. Code Ann. § 85-5-7.

### ONE HUNDRED NINETY-FIFTH DEFENSE

BIPI affirmatively pleads all defenses available to it pursuant to Miss. Code Ann. § 11-1-63, otherwise known as the Mississippi Product Liability Act.

### ONE HUNDRED NINETY-SIXTH DEFENSE

To the extent that Mississippi law applies to Plaintiff's claims, those claims are confined to those available under the Mississippi Product Liability Act.

### ONE HUNDRED NINETY-SEVENTH DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations to punitive damages awards available under Miss. Code Ann. § 11-1-65.

### ONE HUNDRED NINETY-EIGHTH DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations available under Miss. Code Ann. §§ 75-24-1, *et seq*.

## ONE HUNDRED NINETY-NINTH DEFENSE

Any award for non-economic damages may not exceed the applicable statutory limits of Miss. Code Ann. § 11-1-60.

**XXVIII.       MISSOURI DEFENSES**

## TWO HUNDREDTH DEFENSE

To the extent that Plaintiff is seeking recovery for benefits entitled to be received or actually received from any source for injuries in the Complaint, such recovery is subject to the provisions of §§ 490.710& 490.715 Mo. Rev. Stat..

## TWO HUNDRED FIRST DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited pursuant to §§ 537.765 Mo. Rev. Stat., *et seq.*.

## TWO HUNDRED SECOND DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited by §§ 537.067 Mo. Rev. Stat., *et seq.*

## TWO HUNDRED THIRD DEFENSE

BIPI affirmatively pleads all defenses available to it pursuant to § 537.760 Mo. Rev. Stat., *et seq.*, otherwise known as the Missouri Product Liability Act.

## TWO HUNDRED FOURTH DEFENSE

To the extent that Missouri law applies to Plaintiff's claims, those claims are confined to those available under the Missouri Product Liability Act.

## TWO HUNDRED FIFTH DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations available under the Missouri Merchandising Practices Act, §§ 407.020 Mo. Rev. Stat., *et seq*.

## TWO HUNDRED SIXTH DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations to non-economic damages awards available under § 510.265 Mo. Rev. Stat.

## XXIX. MONTANA DEFENSES

## TWO HUNDRED SEVENTH DEFENSE

To the extent that Plaintiff is seeking recovery for benefits entitled to be received or actually received from any source for injuries in the Complaint, such benefits are not recoverable in this action under Mont. Code Ann. § 27-1-308.

## TWO HUNDRED EIGHTH DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited by Mont. Code Ann. § 27-1-702.

## TWO HUNDRED NINTH DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited by Mont. Code Ann. § 27-1-703.

## TWO HUNDRED TENTH DEFENSE

BIPI affirmatively pleads all defenses available to it pursuant to Mont. Code Ann. § 27-1-719.

<u>**TWO HUNDRED ELEVENTH DEFENSE**</u>

To the extent that Montana law applies to Plaintiff's claims, those claims are confined to those available under Mont. Code Ann. § 27-1-719.

<u>**TWO HUNDRED TWELFTH DEFENSE**</u>

BIPI specifically incorporates and asserts all defenses and limitations to punitive damages awards available under Mont. Code Ann. §§ 27-1-221(7)(b) & (c).

<u>**TWO HUNDRED THIRTEENTH DEFENSE**</u>

BIPI specifically incorporates and asserts all defenses and limitations available under the Montana Unfair Trade Practices and Consumer Protection Act, Mont. Code Ann. § 30-14-101, *et seq.*

**XXX.  NEBRASKA DEFENSES**

<u>**TWO HUNDRED FOURTEENTH DEFENSE**</u>

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited pursuant to Neb. Rev. Stat. §§ 25-21,185.07, *et seq.*

<u>**TWO HUNDRED FIFTEENTH DEFENSE**</u>

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited by Neb. Rev. Stat. §§ 25-21,185.07, *et seq.*

<u>**TWO HUNDRED SIXTEENTH DEFENSE**</u>

BIPI affirmatively pleads all defenses available to it pursuant to Neb. Rev. Stat. §§ 25-21,180, *et seq.*

## TWO HUNDRED SEVENTEENTH DEFENSE

Nebraska law does not allow the imposition of punitive damages. *Cherry v. Burns*, 602 N.W.2d 477 (Neb. 1999).

