UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: PRADAXA (DABIGATRAN ETEXILATE) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | 3:12-md-02385-DRH-SCW<br><br>MDL No. 2385 |

**This Document Relates to:**

**ALL CASES**

<u>**ORDER DENYING DEFENDANTS' LETTER REQUEST TO RECONSIDER CMO 37**</u>

**HERNDON, Chief Judge:**

>   *"Where there's a will, there's a way."*
>
>                                 Old English Proverb

Once again, the defendants claim there isn't a way to implement an order of this Court (*See* Letter Request, dated July 18, 2013, for the Court to amend CMO 37, attached as an exhibit to this Order). The Court asserts that the defendants merely haven't sufficient will. The request is denied for the following reasons.

Beginning July 24, 2012, one year ago, when the first substantive document production order was entered in the first pre-MDL case, continuing one month later when the MDL was formed, this Court began addressing the nature of case

management. At that time, and since, not a single person on this planet could possibly misunderstand the direction of this Court.

At the monthly conference and motion hearing held on July 9, 2013, two stunning revelations came to the Court's attention directly relevant to the Court's opening statements:

First, defense counsel argued that the Court couldn't possibly have meant what it said in an agreed-to order negotiated by counsel for both sides, adopted by the Court without change. Another one of several attempts by the defendants to have the Court change an order, albeit one that they had a substantial hand in crafting.

Second, and more importantly, the defendants were first under an agreement with the plaintiffs, subsequently subject to an interim Court order, to produce documents designated highly confidential under a label "For Attorneys Eyes Only." However, when a permanent agreement between the parties failed to materialize, the defendants chose to withhold such documents pending an order from the Court on the overall issues under negotiation. By way of explanation, the defendants stated they did not understand their continuing obligation to produce such documents. The plaintiffs and the Court, however, believed the defendants were producing said documents all along. There are many more examples of why discovery lags behind the Court's expectations made clear a year ago.

The defendants argue for what they describe as modest modifications in the Court's scheduling order contained in CMO 37. The plaintiffs describe the

defendants' request as substantial and significant. In light of the history of the delays in the discovery in this case, the Court agrees with the plaintiffs' description.

Without providing specific detail, the defendants ask that the Court strike the 45 day production requirement because its compliance would throw the agreed upon supplemental custodial document production and deposition schedule into "disarray." The plaintiffs express concern with returning to the haphazard collection process that has led us to our current state for which CMO 37 and CMO 38 were intended to address. Leaving the defendants to the devices of their making, namely their lack of structure, meets with a failure of the Court's discovery objectives and the Court accordingly disagrees with the defendants' argument.

The defendants do, however, once again suggest a timeline presented to the Court when first addressing this entire matter, in court and through written submission, a 60 day time frame. In rehashing this argument, the defendants are no more convincing now than previously. Because of the defendants' repeated actions, inaction, missteps, and contractor errors, to list a sampling, the parties have lost valuable time. Despite this loss of invaluable time, the Court acquiesced to a hiatus of two months in depositions, without demonstrating characteristic judicial resistance. Instantly, the Court is resisting this effort to delay. The arguments are the same as those made to the Court in the past. The defendants demonstrate an inadequate basis for reconsideration, as they again present arguments that are no more persuasive or convincing than when first argued.

The defendants of course present additional arguments regarding time of production, not significantly different than those addressed by the Court heretofore. The Court sees no reason to address them further. They offer nothing novel for the Court to consider. The Court has amply considered the defendants' repetitive arguments above, previously through the parties' original arguments, as well as in the Court's ultimate ruling which shall remain unchanged.

In opposition to the defendants' letter request that the Court amend CMO 37, the plaintiffs forcefully present the various legal arguments, cases, and law associated with a motion to reconsider. Though not argued as a motion to reconsider, the essence of the defendants' request is effectively the same. Clearly, the analysis above demonstrates that the Court's treatment of the request is in that fashion.

The defendants find this litigation burdensome. It is. It is not unreasonably so given the nature of this endeavor. Would they rather have several hundred different forums, several hundred different judicial opinions, several hundred different lawyers wanting hundreds of depositions of the same witness, and several hundred different places to produce the same several million documents at the same time? The plaintiffs also find it burdensome. They would rather just receive a pot of money without having to litigate. The public would additionally like to know the outcome of this litigation. They, too, find the wait burdensome.

Because the defendants present only stale and tired arguments, as this matter was argued fully before the Court on July 9, 2013, because the parties'

positions are clear, and because time is of the essence, the Court found no reason to entertain oral arguments. The Court denies the defendants' request for an amendment to CMO 37.

**IT IS SO ORDERED.**

Signed this 26th day of July, 2013.

Digitally signed by
David R. Herndon
Date: 2013.07.26
12:58:11 -05'00'

**Chief Judge
United States District Court**