UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: PRADAXA (DABIGATRAN ETEXILATE) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | 3:12-md-02385-DRH-SCW MDL No. 2385 |

This Document Relates to:  All Cases

### CASE MANAGEMENT ORDER NUMBER 42 REGARDING *EX PARTE* COMMUNICATIONS WITH TREATING PHYSICIANS

**HERNDON, Chief Judge:**

This Order addresses Plaintiffs' counsel *ex parte* communications with Plaintiffs' physicians. Any *ex parte* communications between Plaintiffs' counsel and Plaintiffs' physicians are subject to the following limitations:

(1) Any documents provided or shown to treating physicians during *ex parte* communications may not contain notes, highlighting, underlining, Plaintiff supplied redactions or any other markings that modify the documents or direct a reader's attention to a particular portion of the document.

(2) Plaintiffs must provide the Defendants precise designations, descriptions or copies of all documents provided or shown to treating physicians during such *ex parte* communications at least 72 hours prior to the treating physician's deposition.

>(3) Plaintiffs must comply with the requirements of Case Management Order Number 2, as amended, including when providing treating physicians with any documents deemed confidential pursuant to Case Management Order Number 2.

Defendants have previously represented to the Court that they have not experienced difficulties with potential expert witnesses being identified as plaintiff treating physicians in Plaintiff Fact Sheets ("PFS"). Counsel for the Defendants are not contacting treating physicians identified in PFS to serve as expert witnesses in the litigation. Should the Defendants encounter difficulties in engaging appropriate experts in the litigation because of their identification as treating physicians in PFS, then the parties shall meet and confer on a resolution and/or the Defendants may seek amendment to this Order. Nothing in this Order limits or restricts the Defendants in contacting potential expert witnesses not previously disclosed in PFS information from Plaintiffs. In the event a physician engaged by the Defendants is later disclosed as a treating physician or prescribing physician by Plaintiffs in a PFS, then the Defendants shall notify Plaintiffs after such disclosure and the parties shall meet and confer to discuss what actions to take, if any, to address the use of such expert by Defendants. In the event the parties

cannot agree, then the matter shall be brought to the Court's attention at the next scheduled case management conference or sooner if requested by either party.

**SO ORDERED:**

Digitally signed by David R. Herndon
Date: 2013.08.08 16:52:12 -05'00'

**Chief Judge**  **Date:  August 8, 2013**
**United States District Court**