UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

_____
IN RE PRADAXA                )    MDL No. 2385
(DABIGATRAN ETEXILATE)       )    3:12-md-02385-DRH-SCW
PRODUCTS LIABILITY           )    Judge David R. Herndon
LITIGATION                   )
_____

**This Document Relates to:**

All Cases

## CASE MANAGEMENT ORDER NUMBER 51
Regarding Defendants Motion to Compel (Doc. 341)

**HERNDON, Chief Judge:**

## I. INTRODUCTION

This matter is before the Court on the defendants' motion, pursuant to Federal Rule of Civil Procedure 37(a), to compel responses to the defendants first set of document requests relating to all plaintiffs (Doc. 341). The discovery requests are directed to "any and all plaintiffs" in the Pradaxa MDL (Doc. 341-11 p. 1 ¶ 1) and relate to the following four categories of documents:

> 1. All Documents relating to Pradaxa that You have transmitted to, or received from, any governmental entity or agency, including in connection with any FOIA request.

> 2. All previously unproduced medical records relating to Pradaxa and/or relating to patients who were treated with Pradaxa that relate to the claims and defenses in the above-captioned matter.

> 3. All previously unproduced Documents relating to Pradaxa that you have obtained from a source other than Defendants and that You intend to use at any deposition, trial, or other proceeding in the above-captioned matter.
>
> 4. All previously unproduced Documents relating to Defendants that you have obtained from a source other than Defendants and that You intend to use at any deposition, trial, or other proceeding in the above-captioned matter.

(Doc. 341-11 pp. 5-6). With regard to the above requests, the defendants cite to the following three specific examples in their briefing:

> 1.   Un-redacted FDA Memo: When the FDA publicly posted its Summary Review Memo in connection with its approval of Pradaxa, it redacted specific information from that posting. During certain employee depositions, the plaintiffs have produced an un-redacted page from that memo and have examined witnesses regarding the same. The plaintiffs assert that the un-redacted copy was obtained through a Freedom of Information Act request they presented to the FDA.
>
> 2.   Death Certificate for Kenneth Barndt:  Kenneth Barndt was a participant in the RE-LY trial who is now deceased. The plaintiffs have utilized Mr. Barndt's death certificate in certain employee depositions. Mr. Barndt's family is represented by counsel but no claims have been filed on behalf of Mr. Barndt or his family.
>
> 3.  A Medical Record for Kenneth Barndt:   The plaintiffs have used a single medical record of Mr. Barndt's as an exhibit during the depositions of certain employee witnesses.

The defendants contend the plaintiffs "seek to have it both ways" by "demand[ing] every document from Defendants and obtain[ing] harsh sanctions when those documents are not quickly produced" while "seek[ing] to withhold relevant non-public documents in their possession, custody, and control" (Doc. 341-1 p. 1).

The plaintiffs assert the following: (1) the discovery requests are not directed at the plaintiffs in this litigation but at the lawyers representing those plaintiffs; (2) the defendants' requests are contrary to previously entered agreed-upon discovery and production case management orders; (3) to the extent that the defendants seek production from non-parties, the requests are impermissible; (4) certain requested documents are not (and have never been) in the custody, possession or control of any plaintiff but rather are documents that have been obtained by counsel through FOIA; and (5) documents obtained through FOIA requests are in the public domain, are equally available to the defendants, and plaintiffs' counsel is under no duty to produce such documents (Doc. 359).

For the reasons discussed below, the defendants' motion to compel is DENIED.

## II. ANALYSIS

### A. Discovery From Non-Parties

To the extent the defendants' requests for production under Rules 26 and 33 seek production from non-parties, they are a nullity. Discovery of non-parties must be conducted by subpoena pursuant to Fed. R. Civ. P. 45, not the rules governing discovery of parties. Accordingly, to the extent the requests seek production from non-parties, the motion to compel is DENIED.

**B. The Motion to Compel Seeks to Alter Negotiated Consent Orders Adopted by the Court**

As noted, the defendants suggest the plaintiffs want to have their cake and eat it too. This is an interesting idiom considering the defendants' motion, in essence, asks the Court to rewrite negotiated consent orders. This is not the first time the Court has been presented with such a request by the defendants. It has become customary for the defendants to negotiate consent orders and then, when the order does not work as the defendants anticipated (or perhaps the defendants simply grow tired of how the order operates in practice), ask the Court to either change the negotiated consent order or to make a ruling that will de facto change the negotiated consent order.

In the instant case, compelling production of the documents sought in the defendants' document requests would veritably alter the procedures negotiated by the parties and adopted by the Court in Amended Case Management Order Number 28 and Case Management Order Number 15. Specifically, pursuant to these Case Management Orders, the parties agreed that the scope of discovery on the plaintiffs would be limited to that information identified in the Plaintiff Fact Sheet (CMO 15, Amended CMO 28 ¶ C.5). The parties further agreed that additional discovery could be undertaken but that such discovery would be undertaken in the discovery plaintiff cases only (Amended CMO 28 ¶¶ C.5, C.1, C.4). The parties reached an additional agreement with regard to additional

discovery but that discovery was limited to the sub-set of cases designated as Early Trial Cases (Amended CMO 28 ¶ E.1).[1]

The defendants also seem to assert that the discovery process should be "even-steven"- that is (employing the kind of idiom relied upon by the defendants), the defendants have produced millions of documents and the plaintiffs should have to do the same. The discovery process, however, is not this for that. In litigation such as this, staged or layered discovery is a litigation model often pursued. More importantly, in this litigation the parties negotiated for and agreed to a staged discovery process. They presented negotiated consent orders to the Court memorializing those agreements and the Court adopted those case management orders.

