UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

_____

| IN RE PRADAXA | ) | MDL No. 2385 |
| (DABIGATRAN ETEXILATE) | ) | 3:12-md-02385-DRH-SCW |
| PRODUCTS LIABILITY | ) | Judge David R. Herndon |
| LITIGATION | ) | |

_____

**This Document Relates to:**

**All CASES**

### CASE MANAGEMENT ORDER NUMBER 59
### Regarding Defendants' Motion for Protective Order (Doc. 399)
### Deposition Conduct

**HERNDON, Chief Judge:**

This matter is before the Court on the defendants' motion for a protective order (Doc. 399). The defendants contend the plaintiffs' attorneys have acted in an inappropriate and unprofessional manner towards witnesses and opposing counsel during depositions. The defendants move for a protective order prohibiting the plaintiffs from engaging in inappropriate behavior in depositions, including accusing witnesses of lying, harassing witnesses about irrelevant misconduct, and insulting witnesses, defense counsel, or the defendants. The defendants also ask the court to clarify whether Special Master Judge Stack has the authority to ensure that counsel behave appropriately in depositions and that he be encouraged to do so. The defendants further request the Court make clear that the defendants may halt depositions in situations where the plaintiffs' counsel engage in abusive or improper behavior until such time as either Judge Stack or

the Court is able to rule on the propriety of the conduct in question. Finally, the defendants ask for an amendment to Case Management Order Number 8 ("CMO 8")[1] allowing the defendants to arrange for an additional video camera to film the examining attorney. The plaintiffs have filed an opposition to the defendants' motion (Doc. 406). At the Court's request, Special Master Judge Stack has provided a Report and Recommendation regarding the defendants' motion (Doc. 409). Both parties have filed responses to the Special Master's Report and Recommendation (Doc. 415 and Doc. 421).

After reviewing the parties' filings and Special Master Judge Stack's Report and Recommendation, the Court finds that a protective order is not warranted at this time. The record reveals that the atmosphere between the parties is tense and that, at times, animosity runs high. However, there is no evidence in the record that any witness has been intimidated or prejudiced in any way. This is not to say the Court condones certain lines of questioning singled out in the defendants' briefing. The Court agrees that many of the comments outlined in the defendants' briefing were inappropriate and certainly would never be allowed in trial. Such comments will have to be excised from the record at the appropriate time. Excising these inappropriate comments from the record will impose a great burden on the Court and on the parties. The Court expects the parties to abide by the applicable standards of civility and decency. In doing so, the parties should avoid inappropriate comments that will have to be edited from the record when it

---

[1] The Court presumes (as did the plaintiffs), that this request includes a request to amend CMO 13 (deposition protocol order applicable to BII).

is time for trial. Further, the Court reminds the parties that both CMO 8 and CMO 13 direct counsel to "refrain from engaging in colloquy during depositions" (Doc. 44 § N.1.c.; Doc. 51 § N.1.c.).

That being said, the Court is not inclined to adopt the requested protective order or to amend current case management orders. The Court has procedures already in place, including the presence of Special Master Stack at depositions, for addressing objectionable conduct. When objectionable conduct occurs, the appropriate course of action is for counsel to make a contemporaneous objection (consistent with the parameters of Federal Rule of Civil Procedure 30(c)(2)), and they should feel free to address the matter with Special Master Judge Stack. Special Master Stack has the authority to make a preliminary suggested ruling regarding any such objection – including making a preliminary ruling as to the appropriateness of counsel's conduct or of a particular line of questioning. Once the objection is noted on the record and Special Master Judge Stack has issued his preliminary ruling, the examination proceeds. *See* Federal Rule of Civil Procedure 30(c)(2). In other words, the Court is *not* granting the defendants' request that they be permitted to unilaterally terminate depositions. If the defendants feel that terminating a deposition is warranted, they may seek leave to do so in accord with Federal Rule of Civil Procedure 30(d)(3)(A) and the applicable provisions of this Court's case management orders. Further, as provided for in CMO 41, "[i]f judicial review of the Special Master's suggested preliminary rulings is required, the parties shall bring their disputes to the Court

and the State Court Judges pursuant to the procedures set forth in Case Management Order Nos. 8 and 13" (CMO 41, Doc. 239 § III.2.A). Finally, the Court sees no reason for requiring additional cameras at the depositions.

To provide some guidance, the Court would not permit the jury to hear about pretrial rulings, without a specific sanction designed specifically for that, but it would not include asking a witness their "feelings" about such rulings. Political issues such as "world domination" have no place in an examination about a product liability issue in a pharmaceutical case and will be redacted from depositions. A question that presumes why an employee would voluntarily leave a company would have that portion of the question redacted. However, while the Court believes that such discourse is not called for, just as evasiveness by witnesses is not called for, the Court does not believe such an examination is intimidating nor prejudicial in the deposition context even if it amounts to an inappropriate question.

In summary, with respect to the defendants' motion for a protective order, the Court finds and orders as follows:

1. The request for a protective order is DENIED.
2. The request for the right to unilaterally halt depositions if opposing counsel engages in alleged abusive and/or improper behavior is DENIED. If the defendants feel that terminating a deposition is warranted, they may seek leave to do so in accord with Federal Rule

of Civil Procedure 30(d)(3)(A) and the applicable provisions of this Court's case management orders.

3. The request for additional cameras is DENIED.

4. Special Master Judge Stack has the authority to issue preliminary suggested rulings on objections, including objections relating to the appropriateness of counsel's conduct or questioning. Once the objection is noted on the record and Special Master Stack has issued his preliminary ruling, the examination proceeds. If, however, judicial review of Special Master Judge Stack's suggested preliminary ruling is required, the parties shall bring their disputes to the Court and the State Court Judges pursuant to the procedures set forth in Case Management Order Nos. 8 and 13.

5. While the Court is not opposed to aggressive advocacy, the Court reminds the parties of its expectation that they abide by applicable principles of civility and decency and of its expectation that the parties refrain from engaging in colloquy during depositions.

**SO ORDERED:**

Digitally signed by
David R. Herndon
Date: 2014.02.24
16:19:57 -06'00'

**Chief Judge**  
**United States District Court**

Date:  February 24, 2014