UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

_____

| | | |
|---|---|---|
| IN RE PRADAXA | ) | MDL No. 2385 |
| (DABIGATRAN ETEXILATE) | ) | 3:12-md-02385-DRH-SCW |
| PRODUCTS LIABILITY | ) | Judge David R. Herndon |
| LITIGATION | ) | |

_____

**This Document Relates to:**

**ALL CASES**

## CASE MANAGEMENT ORDER NUMBER 63
### Regarding Microsoft Upgrade

**HERNDON, Chief Judge:**

### I. INTRODUCTION

This matter is before the Court on a pending issue related to the defendants' systems upgrade from Windows XP to Windows 7/One BI Client for all BII and BIPI custodians subject to the litigation hold.[1] Prior to addressing the matter presently before the Court, the Court will provide a brief background.

### II. RELEVANT BACKGROUND

---

[1] The Court notes that in their October 18, 2013, letter to the Court the defendants indicated that the upgrade was being halted for all BII and BIPI custodians subject to the litigation hold (Doc. 311-4 p. 3). However, the defendants' letter of February 20, 2014 only references a ceased upgrade for BII custodians. S*ee* February 20, 2014 Letter to the Court p. 1 (attached hereto as Exhibit A).

On October 18, 2013, the defendants informed the Court regarding the loss of material from Prof. Dr. Klaus Dugi's (the defendants' Head of Corporate Medicine) laptop (Doc. 311-4). Specifically, the defendants reported as follows:

> Defendants learned that Prof. Dugi's laptop was not backed-up successfully in August 2013 when the operating system was upgraded to the OneBI Client (from Window XP to Windows 7) as part of a company-wide migration and software upgrade. Because Prof. Dugi was subject to a Litigation Hold, the IS department backed up the data on his laptop to his user share while the computer's operating system was upgrading to the OneBI Client. After the upgrade was complete, IS attempted to restore the data, but was not completely successful. BII then retained e-discovery forensic expert, Kroll Ontrack, to examine and restore the hard drive but their efforts were unsuccessful as well. As a result, the re-sweep of Prof. Dugi's laptop will not include data stored there between late December 2012 and August 2013.

(Doc. 311-4 pp. 2-3). The defendants additionally informed the Court that to prevent a similar occurrence, "the migration to Windows 7/OneBI Client of any BIPI or BII custodian subject to a Litigation Hold has been stopped" (Doc. 311-4 p. 3).

On February 20, 2014, the defendants informed the Court that "as a matter of business necessity, [the defendants] have recommenced upgrading the operating systems on the laptops of BII personnel." *See* Exhibit A p. 1. The defendants further explained that after April 8, 2014, Microsoft would no longer support Windows XP. *Id.* Accordingly, the defendants informed the Court, in order to continue business operations, the defendants' needed to recommence

upgrading employees' operating systems. *Id.*[2] On February 27, 2014, the PSC wrote to the Court expressing concern over the upgrade. *See* February 27, 2014 Letter to the Court (attached hereto as Exhibit B). The PSC indicated that it was concerned about the upgrade in light of previous failures, including the lost information on Prof. Dugi's laptop. *Id.* The defendants responded to the PSC's objections via letter dated February 28, 2014. *See* February 28, 2014 Letter to the Court (attached hereto as Exhibit C).

After hearing argument on the matter at the status conference on March 5, 2014, the Court ordered that the defendants create and preserve for the duration of the litigation a mirror image of the hard drive of all custodian laptops scheduled for the Microsoft upgrade from Windows XP to Windows 7 (Doc. 440 p. 15 ll. 1-18).

### III. MATTER PRESENTLY BEFORE THE COURT

On March 19, 2014, the defendants wrote to the Court seeking reconsideration of the Court's March 5, 2014 order pertaining to mirror image copies of custodian hard drives. *See* March 19, 2014 Letter to the Court (attached hereto as Exhibit D). The defendants advised that creating the mirror images

---

[2] Again, the Court notes that on October 18, 2013, the defendants indicated that the upgrade was being halted for both BIPI and BII employees (Doc. 311-4 p. 3). However, beginning on February 20th, communications to the Court refer to the upgrade in terms of BII custodians only. The Court presumes that the upgrade was halted for both BIPI and BII employees and that, for business purposes, the defendants need to recommence the upgrade for both BIPI and BII employees. Accordingly, this Court's order shall apply to the recommenced upgrades for both BIPI and BII employees.

would lead to storage problems and result in other business inefficiencies. Accordingly, in lieu of creating mirror images, the defendants requested permission to preserve by storing the existing hard drives, rather than upgrading them. *Id.* Instead of receiving an upgraded hard drive, the subject employees would be provided with a new upgraded hard drive and the existing hard drives would be stored for the remainder of the litigation. *Id.* Subsequently, at the direction of the Court, brief letter briefs were provided by the PSC and the defendants. *See* March 21, 2014 Letter to the Court (attached hereto as Exhibit E), March 24, 2014 Letter to the Court (attached hereto as Exhibit F), and March 25, 2014 Letter to the Court (attached hereto as Exhibit G).

The PSC insisted that mirror imaging was the best and most reliable way to ensure that, in the event of a technical issue with an upgrade, the parties would be able to recover the entirety of the information on the laptop pre-upgrade. The defendants insisted that storing the existing hard drives was an acceptable approach to the upgrade and the most appropriate alternative given the alleged hardship preservation via creating mirror images would impose on the defendants.

### IV. CONCLUSION

After reviewing the parties' arguments and the affidavit provided by the PSC in their March 25, 2014 letter to the Court, the Court finds that the cost benefit

analysis weighs in favor of the defendants position. Accordingly, the Court ORDERS as follows:

The defendants' request to preserve by storing the existing hard drives for the duration of the litigation in lieu of creating and storing a mirror image of the hard drives is GRANTED. FURTHER, the defendants are ORDERED to place the hard drives in a storage facility that is environmentally conducive to the continued viability of the integrity of said hard drives based on universally accepted computer industry standards.

**SO ORDERED:**

Digitally signed by
David R. Herndon
Date: 2014.03.25
15:57:04 -05'00'

**Chief Judge**                                                    **Date:  March 25, 2014**
**United States District Court**