UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: PRADAXA (DABIGATRAN ETEXILATE) PRODUCTS LIABILITY LITIGATION | ) 3:12-MD-02385-DRH-SCW ) ) MDL No. 2385 ) |

This Document Relates to:

All Cases

## SECOND AMENDED CASE MANAGEMENT ORDER NO. 15 REGARDING PLAINTIFF FACT SHEET STRIKING AND REPLACING AMENDED CMO 15 (DOC. 430) (AMENDED FOR PFS SERVICE ADDRESS)

1. Each plaintiff in an action currently pending and served before the Court in MDL 2385 shall complete and serve upon:

   Amy Harper,
   Butler Snow LLP
   150 Third Ave. South, Suite 1600
   Nashville, TN 37201

a complete "Plaintiff Fact Sheet" (PFS), the form of which has been agreed to by the parties and approved by the Court, and which is attached hereto as Exhibit A[1], along with responsive documents and completed authorizations. In the alternative to sending the PFS by mail, the materials may be emailed to MDL2385PFS@butlersnow.com. A copy of the PFS shall also be provided to Plaintiffs' lead counsel via email at PRADAXA.MDL.PFS@wgclawfirm.com or a

---

[1] Exhibit A attached hereto is identical to the PFS attached as Exhibit A to the original CMO 15 (Doc. 54) and Amended CMO 15 (Doc. 430).

hard copy sent to: David Watts, at Watts Guerra Craft LLP, 5250 Prue Road, Suite 525, San Antonio, Texas 78240. Service of the complete PFS along with the responsive documents and completed authorizations on Ms. Harper as indicated above shall be deemed good and sufficient service for all other BI defendants (foreign and U.S.) as it pertains to Plaintiff's discovery obligations pursuant to this CMO.

    2.    For all cases that are directly filed into or transferred to this MDL after the date of this Order, each Plaintiff shall have 45 days from the date of the first answer filed by a Defendant to complete and serve the PFS, the completed authorizations, and the medical records as set forth above. Defendants shall provide a copy of this CMO and accompanying PFS and authorizations with service of their Answer on Plaintiff's counsel of record.

    3.    In the event an institution, agency or medical provider to which a signed authorization is presented refuses to provide responsive records, the individual plaintiff's attorney and Defendant's counsel shall meet-and-confer to determine the most efficient way to resolve the issue such that the necessary records are promptly provided.

    4.    If a plaintiff does not submit a PFS within the time specified in this Order, Defendants may send a Notice of Overdue Discovery letter to Plaintiff's counsel of record ten (10) days after said deadline. Said Notice of Overdue Deficiency letter shall permit fourteen (14) days to cure the overdue PFS. In the event the completed PFS is not provided within such fourteen (14) day period,

Defendants shall exercise all reasonable efforts to meet-and-confer with Plaintiff's counsel (for a period not to exceed five (5) days). If, after the meet-and-confer process, the discovery remains overdue, Defendants may move to dismiss that plaintiff's case. Said motion to dismiss shall be without prejudice, on Notice filed by ECF, and permit fourteen (14) days for an opposition, if any. Plaintiff's co-liaison Steven Davis shall be served (via e-mail) with a copy of all Notice of Overdue Discovery letters and copies of any and all motion to dismiss under this paragraph.

5.    If Defendants receive a PFS in the allotted time, but the PFS is not properly completed in Defendant's view, Defendants' counsel shall send to Plaintiff's counsel of record and Plaintiffs' Liaison Counsel a deficiency letter identifying the purported deficiencies. If Plaintiff believes the PFS was properly completed, the parties shall meet and confer on the issue within fourteen (14) days of Plaintiff's receipt of such notice. Subject to such meet and confer, Plaintiff shall then have twenty (20) days to serve an amended or supplemental response or advise that he/she is not amending/supplementing the response.

6.    The admissibility of information in the PFS shall be governed by the Federal Rules and no objections are waived by virtue of any PFS response.

7.    All information contained in the PFS is confidential and protected under the Protective Order (CMO 2).

8.    Within 30 days of the receipt of any records obtained pursuant to an authorization provided with the PFS, the defendants shall make such

records available to the attorney for each individual plaintiff. Lead and/or liaison counsel for the parties shall meet and confer regarding the process for making such records available, including any associated costs, if warranted and applicable.

9. The parties presently agree that the Defense Fact Sheet ("DFS") shall be served on Plaintiff's Counsel of record and Liaison counsel within 45 days of receipt of the PFS, and the deadlines for taking action towards a non-responsive DFS shall be the same (in terms of procedure and timing) as those for a non-responsive PFS.

SO ORDERED:

Digitally signed by
David R. Herndon
Date: 2014.04.09
11:49:41 -05'00'

**Chief Judge**  
**United States District Court**                                  Date:  April 9, 2014