UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE PRADAXA ) | MDL No. 2385 |
| (DABIGATRAN ETEXILATE) ) | 3:12-md-02385-DRH-SCW |
| PRODUCTS LIABILITY ) | Judge David R. Herndon |
| LITIGATION ) | |

This Document Relates to:

ALL CASES

<u>CASE MANAGEMENT ORDER NUMBER 66</u>
Regarding Ongoing RE-LY Discovery Issue

HERNDON, Chief Judge:

## I.  INTRODUCTION

This matter is before the Court on the PSC's motion regarding the defendants' ongoing re-examination of the RE-LY study (Doc. 474). This matter first came to the Court's attention in February 2014 when the PSC sought immediate production of information uncovered during the defendants' re-examination of the RE-LY study (Doc. 425). At that time, while sympathetic to the concerns raised by the PSC, the Court concluded that giving the PSC real time access to the re-examination would hinder the scientific integrity of the re-examination process (Doc. 425). Accordingly, the Court denied the PSC's request and ordered the defendants to produce the requested material within 10 days of the completion of the re-examination process (Doc. 425).

Initially, the defendants estimated that the re-examination process would be completed by mid-March (Doc. 476-18). Subsequently, at the status conference on March 5, 2014, the defendants advised that the mid-March date was no longer feasible and indicated they would report back within the week regarding status (Doc. 440 p. 24). On March 17, 2014, via letter, the defendants informed the Court that they hoped to have the re-examination completed by the end of March or early April (Doc. 476-22). The matter was again addressed at the status conference on April 9, 2014 (Doc. 468). At that time, the defendants indicated that they anticipated but could not guarantee the re-examination process would be completed by April 28, 2014 (Doc. 468 pp. 12-13). On April 25, 2014, via letter, the defendants advised that the re-examination would not be completed by April 28, 2014 (Doc. 476-25). The defendants further reported an anticipated completion date of May 7, 2014 (one day before the PSC's expert reports are due) (Doc. 476-25).

This letter prompted the motion presently before the Court. The PSC contends that the delays in completing the re-examination are nothing more than a litigation tactic. Specifically, the PSC asserts the results of the re-examination were never intended to be shared with the PSC before the PSC's expert report deadline of May 8, 2014. Instead, the PSC asserts, the defendants' goal was for the PSC to reveal missed bleeding events allegedly uncovered by the PSC before the defendants reveal the results of their re-examination. Accordingly, the PSC requests that the PSC's experts be allowed to withhold from their reports any

analysis of missed bleeding event cases from RE-LY until such time that the experts have been allowed to review and analyze the results of, and discovery related to the defendants' re-examination. The PSC also requests that its experts be allowed to supplement their expert reports once this information is received (but only after defense experts have provided their reports). Finally, the PSC asks the Court to move the deadline for the defendants' expert reports from May 30, 2014 to May 20, 2014.

For the reasons discussed herein, the motion is **GRANTED in part and DENIED in part**.

## II. ANALYSIS

Both parties have detailed the chronology of the predictions by defendants' counsel regarding when they anticipated the study would conclude and a report would be issued. We are weeks, essentially two months, beyond the initial estimates of completion by mid-March. Clearly, the Court has been steadfast from the beginning in protecting the scientific process to try to insure that the litigation process did not impact the scientific integrity of the re-examination. The Court does not want the litigation process to adversely affect or taint the results of the re-examination. Accordingly, the Court has purposely not set a firm deadline for completion of the re-examination. The only landmark the Court has established is that the defendants will produce the requested material within 10 days of completion of the re-examination.

From the beginning, the PSC has suggested that the re-examination was nothing more than a litigation tool and that the results would only be forthcoming at a time that was advantageous for the defendants. Defendants steadfastly argue in favor of the scientific validity of the re-examination. Defendants' arguments are prompted by the statements of plaintiffs' counsel when they taunt defendants' witnesses with the assertions that they have evidence of a sizeable number of missed fatal bleeding events - missed because the RE-LY study does not account for them as adverse events.

Defendants point out that such information is crucial to the RE-LY re-examination, for which we all wait, and it is plaintiffs who are playing a litigation game by withholding these adverse events until after the supplemental RE-LY report for the purpose of attacking the integrity of that report for this litigation. The defendants argue the PSC should instead advance the cause of science and the health of waiting patients by handing over that evidence during the re-examination or before its conclusion so the information can be put to good scientific use.

From the Court's perspective, it is clear that the plaintiffs are holding onto evidence as a litigation strategy. However, if they are right, it may well go a long way toward proving a much greater issue and ultimately assisting the regulators with invaluable information that they can use if they choose. The Court still believes it is right, even though the plaintiffs continue to disagree with it, to avoid an argument that the scientists were inappropriately interfered with. The

scientists must be left to conduct their scientific business at their pace and in their own time. Having said that, given the litigation strategy that these defendant companies have pursued in the past, the Court cannot help but begin, at this point, to wonder about the timing of the matters at bar. The problem, from the plaintiffs' perspective, is that the Court only has speculation and litigation history to rely on to deduce that the defendants are also engaged in litigation strategy here (a litigation strategy that calls for court action).

The Court is frustrated, almost as much as plaintiffs, but the Court will not impose a sanction based on speculation. However, the Court does feel that it is appropriate, at this point, to allow experts to supplement their reports. Since we don't at this time know what the new RE-LY report will state and how much impact it will have on expert reports across the board, the Court will be flexible with extensions and **ORDERS** as follows:

- Defendants shall produce the RE-LY report within 5 days of receiving it, in light of the extended time it has taken to complete it.
- Plaintiffs experts will have 48 hours after they have received the RE-LY re-examination material to advise the Court how much time they believe they need to supplement their reports.  The Court will issue a ruling promptly on how much time they will be allowed.
- At this time, the Court is DENYING the request to shorten the defendants' expert report deadline.

- As for defendants' experts, they shall advise the Court with 48 hours of the occurrence of either of the following events:

    (a) Receiving the supplemental RE-LY report if not issued until the time for their report is imminent, and

    (b) Receiving the supplement to the plaintiffs' experts report.

The Court will promptly issue a ruling as to how much time they will be allowed.

In so ruling, it is the intent of the Court that (1) the scientific process not be prejudiced; (2) the parties' experts not be prejudiced; and (3) the initial reporting dates for both sides' experts be adhered to with extensions allowed for supplementation, if necessary, because of the late completion of the supplemental RE-LY study.

**SO ORDERED:**

Digitally signed by
David R. Herndon
Date: 2014.05.01
16:25:48 -05'00'

**Chief Judge**                                                          Date: May 1, 2014
**United States District Court**