UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| IN RE: PRADAXA (DABIGATRAN ETEXILATE) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) | 3:12-MD-02385-DRH-SCW<br><br>MDL No. 2385 |

**This Document Relates to: ALL CASES**

CASE MANAGEMENT ORDER NO. 67

PRE-TRIAL SCHEDULE FOR SECOND MDL TRIAL (*Primus*)

This matter having been opened to the Court by counsel for the Parties, and good cause appearing;

In furtherance of CMO 60, the following schedule shall control for the final pretrial matters related to the first MDL bellwether trial (Primus). Further CMO 60 shall be modified such that depositions of the parties experts shall be conducted between July 19 and October 8, 2014 (rather than concluding on October 30, 2014) to allow for Daubert and Summary Judgment motions.

I.     WITNESS LISTS

    a.    Plaintiffs shall serve their witness list by September 5, 2014.

    b.    Defendants shall serve their witness list by September 19, 2014.

    c.    Witnesses not included on a party's witness list shall not be called at trial absent agreement of the parties or a showing of good cause as to why the witness was not included on the witness list. The witness list

shall tentatively state whether the proposed witness shall be called live, by deposition, or both. The parties shall inform each other of changes in whether a witness will be called live or by deposition no later than ten (10) days before trial. The parties shall use their good faith efforts to accurately inform each other of the manner of the witnesses' testimony. In no event shall a witness who was not on the witness list and who has not been deposed appear live at trial.

d. If either party discloses a fact witness on their witness list who has not previously been deposed in this litigation, the opposing party shall be permitted to depose that witness. Any deposition conducted pursuant to this provision must be completed within twenty-one (21) days of the opposing party's receipt of the witness list or upon agreement by counsel. To the extent either side designates more than three (3) fact witnesses who have not been previously deposed, the time limit shall be increased and/or the other side may seek other relief from the Court, as may be necessary and warranted.

e. Nothing in Paragraphs 1-4 above shall prohibit Plaintiffs from calling any witness during rebuttal or Defendants from calling any witness during sur-rebuttal as may be necessary provided that said witness has been deposed in this litigation.

f. Depositions of all witnesses not previously deposed in this case must be completed by October 17, 2014, absent agreement of the parties

or subsequent order of this Court.

## II. DEPOSITION DESIGNATIONS

a. Plaintiffs shall serve page/line designations of deposition testimony on or before October 24, 2014.

b. Defendants shall serve (a) page/line counter-designations of deposition testimony, (b) objections to Plaintiffs' page/line deposition designations, and (c) affirmative page/line designations of deposition testimony by November 3, 2014.

c. Plaintiffs shall serve (a) page/line counter-designations of deposition testimony, (b) objections to Defendants' page/line counter-designations, and (c) objections to Defendants' affirmative page/line counter-designations by November 12, 2014.

d. Defendants shall serve objections to Plaintiffs' page/line counter-designations by November 21, 2014.

e. Final deposition designations shall be due to the Court by November 21, 2014.

f. All page/line designations, counter-designations, and objections shall be exchanged by the parties in an Excel format to be agreed on by the parties.

g. Any depositions taken pursuant to Section I above for which the parties seek to submit Deposition Designations shall be subject to a different and separate timing Order which shall be negotiated and worked out by the parties.

3

### III. EXHIBIT LISTS

a. Plaintiffs shall serve an exhibit list, which shall include either document production number (i.e., bates number, if applicable) or a description of the document (if there is no bates number) by October 10, 2014.

b. Defendants shall serve their exhibit list, which shall include either document production number (i.e., bates number, if applicable) or a description of the document (if there is no bates number) by October 24, 2014. Defendants shall serve any objections to Plaintiffs' exhibits by October 27, 2014.

c. Plaintiffs shall serve any objections to Defendants' exhibits by November 10, 2014. The parties shall have the right to supplement their exhibit list(s) for good cause, which shall include any and all ongoing discovery.

d. Hearings on evidentiary issues, including exhibit objections and motions *in limine*, will be held on November 24, 2014 and/or November 25, 2014, as the parties and the Court determine.

