**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: PRADAXA (DABIGATRAN ETEXILATE) PRODUCTS LIABILITY LITIGATION ) ) ) ) | 3:12-md-02385-DRH-SCW<br>MDL No. 2385<br><br>Judge David R. Herndon |

This Document Relates to: All Cases

## CASE MANAGEMENT ORDER NUMBER 79
**Modification to CMO 73 [Doc. 510]**

This Order is a modification to this Court's previously issued CMO 73 [Doc. 510] and this Court's May 28, 2014 Minute Order [Doc. 515] for the purpose of modifying the stay of the litigation in order to facilitate completion of the settlement reached and to permit the Court and the leadership of this MDL to continue to carry out the orderly conduct of this MDL.  Unless specifically identified herein, all aspects of the initial stay Orders shall remain in place until further order of this Court.  In as far as those two previously entered Orders purport to stay all aspects of this MDL they are modified to permit the following:

1) With regard to individual member cases pending in this MDL, the following motions are permitted to be filed, or if already filed may be ruled on, notwithstanding the existence of the stay imposed in CMO 73.  All other motions require leave of Court prior to filing:

- motions for failure to prosecute
- motions to voluntarily dismiss
- motions to substitute plaintiffs
- motions to withdraw as counsel
- motions to substitute counsel
- motions relative to an individual plaintiff's/claimant's settlement
- motions related to CMO 76 (Initial Claimant Identification Certification Order)
- motions related to CMO 78 (Implementation Order)
- motions to establish a law-firm specific QSF, which shall not be permitted to be made until this Court issues a separate Order governing the process for the making and filing of these motions
- any motion brought *sua sponte* by the Court.

2)   With regard to motions relevant to the orderly conduct of the MDL or the settlement memorialized by the Master Settlement Agreement dated May 27, 2014 (the "MSA"), the following motions are permitted to be filed by co-lead or co-liaison counsel for either the Plaintiffs' Steering Committee or the defendants, notwithstanding the existence of the stay imposed in CMO 73.  All other motions require leave of Court prior to filing:

- any motion necessary to further the global settlement or the implementation of the global settlement
- any motion related to the establishment of a master Qualified Settlement Fund or Funds

- any motion related to the Common Benefit and the Common Benefit Funds established in CMO 16

- any motion necessary for the orderly conduct of the MDL

- any motion that has been agreed to by the parties, but any such motion shall be made as a joint motion in order to qualify under this Order

- any motion brought *sua sponte* by the Court.

3) The Court envisions that there could be a need to enter future orders that may permit motions not specifically identified herein to made. In that event, any such later identified motions shall be permitted without the need to modify this instant CMO.

4) On June 10, 2014, the defendants filed two partial motions for summary judgment in the first Bellwether case, *Mackiewicz o/b/o Higgins v. Boehringer* [Docs. 9 and 10 in that action]. Plaintiff's response to both of those motions is stayed indefinitely pending further order of this Court.

5) Any motion not on specifically listed in Paragraph 1, 2 or 4 of this Order or not made after obtaining leave of Court will be summarily dismissed.

**SO ORDERED:**

**June 13, 2014**

Digitally signed by David R. Herndon
Date: 2014.06.13 11:28:16 -05'00'

**Chief Judge**
**United States District Court**