UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

_____
                                                )
IN RE: PRADAXA (DABIGATRAN        )   3:12-MD-02385-DRH-SCW
ETEXILATE) PRODUCTS LIABILITY  )
LITIGATION                                    )   MDL No. 2385
_____

This Document Relates to:

ALL CASES

## CASE MANAGEMENT ORDER NUMBER 82

## ORDER ESTABLISHING QUALIFIED SETTLEMENT FUND FOR PRADAXA RESOLUTION PROGRAM AND APPOINTING QSF ADMINISTRATOR

Upon the Motion of MDL Co-lead Counsel to Establish Qualified Settlement Fund, and for good cause shown, the Court hereby enters the following orders with respect to establishing the Qualified Settlement Fund Administrator and related matters:

1.   The Pradaxa Qualified Settlement Fund (the "Fund") is established as a Qualified Settlement Fund ("QSF") within the meaning of Treas. Reg. § 1.468B-1 and pursuant to the jurisdiction conferred on this Court by Treas. Reg. § 1.468B-1(c)(1).

2.   Providio MediSolutions LLC ("Providio"), is hereby appointed as Administrator of the Qualified Settlement Fund (the "QSF Administrator") pursuant to the terms, conditions, and restrictions of the Master Settlement Agreement ("MSA"), and the Motion Establishing Qualified Settlement Fund

("Motion"), and is hereby granted the authority to conduct any and all activities necessary to administer this QSF as described in the Motion.

3. Providio as the QSF Administrator is authorized to (a) invest the Fund as set forth within the motion, (b) make distributions from the Fund consistent with the MSA and the Motion and (c) to distribute common benefit attorney fees and litigation expenses upon further order of this Court.

4. Providio as the QSF Administrator is authorized to segregate the Fund into sub-accounts as described in ¶6.2 of the Master Settlement Agreement as follows:

    a. $561,000,000.00 of the Settlement Funds to be segregated into a sub-account for "Phase One Payments," pursuant to ¶6.2(a) of the MSA.

    b. $50,000,000.00 of the Settlement Funds to be segregated into a sub-account for "Phase Two Supplemental Payments," pursuant to ¶6.2(b) of the MSA.

    c. $26,000,000.00, or four percent (4%) of the Settlement Funds to be segregated into a sub-account for common benefit attorneys' fees, pursuant to ¶6.2(c) of the MSA and in accordance with Case Management Order No. 16 (Doc 61) entered by Chief Judge David R. Herndon on November 13,

        2012, and not to be distributed until further order of this MDL Court;

    d.    $13,000,000.00, or two percent (2%) of the Settlement Funds to be segregated into a sub-account for common benefit costs, pursuant to ¶6.2(d) of the MSA in accordance with Case Management Order No. 16 (Doc 61) entered by Chief Judge David R. Herndon on November 13, 2012, and not to be distributed until further order of this MDL Court.

5.    The Fund shall be held at Deutsche Bank ("the Bank"), a financial institution doing business in New York, New York, according to the terms, conditions and restrictions of this Order.

6.    No bond is required for the QSF Administrator, provided that all monies are received from the Defendants pursuant to the Master Settlement Agreement dated May 28, 2014, which include all principal and interest earned thereon, shall be deposited by the QSF Administrator in an investment agency account held in custody at the Bank, for the benefit of and titled in the legal name of the QSF and invested in instruments/securities comprised of: (a) United States Agency, Government Sponsored Enterprises or Treasury securities or obligations (or a mutual fund invested solely in such instruments); (b) cash equivalent securities including SEC registered money market funds and/or collateralized money market accounts; (c) deposit and similar interest-bearing, or non-

interest bearing accounts subject to Federal Depository Insurance Corporation protections as available; and/or (d) Investment Grade Corporate Bonds (investments are restricted to senior debt only and a minimum credit rating of AA- by S&P or Aa3 by Moody's).

7. The Bank shall be responsible for any and all investment related decisions, following the instructions of the QSF Administrator and/or its investment advisor pursuant to these terms and conditions, such that the following investment policy is implemented: (1) safety of principal; (2) zero direct Bank balance exposure; and/or (3) the use of zero sweep disbursement accounts to ensure funds, within one business day after deposit with Bank, remain in custodial or fully insured accounts to avoid an impermissible risk of loss should the financial institution holding the funds fail. Notwithstanding the foregoing, the Bank shall not be allowed to distribute any income or principal from the QSF except upon instructions of the QSF Administrator, or, if requested, upon the order of this Court. The QSF Administrator retains the right to remove the Bank, and may designate a replacement bank, upon further order of this Court. In the event of such replacement, the terms and conditions of this Order, including, without limitation, those addressing bond requirements, investments, and distributions from the QSF, shall apply to any such replacement bank.

8. The QSF Administrator shall not be liable for any losses as a result of investing the Fund as directed by the Court, as set forth in the Motion. Any such losses shall also not be recoverable from the Defendants or any settling Claimants and/or their counsel, none of whom shall have any responsibility for the QSF Administrator's and the Bank's performance. Receipt and/or investment of the Fund shall be confirmed to MDL Liaison Counsel, Mark Niemeyer, by the QSF Administrator as soon as practicable by account statement or other reasonable method not to exceed 15 days from receipt of the settlement monies by the Bank, and monthly statements thereafter shall also be provided to Liaison Counsel.

9. The QSF Administrator is authorized to effect qualified assignments of any resulting structured settlement liability or similar vehicle within the meaning of Section 130(c) of the Internal Revenue Code to the qualified assignee and to distribute all settlement sums pursuant to the Motion filed with this Court and the Master Settlement Agreement.

10. Providio as the QSF Administrator is authorized upon final distribution of all monies paid into the Fund, to take appropriate steps to wind down the Fund and thereafter discharging the Fund Administrator from any further responsibility with respect to the Fund.

IT IS SO ORDERED this 13th day of August, 2014

Digitally signed by
David R. Herndon
Date: 2014.08.13
10:40:08 -05'00'

Chief Judge
United States District Court