UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE:  PRADAXA (DABIGATRAN ETEXILATE) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) | 3:12-MD-02385-DRH-SCW<br><br>MDL No.  2385 |

**This Document Relates to:**

**ALL CASES**

### CASE MANAGEMENT ORDER NUMBER 86
### Resolution of Cases Involving the Death or Incapacity of a Product User

**HERNDON, District Judge:**

As designed, the settlement program for this litigation addresses cases involving deceased claimants and incapacitated claimants.  This Case Management Order ("Order") applies to the resolution of wrongful death cases (including any survival action components), pure survival actions (*i.e.*, the claimant passed away from something other than injuries allegedly caused by Pradaxa), and cases involving living, yet incapacitated, claimants.

The Court recognizes that the resolution of these cases implicates varying State distribution schemes and approval requirements.  As the Court maintains authority to direct and control the pretrial proceedings for all cases before it pursuant to 28 U.S.C. § 1407, the Court sets forth the below protocol and requirements for finalizing the claims submitted to BrownGreer PLC as the Claims Administrator ("Claims Administrator") under the Pradaxa Product

1

Liability Litigation Master Settlement Agreement ("Settlement Agreement") that involve deceased or incapacitated claimants.

1. ***Claimant Definitions.*** In this Order, the term "Deceased Claimant" refers to any person who ingested Pradaxa and asserted a claim under the Settlement Agreement, or on whose behalf a claim was submitted, who is deceased at the time payment is to be distributed by the Claims Administrator on the claim. The term "Incapacitated Claimant" refers to any person who ingested Pradaxa and asserted a claim under the Settlement Agreement, or on whose behalf a claim was submitted, who is legally incapacitated at the time payment is to be distributed by the Claims Administrator on the claim. The term "Representative Claimant" refers to the person who has asserted a claim on behalf of a Deceased Claimant or Incapacitated Claimant.

2. ***Law Applicable to Claims of Deceased Claimants and Incapacitated Claimants.*** For purposes of this Order, the Court deems the state law regarding the proof of capacity of a Representative Claimant to act on behalf of a Deceased Claimant or Incapacitated Claimant regarding the execution of a Release and the receipt and distribution of the proceeds of any payment received under the Settlement Agreement shall be the law of the state (or district, territory or other jurisdiction) of the Deceased Claimant's residence at the time of his or her death or, in the case of an Incapacitated Claimant, the state (or district, territory or other jurisdiction) of the Incapacitated Claimant's residence as of the

date of initial submission of a Claim Package to the Claims Administrator under the Settlement Agreement.

3. ***Proof Required of Deceased Claimants.*** The Representative Claimant of a Deceased Claimant shall submit one of the following to the Claims Administrator before the Claims Administrator may issue any payment on the claim of the Deceased Claimant:

- (a) If the Representative Claimant has been appointed the personal representative, administrator, or other position with the authority to act on behalf of the Deceased Claimant and his or her estate under applicable state law, the Representative Claimant shall submit to the Claims Administrator a copy of the court order, letters of administration, letters testamentary or other document evidencing such appointment, issued by a court or other appropriate official;
- (b) If the Representative Claimant has not been appointed as described in Paragraph 3(a), the Representative Claimant shall submit to the Claims Administrator a copy of the last will and testament (or such other document sufficient under applicable state law to effect the disposition of a decedent's property upon death) of the Deceased Claimant that named the Representative as the executor or executrix (or comparable position under applicable state law) of the Deceased Claimant's estate;
- (c) If neither Paragraph 3(a) nor Paragraph 3(b) applies, the Representative Claimant shall submit to the Claims Administrator a sworn declaration, in the form attached to this Order as Attachment 1, executed by the Representative Claimant that contains substantially all of the following:
  - (1) The Representative Claimant's relationship to the Deceased Claimant;
  - (2) The basis of the Representative Claimant's authority to act on behalf of the Deceased Claimant and the estate of the Deceased Claimant;
  - (3) The name and address of every person who has a legal right potentially to share in the proceeds of any settlement payment on the claim of the Deceased Claimant and a certification that each such person has been notified of the settlement and the method of notification, or the reason why such person cannot be notified;

(4) A certification from the Representative Claimant that he or she will:

    a) Comply with any and all provisions of the state law applicable to the claim regarding the compromise and distribution of the proceeds of the settlement of a survival or wrongful death claim to the appropriate heirs or other beneficiaries and any other parties with any right to receive any portion of any payments; and

    b) Indemnify and hold harmless the Defendants and their attorneys and insurers, the Claims Administrator, the Plaintiffs' Leadership Committee, and the agents and representatives of any of the foregoing, from any and all claims, demands, or expenses of any kind arising out of the compromise and distribution of the proceeds of the settlement of such a survival or wrongful death claim.

