UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| IN RE: PRADAXA® (DABIGATRAN ETEXILATE) PRODUCTS LIABILITY LITIGATION ) ) ) ) ) | 3:12-MD-02385-DRH-SCW<br><br>MDL No. 2385 |

This Document Relates to:

All Cases

## CASE MANAGEMENT ORDER NUMBER 94
Preservation Matters

**HERNDON, District Judge:**

This order applies to the custodial files (*i.e.* all hard copy and electronic documents) of Sales Representatives, Clinical Science Consultants (CSC), and Medical Science Liaisons (MSL) in the possession, custody or control of defendants Boehringer Ingelheim Pharmaceuticals, Inc. and/or Boehringer Ingelheim International GmbH (collectively "Defendants") that are subject to preservation and/or discovery relating to the legal claims and defenses the parties have asserted in this MDL litigation.

As a result of a nation-wide settlement and the impending dismissal of the cases in the MDL, defendants argue that it is appropriate to modify their preservation obligations for the group of custodians identified above.[1] The Court finds that the need for preservation, in this MDL, is drastically reduced

---

[1] The matter was raised by the defendants at the February 18, 2015 status conference (Doc. 630).

1

at this point in time. There are an extremely small number of cases representing plaintiffs who have (1) opted-out of the aforementioned settlement; (2) failed in some way to consummate the settlement terms in the aforementioned agreement and are currently litigating the issues associated therewith; or (3) cases filed subsequent to the implementation of the aforementioned settlement.

That being said, the Court notes the defendants have a legal obligation to preserve documents and data generally to the extent that it has notice of the potential for lawsuits.[2] In addition, there are lawsuits pending around the country of which the undersigned has no knowledge or little more than general knowledge for which the defendants have a court ordered or general legal obligation for preservation. This order is not meant to affect or countermand any preservation obligations that are ordered by other courts or which are imposed by common law.

Furthermore, the order to preserve the custodial files for Sales Representatives, CSCs, and MSLs will remain in force for any case still pending in this MDL. Therefore, the defendants shall have to determine the name(s) of the prescriber(s) in those cases in order to determine which employee's files need to be preserved.

Considering the above, the Court ORDERS as follows: The defendants may dispose of any custodial files preserved for purposes of MDL 2100 of Sales

---

[2] In federal court, "[a] party has a duty to preserve evidence when it knows, or should have known, that litigation was imminent." *Trask–Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008). This order is not meant to affect or countermand that duty or, where applicable, any similar duty imposed by the law of another jurisdiction.

Representative, CSCs and MSLs pursuant to the defendants' regularly employed corporate document disposal policy **WITH THE EXCEPTION OF the custodial files for Sales Representatives, CSCs, and MSLs FOR ANY CASE STILL PENDING IN MDL 2100**.

FURTHER, this order does NOT affect or countermand any general duty the defendant has to preserve material relating to potential lawsuits of which the defendant is on notice (as that duty is defined by the governing jurisdiction).

FURTHER, this order does NOT affect or countermand any duty imposed on the defendants by order of other courts and/or the common law in other jurisdictions to preserve custodial files for Sales Representatives, CSCs, and MSLs.

**IT IS SO ORDERED.**

**Date:  March 16, 2015**

David R. Herndon
2015.03.16
16:29:11 -05'00'

**District Judge
United States District Court**