# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: PRADAXA (DABIGATRAN ETEXILATE) PRODUCTS LIABILITY LITIGATION | 3:12-md-02385-DRH<br><br>MDL No. 2385 |

**This Document Relates To: All Cases**

## Case Management Order No. 96
## Suspending Direct Filing

In the beginning of these proceedings, the Court entered an order setting forth a direct filing procedure (CMO No. 7 Doc. 43). For the reasons discussed below, the Court finds that the direct filing procedure is no longer warranted and is suspending the same.

Typically, after the JPML establishes an MDL, future cases involving the same subject matter ("tag along" actions) are filed in the federal jurisdiction where venue and personal jurisdiction is appropriate. These tag along actions are subsequently transferred to the MDL court by the JPML. Direct filing allows plaintiffs to bypass the tag-along transfer process and instead file cases directly in the MDL court.

Direct filing is a practice commonly adopted by the MDL courts to promote efficiency and streamline the process associated with transferring "tag along" actions. In the instant case, the Court adopted a direct filing order (CMO 7) on October 3, 2012 (Doc. 43). The order allowed plaintiffs to file actions directly in MDL 2385 without regard to venue (defendants agreed not to challenge venue in

any action filed in accord with the direct filing order). The stated purpose of the direct filing order was as follows:

> In order to eliminate delays associated with transfer to this Court of cases filed in or removed to other federal di strict courts and to promote judicial efficiency, any plaintiff whose case would be subject to transfer to MDL 2385 . . . may file his or her case directly in the MDL proceedings in the Southern District of Illinois.

Doc. 43 ¶ A.

In May 2014, a global settlement was agreed upon by the parties to this litigation, and on April 13, 2015, the JPML issued an order suspending Panel Rule 7.1(a) and the transfer of further tag along actions to MDL 2385. In addition, as explained in CMO 95, MDL 2385 has, for all intents and purposes, served its purpose and is concluded. Doc. 668. This Court plans to recommend to the JPML that this multidistrict litigation be terminated.

In light of the above, the direct filing procedure is no longer warranted (and has not been warranted for some time). Accordingly, the Court is electing to suspend the direct filing procedure adopted in CMO 7. In this regard, the Court **ORDERS** as follows:

As of September 6, 2017, the direct filing procedure adopted by the Court is SUSPENDED. In other words, as of September 6, 2017, the Court is no longer endorsing the procedure of filing actions directly in the Southern District of Illinois without regard to the propriety of venue. That being said, the Court cannot prohibit plaintiffs from filing actions in this venue. Accordingly, to the extent that defendants have objections to venue in relation to actions filed in this

Court on or after September 6, 2017, such objections will have to be asserted by the defendants.

**IT IS SO ORDERED.**

Digitally signed by Judge David R. Herndon
Date: 2017.09.06 10:19:00 -05'00'

**United States District Judge**