## TWO HUNDRED EIGHTEENTH DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations available under the Nebraska Consumer Protection Act, Neb. Rev. Stat. §§ 59-1601, *et seq*.

## XXXI. NEVADA DEFENSES

### TWO HUNDRED NINETEENTH DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited by Nev. Rev. Stat. §41.141, to the extent Nevada law applies.

### TWO HUNDRED TWENTIETH DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability. BIPI's liability, if any, is limited by the principles of contribution and apportionment of fault under Nev. Rev. Stat. § 41.141.

### TWO HUNDRED TWENTY-FIRST DEFENSE

To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate BIPI's state and federal constitutional rights under the Due Process, Equal Protection, Double Jeopardy, Contract, and Excessive Fines Clauses of the United States Constitution, as well as other provisions therein, and the cognate provisions of the Nevada Constitution, to wit:  Article 1, sections 8 and 15.  Furthermore, N.R.S. 42.005(2) impermissibly singles out and exempts

products liability cases from the limits otherwise imposed on the recovery of punitive damages, leaving their assessment to the standardless discretion of the finder of fact.  Further, the statute and Nevada cases decided under it do not comply with the minimum standards established by the United States Supreme Court in this evolving area of the law, and they improperly permit multiple awards of punitive damages for the same alleged act or acts.

### TWO HUNDRED TWENTY-SECOND DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations to punitive damages awards available under Nev. Rev. Stat. § 42.005.

### TWO HUNDRED TWENTY-THIRD DEFENSE

To the extent that Nevada law applies to Plaintiff's claims, BIPI affirmatively pleads all defenses available to it pursuant to the Nevada Unfair Trade Practices Act, Nev. Rev. Stat., Ch. 598.

**XXXII.      NEW HAMPSHIRE DEFENSES**

### TWO HUNDRED TWENTY-FOURTH DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited pursuant to N.H. Rev. Stat. Ann. §§ 507:7-d, *et seq.*

### TWO HUNDRED TWENTY-FIFTH DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited by N.H. Rev. Stat. Ann. §§ 507:7-d, *et seq.*

### TWO HUNDRED TWENTY-SIXTH DEFENSE

Punitive damages are not recoverable under New Hampshire law, pursuant to N.H. Rev. Stat. Ann. § 507:16.

## TWO HUNDRED TWENTY-SEVENTH DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations available under the New Hampshire Consumer Protection Act, N.H. Rev. Stat. Ann. §§ 358-A:2, *et seq*.

## XXXIII.     NEW JERSEY DEFENSES

### TWO HUNDRED TWENTY-EIGHTH DEFENSE

To the extent that Plaintiff is seeking recovery for benefits entitled to be received or actually received from any source for injuries in the Complaint, such benefits are not recoverable in this action under N.J.S.A. 2A:15-97.

### TWO HUNDRED TWENTY-NINTH DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited pursuant to the Comparative Negligence Act, N.J.S.A. 2A:15-5.1, *et seq.*

### TWO HUNDRED THIRTIETH DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability. BIPI's liability, if any, is limited by the New Jersey Joint Tortfeasor Contribution Act, N.J.S.A. 2A:53A-1, *et seq.*

### TWO HUNDRED THIRTY-FIRST DEFENSE

BIPI affirmatively pleads all defenses available to it pursuant to N.J.S.A. 2A:58C-1, *et seq.*, otherwise known as the New Jersey Product Liability Act.

### TWO HUNDRED THIRTY-SECOND DEFENSE

Plaintiff's claims are confined to those available under the New Jersey Product Liability Act.

## TWO HUNDRED THIRTY-THIRD DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations to punitive damages awards available under N.J.S.A. §§ 2A:15-5.9, *et seq*.

## TWO HUNDRED THIRTY-FOURTH DEFENSE

BIPI specifically pleads and claims the benefit of all defenses and presumptions available pursuant to the Consumer Fraud Act, N.J.S.A. §§ 56:8-1, *et seq*.

## TWO HUNDRED THIRTY-FIFTH DEFENSE

To the extent Plaintiff attempts to allege claims of fraud, such claims are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by N.J. Ct. R. 4:5-8(a).