The Court could require discovery production from every plaintiff; depositions of every plaintiff, spouse, and children thereof; depositions of every plaintiff's treating physician, EMT, and life care planner; depositions of every expert or economist; and depositions of all of the defendants' research scientists, marketing employees, custodians of data, and sales representatives who so much as handed out one sample of the subject pharmaceutical. The Court could order production of every single document and data entry no matter how slight its relevance. The absurdity of the foregoing is obvious. The expense of full blown discovery warfare is nonsense. Nothing is to be gained by pursuing full blown

---

[1] In addition, the defendants are seeking information already requested in the agreed upon Plaintiff Fact Sheet Order (Case Management Order Number 15). Case Management Order Number 15 establishes procedures and time frames for the production of such information.

discovery on every plaintiff that has a pending case but who is not one of those selected for an early trial.[2] This is the wisdom behind Amended Case Management Order Number 28 and the instructions associated with the Plaintiff Fact Sheet (Case Management Order Number 15) and the measured approach to defendants' production even if defendants don't believe it to be so.

Finally, the defendants raise a number of arguments with regard to the Rules of Civil Procedure. These arguments are nullified once the parties by written stipulation, modify procedures governing, or limitations placed upon, discovery. *See* Federal Rule of Civil Procedure 29. As discussed above, that is what occurred in the instant case. The Court will not now enter an order that de facto alters the discovery procedures agreed to by the parties and adopted by the Court at the request of the parties.

For the reasons discussed above, the motion to compel is DENIED in that it seeks to override discovery procedures agreed to by the parties and adopted by the Court. As noted by the plaintiffs, if the defendants believe they are missing information from a specific plaintiff, then they should follow the procedures and requirements set forth in CMO 15. To the extent Defendants seek discovery from individual plaintiffs beyond what is provided in the PFS, that discovery has been stayed pursuant to Amended CMO 28, Section C.5., and the defendants should

---

[2] Further, as noted above, the Court has no jurisdiction over plaintiffs who have not yet filed a case.

wait until the appropriate time to seek production from plaintiffs other than the Discovery Plaintiffs (as has been agreed to by the parties).

## C. Non-Public Documents Intended for Use at Depositions

With regard to non-public documents the plaintiffs intend to use at depositions, the defendants previously asked the Court to adopt an order requiring the production of such documents. The Court agreed that this was an appropriate request, suggesting its willingness to order it in conferences, and as a result adopted Case Management Order Number 35 (and was happy to do so) (Doc. 189). However, the parties subsequently reached an agreement and jointly requested that the Court vacate CMO 35 (which required the plaintiffs to provide a list of documents they intended to use as exhibits during a deposition in advance of the deposition) and CMO 31 (which required BIPI and BII to pre-identify documents reviewed by a witness in preparation for the deposition) (Doc. 212 and Doc. 222). The parties presented their joint proposal to the Court on June 10, 2013 (Doc. 212). The proposal was adopted by the Court and Case Management Order Number 31 and Number 35 were vacated (Doc. 222).

Thus, the parties negotiated to have Case Management Order Number 31 and 35 vacated. The defendants cannot now seek to attain through a motion to compel something they gave up as a part of a negotiation.

**D. Alleged Agreement or Agreements Between the Parties not Memorialized**

The defendants' briefing references at least one alleged agreement between the parties (Doc. 341-1 p. 8) (referencing alleged agreement pertaining to CMO 35 and delayed depositions). The defendants, however, do not present any such written agreement or note where this agreement is memorialized in the record. As noted above, in keeping with Federal Rules of Civil Procedure 29, the parties are free to modify discovery requests and deadlines by *written* stipulation. Obviously, a writing is required so the terms of parties' agreement, and the fact of an agreement, is clear and thereby enforceable by the Court. Absent a written agreement and/or Court approval memorializing any such agreement, there is nothing for the Court to enforce.

**E. Documents Obtained by Counsel via FOIA Requests**

"Under the FOIA, all documents are available to members of the public unless they are specifically exempted by the Act itself." *Antonelli v. Drug Enforcement Admin.*, 739 F.2d 302, 303 (7th Cir. 1984). Thus, documents obtained by plaintiffs' counsel through FOIA requests are equally available to the defendants. The Court will not compel production of documents equally available to both sides of the litigation.

### III. CONCLUSION

For the reasons discussed herein, the Motion to Compel is DENIED.

**SO ORDERED:**

David R. Herndon
2014.01.07
05:23:59 -06'00'

**Chief Judge**  Date: January 7, 2014
**United States District Court**