### IV. SUMMARY JUDGMENT AND DAUBERT MOTIONS

a. Plaintiffs and Defendants must file and serve any summary judgment motions and motions for partial summary judgment on or before October 15, 2014.

b. All Daubert motions shall be filed on or before October 15, 2014.

    c.    Responses to Summary Judgment Motions and Daubert motions shall be filed thirty days after the motion to which it responds is filed, but no later than November 14, 2014.

## V. MOTIONS *IN LIMINE*

    a.    The parties shall file motions *in limine* by November 3, 2014.

    b.    Responses in opposition to motions *in limine* shall be filed by November 17, 2014.

    c.    The following paragraphs apply to all motions *in limine*:

        i.  <u>Index to Motions *in Limine*</u>: All parties filing more than one *in limine* motion shall submit to the Court and to the opposing party an "Index to Motions *in Limine*." The Opposing Party shall file, and provide to its opponent, within two (2) days after replies are due, a copy of the "Index to Motions *in Limine*" indicating whether the Motion is Opposed or Un-Opposed.

        ii.  <u>Attachments to Motions *in Limine*</u>: Any party filing an *in limine* motion seeking an evidentiary ruling on a category of documents, testimony, or argument shall attach to the *in limine* motion document(s) or testimony on which it seeks a pre-trial ruling. A party responding shall attach any document(s) or testimony that it deems is necessary for the Court to fully consider the evidentiary issue presented.

        iii.  <u>Page Limitations</u>: Absent agreement of the parties or leave of the

    Court, motions *in limine* and responses shall be limited to 12 double-spaced pages.

   iv. If a filing or responding party seeks to have the ruling on an *in limine* motion applied globally to all cases in this consolidated litigation, the party shall submit a form or order that indicates as much.

 d. Hearings on evidentiary issues, including exhibit objections and motions *in limine* and/or deposition designations, will be held on November 24, 2014 and/or November 25, 2014, as the parties and the Court determine.

VI. **JURY QUESTIONNAIRE, VOIR DIRE, AND INSTRUCTIONS**

 a. The parties will exchange proposed jury questionnaires on or before October 17, 2014. The parties shall thereafter work toward agreement and shall submit an agreed jury questionnaire, along with any disputed questions/sections, to the Court by October 31, 2014.

 b. Jury selection shall begin on December 1, 2014. Opening statements shall begin at the conclusion of jury selection.

 c. Pursuant to the Court's Case Management Procedures, each party shall be given the opportunity to inquire of the panel. If either side would like the Court to ask particular questions of the panel, such questions shall be submitted to the Court and the other party at least five (5) days prior to trial.

 d. The timing for exchange and submission of Jury Instructions and a

        Jury Verdict Sheet by the parties shall be governed and memorialized in a subsequent Case Management Order or by agreement of counsel.

## VII. TRIAL GUIDELINES

a. Given the nature of this trial, including the extraordinary amount of documents and preparation, the parties agree that disclosure of witnesses to be called to testify shall be made forty-eight (48) hours in advance of the witness testifying. Any new witness for a Monday shall be disclosed on Friday before 8:00 p.m. (Central Standard Time).

b. For opening statements and closing arguments, the parties shall follow this Court's Case Management Procedures.

c. Upon ten (10) days notices, either party shall be permitted to divide its opening statement and/or closing argument by and between its co-counsel. However, if an opening statement or closing argument is to be divided by and between co-counsel, the attorneys who are dividing it shall not present the same arguments.

d. Demonstrative Evidence or other visual aids, including but not limited to PowerPoint presentations, may be utilized in opening statements and/or closing subject to the Court's Case Management

Procedures and subject to an agreement/order at a later date regarding the timing of same.

**SO ORDERED:**

Digitally signed by
David R. Herndon
Date: 2014.05.05
15:07:47 -05'00'

**Chief Judge**                                                                                           Date:  May 5, 2014
**United States District Court**