4. ***Incapacitated Claimants.*** The Representative Claimant of an Incapacitated Claimant shall submit one of the following to the Claims Administrator before the Claims Administrator may issue any payment on the claim of the Incapacitated Claimant:

(a) If the Representative Claimant has been appointed the guardian, conservator, curator, personal representative or other position with the authority to act on behalf of the Incapacitated Claimant under applicable state law, the Representative Claimant shall submit to the Claims Administrator a copy of the court order, certification, or other document evidencing such appointment, issued by a court or other appropriate official;

(b) If the Representative Claimant has not been appointed as described in Paragraph 4(a), the Representative Claimant shall submit to the Claims Administrator a copy of an appropriate and legally sufficient, under applicable state law, Power of Attorney executed by the Incapacitated Claimant at a time when the Incapacitated Claimant possessed the legal capacity to do so;

(c) If neither Paragraph 4(a) nor Paragraph 4(b) applies, the Representative Claimant shall submit to the Claims Administrator a sworn declaration, in the form attached to this Order as Attachment 2, executed by the Representative Claimant that contains substantially all of the following:

    (1) The Representative Claimant's relationship to the Incapacitated Claimant;

(2) The basis of the Representative Claimant's authority to act on behalf of the Incapacitated Claimant;

(3) The nature of the Incapacitated Claimant's incapacity;

(4) A certification from the Representative Claimant that he or she will:

    a) Comply with any and all provisions of the state law applicable to the claim regarding the compromise and distribution of the proceeds of the settlement of a claim by an Incapacitated Claimant; and

    b) Indemnify and hold harmless the Defendants and their attorneys and insurers, the Claims Administrator, the Plaintiffs' Leadership Committee, and the agents and representatives of any of the foregoing, from any and all claims, demands, or expenses of any kind arising out of the compromise and distribution of the proceeds of the settlement of such a claim.

**5.** ***Initial Submission Deadline.*** The Representative Claimant must present documentation as set forth in Paragraphs 3 or 4 within 30 days after the Notice of Claims Administrator's Categorization of Phase One Claim, or 30 days after the date of this Order, whichever is later. Regarding any Representative Claimant who has not submitted materials within this 30-day period:

(a) The Claims Administrator shall notify counsel for the Representative Claimant (or the Representative Claimant, if unrepresented), the designee of Claimants' Negotiating Counsel, the designee of Defendants' Counsel and the Court of the expiration of the 30-day period, and,

(b) The Court shall issue an order directing the Representative Claimant to show cause why materials have not be submitted and why the claim should not be denied and closed.

**6.** ***The Procedure for Review of Materials Submitted Under this Order.*** The materials submitted by a Representative Claimant under this Order shall be reviewed as follows:

(a) *Review by the Claims Administrator:* Within five business days after its receipt of the materials, the Claims Administrator shall review the materials and determine whether they satisfy the terms of this Order.

5

The Claims Administrator's determination that the materials satisfy the terms of this Order shall be final.

(b) *Opportunity to Cure Deficient Materials.*  If the Claims Administrator determines under Paragraph 6(a) that the materials do not satisfy the terms of this Order, the Claims Administrator shall promptly notify the Representative Claimant of any deficiency in the materials and shall allow the Representative Claimant the opportunity to submit additional materials in an effort to satisfy the terms of this Order and to inform the Claims Administrator that the Representative Claimant does not intend to submit any further materials.  The Claims Administrator shall review any additional materials within five business days after receipt and determine whether they satisfy the terms of this Order.  The Claims Administrator's determination that the materials satisfy the terms of this Order shall be final.

(c) *Appeal to the Special Master.*  If after the submission of additional materials (or indication from the Representative Claimant that no additional materials will be submitted) pursuant to Paragraph 6(b) the Claims Administrator determines that the materials submitted by the Representative Claimant do not satisfy the terms of this Order, the Claims Administrator shall promptly notify counsel for the Representative Claimant (or the Representative Claimant, if unrepresented).  Within five business days after the date of such notice, the Representative Claimant shall notify the Claims Administrator whether the Representative Claimant wishes to appeal that determination to the Special Master.  If there is an appeal, the Special Master shall review the appeal on the record before the Claims Administrator and no additional materials may be submitted by the Representative Claimant.  The Special Master shall determine whether the materials submitted satisfy the terms of this Order.  The decision of the Special Master on an appeal shall be final and not subject to further review.  The Special Master shall be paid a fee of $300 for each such appeal.  If the appeal is resolved in favor of the Representative Claimant, the Defendants shall pay the Special Master fee.  If the appeal is resolved against the Representative Claimant, the Representative Claimant shall pay the Special Master fee.

7. ***Payment on a Claim Subject to This Order.***

(a) After the process set forth in Paragraph 6, as applicable, if the Representative Claimant is found to have failed to submit materials in satisfaction of this Order, the claim presented by the Representative Claimant shall not be paid unless and until satisfactory materials have

6

been submitted.

(b) Regarding any Representative Claimant who has not, within 90 days after the notice to the Representative Claimant from the Claims Administrator under Paragraph 6(b) of this Order, submitted materials in satisfaction of this Order:

   (1) The Claims Administrator shall notify counsel for the Representative Claimant (or to the Representative Claimant, if unrepresented), the designee of Claimants' Negotiating Counsel, the designee of Defendants' Counsel and the Court of the expiration of the 90-day period; and

   (2) The Court shall issue an order directing the Representative Claimant to show cause why satisfactory materials have not been submitted and why the claim should not be denied and closed.

(c) If the Representative Claimant is found to have submitted materials in satisfaction of this Order, the Claims Administrator shall, subject to the terms of the Settlement Agreement, issue payment on the claim to the Representative Claimant, who shall be entitled to receive any settlement funds without further action from the Court and shall hold the settlement funds in trust, pending the Representative Claimant's compliance with applicable state law governing the disposition of the proceeds, including obtaining court approval of the settlement, by a court of competent jurisdiction, if necessary.

**IT IS SO ORDERED.**

Signed this 20th day of October, 2014.

Digitally signed by David R. Herndon
Date: 2014.10.20 14:46:41 -05'00'

**District Judge**
**United States District Court**