## XXXIV.     NEW MEXICO DEFENSES

## TWO HUNDRED THIRTY-SIXTH DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited by the doctrine of comparative negligence as adopted in *Scott v. Rizzo*, 96 N.M. 682, 634 P.2d 1234 (1981) and N. M. Stat. Ann. §§41-3A-1, *et seq*.

## TWO HUNDRED THIRTY-SEVENTH DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited by N.M. Stat. Ann. §§ 41-3-2, 41-3A-1, *et seq*.

## TWO HUNDRED THIRTY-EIGHTH DEFENSE

To the extent that New Mexico law applies to Plaintiff's claims, BIPI invokes each and every defense available to it under New Mexico's Law on Product Liability, as detailed in Restatement 2d of Torts and Restatement 3d of Torts as adopted in New Mexico, in New Mexico

Civil Jury Instruction Rule 13-1401, *et seq*., NMRA 2003 and in relevant decisions by New Mexico courts.

## TWO HUNDRED THIRTY-NINTH DEFENSE

With respect to Plaintiff's demand for punitive damages, BIPI specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards as set forth in *Faubian v. Tucker*, 270 P.2d 713 (N.M. 1954).

## TWO HUNDRED FORTIETH DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations available under the Unfair Practices Act, N.M. Stat. Ann. §§ 57-12-1, *et seq*.

## XXXV.      NEW YORK DEFENSES

### TWO HUNDRED FORTY-FIRST DEFENSE

To the extent that Plaintiff is seeking recovery for benefits entitled to be received or actually received from any source for injuries in the Complaint, such benefits are not recoverable in this action under C.P.L.R. § 4545.

### TWO HUNDRED FORTY-SECOND DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited pursuant to C.P.L.R. § 1411.

### TWO HUNDRED FORTY-THIRD DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability. BIPI's liability, if any, is limited by C.P.L.R. §§ 1401 & 1601.

## TWO HUNDRED FORTY-FOURTH DEFENSE

With respect to Plaintiff's demand for punitive damages, BIPI specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards as set forth in *Manolas v. 303 West 42nd Street Enters., Inc.*, 173 A.D.2d 316 (N.Y. App. Div. 1st Dep't 1991).

## TWO HUNDRED FORTY-FIFTH DEFENSE

BIPI affirmatively pleads all defenses available to it pursuant to the New York Consumer Protection Act, N.Y. Gen. Bus. Law §§ 349, *et seq.* and §§ 350, *et seq.*

**XXXVI.      NORTH CAROLINA DEFENSES**

## TWO HUNDRED FORTY-SIXTH DEFENSE

To the extent that Plaintiff is seeking recovery for benefits entitled to be received or actually received from any source for injuries in the Complaint, such benefits are not recoverable in this action under N.C. Gen. Stat. § 1B.

## TWO HUNDRED FORTY-SEVENTH DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited pursuant to the principles of Contributory Negligence under North Carolina law, N.C. Gen. Stat. § 1A-1, Rule 8 and N.C. Gen. Stat. § 1-139.

## TWO HUNDRED FORTY-EIGHTH DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited by N.C. Gen. Stat. § 1B-1.

## TWO HUNDRED FORTY-NINTH DEFENSE

BIPI affirmatively pleads all defenses available to it pursuant to N.C. Gen. Stat. §§ 99B, *et seq.*, otherwise known as the North Carolina Product Liability Act.

## TWO HUNDRED FIFTIETH DEFENSE

To the extent that North Carolina law applies to Plaintiff's claims, those claims are confined to those available under N.C. Gen. Stat. §§ 99B, *et seq.*, or the North Carolina Product Liability Act.

## TWO HUNDRED FIFTY-FIRST DEFENSE

To the extent North Carolina law applies BIPI specifically incorporates by reference and asserts all defenses and limitations to punitive damages available under N.C. Gen. Stat. § 1D.

## TWO HUNDRED FIFTY-SECOND DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations available under N.C. Gen. Stat. § 75, *et seq.*

## XXXVII.     NORTH DAKOTA DEFENSES

### TWO HUNDRED FIFTY-THIRD DEFENSE

To the extent that Plaintiff is seeking recovery for benefits entitled to be received or actually received from any source for injuries in the Complaint, such benefits are not recoverable in this action under N.D. Cent. Code, § 32-03.2-06.

### TWO HUNDRED FIFTY-FOURTH DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited pursuant to N.D. Cent. Code, §§ 32-03.2-02, *et seq.*

### TWO HUNDRED FIFTY-FIFTH DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which

would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited by N.D. Cent. Code, §§ 32-03.2-02, *et seq.*

### TWO HUNDRED FIFTY-SIXTH DEFENSE

BIPI affirmatively pleads all defenses available to it pursuant to N.D. Cent. Code, §§ 28-01.3-01, *et seq.*, otherwise known as the North Dakota Product Liability Act.

### TWO HUNDRED FIFTY-SEVENTH DEFENSE

To the extent that North Dakota law applies to Plaintiff's claims, those claims are confined to those available under the North Dakota Product Liability Act.

### TWO HUNDRED FIFTY-EIGHTH DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations to punitive damages awards available under N.D. Cent. Code, § 32-03.2-11.

### TWO HUNDRED FIFTY-NINTH DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations available under the Unfair Trade Practices Law, N.D. Cent. Code § 51-10 and the Unlawful Sales or Advertising Practices statute, N.D. Cent. Code § 51-15.

## XXXVIII.    OHIO DEFENSES

### TWO HUNDRED SIXTIETH DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited pursuant to Ohio Rev. Code Ann. §§ 2315.32, *et seq.*

### TWO HUNDRED SIXTY-FIRST DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited by Ohio Rev. Code Ann. §§ 2307.22, *et seq.*

## TWO HUNDRED SIXTY-SECOND DEFENSE

BIPI affirmatively pleads all defenses available to it pursuant to Ohio Rev. Code Ann. §§ 2307.71, *et seq.*, or the Ohio Product Liability Act.

## TWO HUNDRED SIXTY-THIRD DEFENSE

To the extent that Ohio law applies to Plaintiff's claims, those claims are confined to those available under the Ohio Product Liability Act.

## TWO HUNDRED SIXTY-FOURTH DEFENSE

With respect to Plaintiff's demand for punitive damages, BIPI specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards as set forth in *Williams v. Aetna Fin. Co.*, 700 N.E.2d 859 (Ohio 1998), and *Alessio v. Hamilton Auto Body, Inc.*, 486 N.E.2d 1224 (Ohio Ct. App. 1985).

## TWO HUNDRED SIXTY-FIFTH DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations to punitive damages awards available under Ohio Rev. Code Ann. § 2315.21.

## TWO HUNDRED SIXTY-SIXTH DEFENSE

To the extent Ohio law applies, BIPI affirmatively pleads and claims the benefit of all presumptions and defenses available pursuant to the Ohio Consumer Sales Practices Act, Ohio Rev. Code Ann. §§1345.01, *et seq.*

## TWO HUNDRED SIXTY-SEVENTH DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations to non-economic damages awards available under Ohio Rev. Code Ann. § 2315.18.

## XXXIX.        OKLAHOMA DEFENSES

### TWO HUNDRED SIXTY-EIGHTH DEFENSE

To the extent that Plaintiff is seeking recovery for benefits entitled to be received or actually received from any source for injuries in the Complaint, such benefits are not recoverable in this action under Okla. Stat. Ann. Tit. 63, § 1-1708.1D.

### TWO HUNDRED SIXTY-NINTH DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited by Okla. Stat. Ann. Tit. 23, § 13.

### TWO HUNDRED SEVENTIETH DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited by the principles of contribution and apportionment of fault under Okla. Stat. Ann. Tit. 12, § 832 and Okla. Stat. Ann. Tit. 23, §§ 14-15.

### TWO HUNDRED SEVENTY-FIRST DEFENSE

BIPI affirmatively pleads all defenses available to it pursuant to Okla. Stat. Ann. Tit. 76, §§ 57& 58.

### TWO HUNDRED SEVENTY-SECOND DEFENSE

BIPI specifically incorporates and asserts by reference all standards and/or limitations regarding punitive damages awards set forth in Okla. Stat. Ann. Tit. 23, § 9.1.

### TWO HUNDRED SEVENTY-THIRD DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations available under the Oklahoma Consumer Protection Act, Okla. Stat. Ann. Tit. 15, §§ 751 *et seq.*

### TWO HUNDRED SEVENTY-FOURTH DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations to non-economic damages awards available under Okla. Stat. Ann. Tit. 23, § 61.2.

**XL.   OREGON DEFENSES**

### TWO HUNDRED SEVENTY-FIFTH DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited pursuant to Or. Rev. Stat. § 31.600.

### TWO HUNDRED SEVENTY-SIXTH DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited by Or. Rev. Stat. §§ 31.610 & 31.800, *et seq.*

### TWO HUNDRED SEVENTY-SEVENTH DEFENSE

BIPI affirmatively pleads all defenses available to it pursuant to Or. Rev. Stat. §§ 30.900, *et seq.*

### TWO HUNDRED SEVENTY-EIGHTH DEFENSE

To the extent that Oregon law applies to Plaintiff's claims, those claims are confined to those available under Oregon Rev. Stat. §§ 30.900, *et seq.*

### TWO HUNDRED SEVENTY-NINTH DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations to punitive damages awards available under Or. Rev. Stat. §§ 30.927, 30.020, 30.925, 31.725, 31.730, 31.735 & 31.740.

### TWO HUNDRED EIGHTIETH DEFENSE

Plaintiff's claims for punitive damages are barred by Or. Rev. Stat. § 31.725(1).

### TWO HUNDRED EIGHTY-FIRST DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations available under the Unlawful Trade Practices Act, Or. Rev. Stat. §§ 646.605, *et seq*.

### TWO HUNDRED EIGHTY-SECOND DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations to non-economic damages awards available under Or. Rev. Stat § 31.701.

## XLI.   PENNSYLVANIA

### TWO HUNDRED EIGHTY-THIRD DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited by Pennsylvania's Comparative Negligence Act, 42 Pa. Cons. Stat. § 7102.

### TWO HUNDRED EIGHTY-FOURTH DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited by 42 Pa. Cons. Stat. § 7102.

### TWO HUNDRED EIGHTY-FIFTH DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations available under the Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. §§ 201-1 *et seq*.

## XLII.  RHODE ISLAND DEFENSES

### TWO HUNDRED EIGHTY-SIXTH DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited pursuant to R.I. Gen. Laws § 9-20-4.

### TWO HUNDRED EIGHTY-SEVENTH DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited by R.I. Gen. Laws § 9-20-4 &§ 10-6-1, *et seq.*

### TWO HUNDRED EIGHTY-EIGHTH DEFENSE

BIPI affirmatively pleads all defenses available to it pursuant to R.I. Gen. Laws § 9-1-32.

### TWO HUNDRED EIGHTY-NINTH DEFENSE

With respect to Plaintiff's demand for punitive damages, BIPI specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards as set forth in *Palmisano v. Toth*, 624 A.2d 314 (R.I. 1993).

### TWO HUNDRED NINETIETH DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations available under the Deceptive Trade Practices Act, R.I. Gen. Laws §§ 6-13.1-1-27.

## XLIII. SOUTH CAROLINA DEFENSES

### TWO HUNDRED NINETY-FIRST DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited pursuant to the doctrine of comparative negligence as adopted in *Nelson v. Concrete Supply Co.*, 303 S.C. 243, 399 S.E.2d 783 (1991) and S.C. Code Ann. § 15-38-15.

### TWO HUNDRED NINETY-SECOND DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is

limited by S.C. Code Ann. §§ 15-38-10, *et seq.*, and the principles set forth in *Nelson v. Concrete Supply Co.*, 303 S.C. 243, 399 S.E.2d 783 (1991).

**TWO HUNDRED NINETY-THIRD DEFENSE**

BIPI affirmatively pleads all defenses available to it pursuant to S.C. Code Ann. §§ 15-73-10, *et seq*.

**TWO HUNDRED NINETY-FOURTH DEFENSE**

With respect to Plaintiff's demand for punitive damages, BIPI specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards as set forth in *Mitchell v. Fortis Ins. Co.*, 686 S.E.2d 176 (S.C. 2009), and *Barnwell v. Barber-Colman Co.*, 393 S.E.2d 162 (S.C. 1989).

**TWO HUNDRED NINETY-FIFTH DEFENSE**

BIPI specifically incorporates and asserts all defenses and limitations to punitive damages awards available under S.C. Code Ann. § 15-32-530.

**TWO HUNDRED NINETY-SIXTH DEFENSE**

BIPI specifically incorporates and asserts all defenses and limitations available under the South Carolina Trade Practices Act, S.C. Code Ann. §§ 39-5-10, *et seq*.

**XLIV. SOUTH DAKOTA DEFENSES**

**TWO HUNDRED NINETY-SEVENTH DEFENSE**

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited pursuant to S.D. Codified Laws §§ 20-9-2, *et seq*.

**TWO HUNDRED NINETY-EIGHTH DEFENSE**

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which

would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited by S.D. Codified Laws §§ 15-8-11., *et seq.*

**TWO HUNDRED NINETY-NINTH DEFENSE**

BIPI affirmatively pleads all defenses available to it pursuant to S.D. Codified Laws §§ 20-9-9 & 20-9-10.1.

**THREE HUNDREDTH DEFENSE**

BIPI specifically incorporates and asserts all defenses and limitations available under the Deceptive Trade Practices and Consumer Protection Law, S.D. Codified Laws §§ 37-24-1, *et seq*.

## XLV.   TENNESSEE DEFENSES

**THREE HUNDRED FIRST DEFENSE**

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited by the doctrine of comparative negligence set forth in *McIntyre v. Balentine*, 833 S.W.2d 52 (Tenn. 1992).

**THREE HUNDRED SECOND DEFENSE**

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited by the principles of several liability set forth in *McIntyre v. Balentine*, 833 S.W.2d 52 (Tenn. 1992), and Tenn. Code Ann. § 29-11-102.

**THREE HUNDRED THIRD DEFENSE**

BIPI affirmatively pleads all defenses available to it pursuant to Tenn. Code Ann. §§ 29-28-101, *et seq.*, otherwise known as the Tennessee Product Liability Act of 1978, and Tenn. Code Ann. §§ 47-2-316 & 47-2-719.

## THREE HUNDRED FOURTH DEFENSE

To the extent that Tennessee law applies to Plaintiff's claims, those claims are confined to those available under the Tennessee Product Liability Act of 1978, and Tenn. Code Ann. §§ 47-2-316 & 47-2-719.

## THREE HUNDRED FIFTH DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations available under the Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-101, *et seq.*

## XLVI. TEXAS DEFENSES

## THREE HUNDRED SIXTH DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited pursuant to Tex. Civ. Prac. & Rem. §§ 33.001, *et seq.*

## THREE HUNDRED SEVENTH DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability. BIPI's liability, if any, is limited by Tex. Civ. Prac. & Rem. §§ 33.001, *et seq.*

## THREE HUNDRED EIGHTH DEFENSE

BIPI affirmatively pleads all defenses available to it pursuant to Tex. Civ. Prac. & Rem. §§ 82.001, *et seq.*, otherwise known as the Texas Product Liability Act.

## THREE HUNDRED NINTH DEFENSE

To the extent that Texas law applies to Plaintiff's claims, those claims are confined to those available under the Texas Product Liability Act.

## THREE HUNDRED TENTH DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations to punitive damages awards available under Tex. Civ. Prac. & Rem. Code §§ 41.001, *et  seq.*

## THREE HUNDRED ELEVENTH DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations available under the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code §§ 17.41, *et seq.*

## XLVII.        UTAH DEFENSES

## THREE HUNDRED TWELFTH DEFENSE

To the extent that Plaintiff is seeking recovery for benefits entitled to be received or actually received from any source for injuries in the Complaint, such benefits may not be recoverable in this action under Utah Code Ann. § 78B-3-405 and other applicable Utah law.

## THREE HUNDRED THIRTEENTH DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited pursuant to Utah Code Ann. §§ 78B-5-818, *et seq.*

## THREE HUNDRED FOURTEENTH DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited by Utah Code Ann. §§ 78B-5-818, *et seq.*

## THREE HUNDRED FIFTEENTH DEFENSE

BIPI affirmatively pleads all defenses available to it pursuant to Utah Code Ann. §§ 78B-6-701*et seq.*, otherwise known as the Utah Product Liability Act.

## THREE HUNDRED SIXTEENTH DEFENSE

To the extent that Utah law applies to Plaintiff's claims, those claims are confined to those available under the Utah Product Liability Act.

## THREE HUNDRED SEVENTEENTH DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations to punitive damages awards available under Utah Code Ann. §§ 78B-8-201, *et seq.*

## XLVIII.   VERMONT DEFENSES

### THREE HUNDRED EIGHTEENTH DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited by Vt. Stat. Ann. tit. 12, §§ 1036, *et seq.*

### THREE HUNDRED NINETEENTH DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited by Vt. Stat. Ann. tit. 12, §§ 1036, *et seq.*

### THREE HUNDRED TWENTIETH DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations available under the Vermont Consumer Fraud Act, Vt. Stat. Ann. tit. 9, §§ 2451, *et seq.*

## XLIX. VIRGINIA DEFENSES

### THREE HUNDRED TWENTY-FIRST DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited by the doctrine of contributory negligence as set forth in *Tunnell v. Ford Motor Co.*, 385 F. Supp. 2d 582 (W.D. Va. 2005).

## THREE HUNDRED TWENTY-SECOND DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited by Va. Code Ann. §§ 8.01-34, 8.01-35.1, and 8.01-443.

## THREE HUNDRED TWENTY-THIRD DEFENSE

BIPI specifically incorporates and asserts by reference all standards and/or limitations regarding punitive damages awards set forth in Va. Code Ann. § 8.01-38.1.

## THREE HUNDRED TWENTY-FOURTH DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations available under the Consumer Protection Act, Va. Code Ann. §§ 59.1-196, *et seq.*

## L.      WASHINGTON DEFENSES

### THREE HUNDRED TWENTY-FIFTH DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited pursuant to Wash. Rev. Code §§ 4.22.005, *et seq.*

### THREE HUNDRED TWENTY-SIXTH DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited by Wash. Rev. Code §§ 4.22.005, *et seq.*

## THREE HUNDRED TWENTY-SEVENTH DEFENSE

BIPI affirmatively pleads all defenses available to it pursuant to the Washington Products Liability Act, Wash. Rev. Code §§ 7.72.010, *et seq.*, including, but not limited to industry custom, technological feasibility, and compliance with standards and regulations.

## THREE HUNDRED TWENTY-EIGHTH DEFENSE

Plaintiff's common law tort claims are barred in whole or in part to the extent they are preempted by the Washington Products Liability Act, Wash. Rev. Code §§ 7.72.010, *et seq.*, as set forth in *Washington Water Power Co. v Graybar Elec. Co.*, 774 P.2d 1199 (Wash. 1989).

## THREE HUNDRED TWENTY-NINTH DEFENSE

Plaintiff's claims for punitive damages are barred pursuant to *Sofie v. Fibreboard Corp.*, 771 P.2d 771, 726 (Wash. 1989).

## THREE HUNDRED THIRTIETH DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations available under the Washington Consumer Protection Act, Wash. Rev. Code §§ 19.86.010, *et seq*.

## LI.    WEST VIRGINIA DEFENSES

## THREE HUNDRED THIRTY-FIRST DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited pursuant to the doctrine of comparative negligence as set forth in *Hicks v. Ghaphery*, 571 S.E.2d 317 (W. Va. 2002), *Bradley v. Appalachian Power Co.*, 256 S.E.2d 879 (W. Va. 1979) and their progeny.

## THREE HUNDRED THIRTY-SECOND DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability. BIPI's liability, if any, is limited by the provisions of W. Va. Code §§ 55-7-13 and 55-7-24.

### THREE HUNDRED THIRTY-THIRD DEFENSE

With respect to Plaintiff's demand for punitive damages, BIPI specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards as set forth in *Garnes v. Fleming Landfill, Inc.*, 413 S.E.2d 112 (W. Va. 1997).

### THREE HUNDRED THIRTY-FOURTH DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations available under the West Virginia Consumer Credit and Protection Act, W. Va. Code Ch. 46A.

### LII.   WISCONSIN DEFENSES

### THREE HUNDRED THIRTY-FIFTH DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited by Wis. Stat. § 895.045.

### THREE HUNDRED THIRTY-SIXTH DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited by the principles of contribution and apportionment of fault under Wis. Stat. §§ 895.045 and 895.046.

### THREE HUNDRED THIRTY-SEVENTH DEFENSE

BIPI affirmatively pleads all defenses available to it pursuant to Wis. Stat. §§ 895.045, 895.046 & 895.047.

### THREE HUNDRED THIRTY-EIGHTH DEFENSE

BIPI expressly pleads and asserts all defenses and/or limitations to punitive damages available under Wis. Stat. § 895.043.

## THREE HUNDRED THIRTY-NINTH DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations available under Wis. Stat. § 100.20.

## LIII.   WYOMING DEFENSES

### THREE HUNDRED FORTIETH DEFENSE

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited pursuant to Wyo. Stat. §§ 1-1-109, *et seq.*

### THREE HUNDRED FORTY-FIRST DEFENSE

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited by Wyo. Stat. §§ 1-1-109, *et seq.*

### THREE HUNDRED FORTY-SECOND DEFENSE

With respect to Plaintiff's demand for punitive damages, BIPI specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards as set forth in *Farmers Insurance Exchange v. Shirley*, 958 P.2d 1040 (Wyo.1998).

### THREE HUNDRED FORTY-THIRD DEFENSE

BIPI specifically incorporates and asserts all defenses and limitations available under the Unfair Trade Practices Act, Wyo. Stat. §§ 26-13-101, *et seq.*, and the Consumer Protection Act, Wyo. Stat. §§ 40-12-108, *et seq.*

## LIV.  DISTRICT OF COLUMBIA DEFENSES

### <u>THREE HUNDRED FORTY-FOURTH DEFENSE</u>

Plaintiff is barred from recovery and/or Plaintiff's recovery is limited by the doctrine of assumption of the risk, as set forth in *Warner Fruehauf Trailer Co., Inc. v. Boston*, 654 A.2d 1272 (D.C. 1995).

### <u>THREE HUNDRED FORTY-FIFTH DEFENSE</u>

BIPI denies any liability on its part, but if BIPI is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability.  BIPI's liability, if any, is limited by the principles set forth in *R. & G. Orthopedic Appliances & Prosthetics, Inc. v. Curtin*, 596 A.2d 530 (D.C. 1991).

### <u>THREE HUNDRED FORTY-SIXTH DEFENSE</u>

BIPI specifically incorporates and asserts all defenses and limitations available under the District of Columbia Consumer Protection Procedures Act, D.C. Code §§ 28-3901, *et seq*.

WHEREFORE, Defendant Boehringer Ingelheim Pharmaceuticals, Inc. respectfully requests that the Court enter judgment in its favor dismissing the Complaint with prejudice; that BIPI be awarded the costs, disbursements, and attorneys' fees it incurred in defense of this action; and that BIPI be granted any other relief to which it may be entitled.

Respectfully Submitted,

/s/ Eric E. Hudson
Eric E. Hudson (TN #022851)
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
6075 Poplar Avenue, Suite 500
Memphis, TN 38119
Phone: (901) 680-7200
Fax: (901) 680-7201
eric.hudson@butlersnow.com

Dan H. Ball (#6192613)
BRYAN CAVE LLP
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
Phone:  (314) 259-2000
Fax:  (314) 259-2020
dhball@bryancave.com

Paul W. Schmidt (DC #472486)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue NW
Washington, D.C. 20004
Phone: (202) 662-6000
Fax: (202) 662-6291
pschmidt@cov.com

Attorneys for Defendant Boehringer Ingelheim Pharmaceuticals, Inc.

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Local Rule 5.1 and Case Management Order No.1, Paragraph 5, I hereby certify on July 12, 2013, and pursuant to the Court's Entry of CMO-39 (Defendants' Master Short Form Answers), a copy of the foregoing document was filed through the Court's ECF system.   Notice of this filing will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF).


*/s/ Eric E. Hudson*
Eric E. Hudson